UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

                         Plaintiff
           -against-                                    COMPLAINT
                                                        PLAINTIFFS DEMAND
THE CITY OF NEW YORK                                    TRIAL BY JURY
POLICE OFFICER PELINKO, and
POLICE OFFICER JOHN DOE 1-20                                    14-cv- 9526

                         Defendants
-------------------------------------------------------------------------X



MICHAEL COLIHAN- ATTORNEY AT LAW

                                                       44 Court Street
                                                         Suite 906
                                                Brooklyn, New York 11201
Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

<div style="margin-left:2em">Plaintiff</div>

-against-                                           COMPLAINT
                                                    PLAINTIFFS DEMAND
THE CITY OF NEW YORK                                TRIAL BY JURY
POLICE OFFICER PELINKO, and
POLICE OFFICER JOHN DOE 1-20                         14-cv-9526

<div style="margin-left:2em">Defendants</div>

-------------------------------------------------------------------------X

 

 

    Plaintiffs, above named, by their attorney, Michael Colihan, as and for their complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

### PRELIMINARY STATEMENT

    1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiffs MICHAEL PACHECO, Jr. and STEPHEN CUMMINGS in Richmond County for offenses that never took place. The defendants assaulted and injured the three plaintiffs as well The plaintiffs suffered loss of liberty and serious and severe physical and psychological injuries, the full nature and extent of which have yet to be determined. The plaintiffs did not consent to any confinement and it was not otherwise privileged.. The Richmond County District Attorney declined to prosecute the criminal

cases falsely brought against plaintiffs MICHAEL PACHECO, Jr. & STEPHEN CUMMINGS, but not until they has been falsely arrested and spent about 24 hours in jail each.  By the filing of this complaint, the plaintiffs now allege that the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiffs invoke the pendant jurisdiction of this court to assert claims arising under state law. The plaintiffs further allege that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department in Richmond County .The motivation for these unlawful arrests is overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against

municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.   Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, especially with respect to the managers of the City of New York and The New York City Police Department who allow the unlawful acts complained of to continue.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

**PARTIES**

6.   The plaintiff MICHAEL PACHECO, Sr. is a 47 year old Hispanic male and a resident of the City and State of New York, in Richmond County. .

7.   The plaintiff MICHAEL PACHECO, Jr. is a 25 year old Hispanic male and a resident of the City and State of New York, in Richmond County.

8.   The plaintiff STEPHEN CUMMINGS. is a 29 year old  male and a resident of the City and State of New York, in Richmond County.

9.  The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

10. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

11.  That the defendant POLICE OFFICER PELINKO was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

.

12. That the defendants POLICE OFFICERS JOHN DOE 1-20 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

**STATEMENT OF RELEVANT FACTS**

21. That on or about the 21st day of November, 2014, the plaintiffs were lawfully at their place of business at 1807 Richmond Avenue, in the City and State of New York in the County of Richmond.

22.The plaintiffs were committing no crime at that time and were not acting in a suspicious manner.

23. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, SR

was unlawfully and without just cause, approached & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

24. That while at the aforesaid time and place the plaintiff STEPHEN CUMMINGS was unlawfully and without just cause, approached, accosted, assaulted,  falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .He was taken first to the 121th Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

25. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, Jr.. was unlawfully and without just cause, approached, accosted & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .He was taken first to the 121th Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

26. The defendant officers continued to imprison MICHAEL PACHECO Jr  over 24 hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612902 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

27. The defendant officers continued to imprison STEPHEN CUMMINGS over 24 hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612903 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated

28. While the plaintiffs were being held, their designated " arresting officer" , JOHN DOE with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiffs had committed offenses when in fact this was not true. The plaintiff was also subjected to a degrading search of his private parts and genitals by the defendants.

29. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

30.  The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to wit avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

31. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the  falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiff

32. The event complained of is not an isolated incident. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

33. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

34. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

34. By reason of the foregoing, plaintiffs sustained injury and damage as described above.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
MICHAEL PACHECO, Sr
Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

35.  The plaintiff repeats the foregoing allegations

36.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, SR. were performed and carried out under color of law.

37. All of the above described acts deprived plaintiff MICHAEL PACHECO, Sr of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

38. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the

respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

41. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.


**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
MICHAEL PACHECO, Sr
Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

42.  The plaintiff repeats the foregoing allegations


43.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, JR. were performed and carried out under color of law.


44. All of the above described acts deprived plaintiff MICHAEL PACHECO, JR. of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

45. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

46. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

48. By reason of the foregoing, the plaintiff MICHAEL PACHECO, JR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**
**STEPHEN CUMMINGS**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

49. The plaintiff repeats the foregoing allegations

50. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of STEPHEN CUMMINGS. were performed and carried out under color of law.

51. All of the above described acts deprived plaintiff STEPHEN CUMMINGS of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section

1983.

52. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

53. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

55. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action .

**AS AND FOR A FOURTH CLAIM ON BEHALF OF MICHAEL PACHECO, Jr.**
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

56. Plaintiff, MICHAEL PACHECO, Jr. repeats the foregoing allegations

57.  The Defendants arrested the plaintiff MICHAEL PACHECO, Jr. without probable cause, causing him to be detained against his will for an extended period of time and

subjected to physical restraints.

58. The individually named defendants caused plaintiff MICHAEL PACHECO, Jr to be falsely arrested and unlawfully detained.

59 . By reason of the foregoing, the plaintiff MICHAEL PACHECO, Jr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CLAIM ON BEHALF OF STEPHEN CUMMINGS**
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

60. Plaintiff, STEPHEN CUMMINGS, repeats the foregoing allegations

61.  The Defendants arrested the plaintiff STEPHEN CUMMINGS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

62. The individually named defendants caused plaintiff STEPHEN CUMMINGS to be falsely arrested and unlawfully detained.

63. By reason of the foregoing, the plaintiff STEPHEN CUMMINGS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS**

Failure to Intervene under 42 U.S.C. Section 1983

64.The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiffs whose constitutional rights were being violated in their presence and with their knowledge.

66. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

67. By reason of the foregoing the plaintiffs were assaulted, had their liberty restricted for an extended period of time,  was put in fear of their safety, and were humiliated and subjected to handcuffing and other physical restraints.

68.  By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS
Supervisory Liability under 42 U.S.C. Section 1983

69. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

70. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.        71.  By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees,

costs and disbursements of this action.


### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION


72.The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.


73.  Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.


74. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"


75. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the

moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

76. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiffs.

77. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.        .

78. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

79. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

80. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

81. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

82. Particularly in Richmond County, that has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York:  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own

home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits.

83. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

84. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

85.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

87. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.


88.  As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.


DATED: BROOKLYN, NY

November 30, 2014.

.                            This is an electronic signature

--------------/s/-----------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788