MICHAEL COLIHAN- ATTORNEY AT LAW
44 Court Street
Suite 906
Brooklyn, New York 11201
Phone (718) 488-7788 (347) 742 5045

Sent Via Hand Delivery to the Court
& fax via email to all other parties

March 21, 2019.

The Honorable Peggy Kuo
United States District Court for the
Eastern District of New York
225 Cadman Plaza
New York, NY 10038     RE: Pacheco v the City of New York, et al

14-cv-7581

**RECEIVED**
IN CHAMBERS OF
HON. PEGGY KUO
MAR 25 2019

Your Honor:

    I am former counsel for the plaintiffs in this action. I write this letter in response and opposition to the application of Messrs. Vik Pawar, Robert Blossner & Edward Zaloba for the purpose of litigating the division of attorney's fees among current and former counsel.

    I performed almost all the legal services in this case. There are 112 docket entries in this matter. I performed all the services reflected in the first 102, plus attendance at the depositions of all the plaintiffs and the defendants. I advanced expenses for court reporter fees and other needed fees in the sum of approximately $5,000.00.

    I am not currently admitted to this Court. I was admitted in 1984 but suspended for a period of nine months via order of the United States District Court for the Southern District of New York dated March 26, 2018. A similar order was issued by this Court a short while later. Although the period of suspension is over, I am not admitted at this time. I have been advised by counsel that writing this letter is not the "practice of law" within the meaning of the suspension because it deals with matters before the suspension. It is for this reason I am sending this letter to the Court via hand delivery and overnight mail as I have no ECF filing capabilities.

    I attempted to negotiate the question of fees with the attorneys making this application, in writing and over the phone, for several months without success. This made a petition in Richmond County Supreme Court necessary. It might interest the Court to know that, although they were properly served, neither Mr Pawar nor Messrs. Blossner or Zaloba appeared at the first calendar call in that state court action. Mr. Pawar submitted a letter response which was not in proper form and the Court did not consider it as opposition. An Order was issued directing Messrs. Pawar, Blossner and Zaloba to deposit any legal fees in escrow pending a further order of the Court. The matter is next on in late April for a conference. The judge in Richmond County

Supreme Court did not mention anything about the need to name the plaintiffs, Michael Pacheco Sr. and his son, Michael Pacheco, as respondents in that state court action.

Despite what Mr. Pawar suggests, there is no good reason to make the plaintiffs Michael Pacheco Sr. and his son, Michael Pacheco respondents in the Richmond County action. I am not sure of the fee arrangement that exists between the plaintiffs and current counsel, but I believe that it would be one third of the net sum recovered. Again, it has been difficult to get information from Mr. Pawar but I think this matter in the Eastern District settled " globally" for the sum of $75,000.00. It seems clear that the attorney's fee could be easily calculated. If the defendant the City of New York would be required to issue two checks, one to the plaintiffs and a second to counsel, there would be no need to burden the plaintiffs with a fee dispute between lawyers that is not of their making. The Pachecos could receive the recovery that they have waited years for and are entitled to without further trouble or delay.

The real reason Mr. Pawar would like me to name the plaintiff as a respondent in the state court action is for a perceived, and unethical, tactical advantage. He is hoping that this action will anger the plaintiffs and generate a grievance against me. He threatened me with this via an email annexed as the sole exhibit to this letter, seeking to have me discontinue the state court petition. I think threatening a disciplinary complaint to gain advantage in a civil action is unethical and ask the Court to consider this when evaluating Mr. Pawar's application.

I brought the state court action in an effort to promote judicial economy. There is a second action in which we have a dispute as to fees in the Southern District of New York, Vitalone v the City of New York, 15-cv-8525. If this dispute is handled in the federal system it will involve the time of two judges rather than one. Second, it has been my experience that many federal judges are not interested in disputes among layers about legal fees. Third, I have spent considerable time preparing the state court action, which my adversaries have thus far defaulted on. More of my time will have been wasted.

Should this Court decide to reopen this matter and litigate this fee dispute, I respectfully request that it direct the defendant City of New York to issue two settlement checks, the first to the plaintiffs, Michael Pacheco, Sr. and Michael Pacheco, Jr. This way, the plaintiffs can receive the settlement that they have waited for over a number of years and not be bothered by a dispute between lawyers for which they are not responsible. Second, as to the second check for the legal fee I respectfully request the court issue an order directing the City of New York to include as payees myself, Michael Colihan and Messrs. Pawar, Blossner & Zaloba. Based upon their past performance of default and an utter unwillingness to negotiate fees I hope the court will understand that I have little faith in my adversary's willingness to meet their obligations.

Thank you for your attention and consideration

MC/ll

Very Truly Yours,'

/s/ This is an electronic signature

Michael Colihan