UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL PACHECO, et al
                    Plaintiff

                                        FIRST DECLARATION OF MICHAEL
                                        COLIHAN IN SUPPORT OF AN
                                        APPLICATION FOR LEGAL FEES

            -against-


THE CITY OF NEW YORK, et al

                                        CASE NO: 14-cv-7581

                    Defendant

-------------------------------------------------------------------x


    MICHAEL COLIHAN, an attorney admitted to practice before all the Courts of the state of New York, and given permission to appear pro se in this action by the recent order of the Honorable Peggy Kuo, sets forth and alleges as follows:


    I am former counsel for the plaintiff in this action. As such I am familiar with all the facts and circumstances as set forth herein. I submit this declaration in support of my application for legal fees in this action.


    1. Annexed as Exhibit "1" is a true copy of the complaint in this action, prepared by your affirmant and dated November 30, 2014.

    2. Annexed as Exhibit "2" is a true copy of a letter dated December 18, 2014 concerning venue.

3. Annexed as Exhibit "3" is a true copy of a letter to the plaintiffs dated January 27, 2015.

4. Annexed as Exhibit "4" is a true copy of an affidavit of service dated February 2, 2015.

5. Annexed as Exhibit "5" is a true copy of the Rule 26 Disclosures dated February 2, 2015.

6. Annexed as Exhibit "6" is a true copy of a letter to the Court dated January 11, 2015.

7. Annexed as Exhibit "7" is a true copy of a letter dated March 12, 2015 concerning discovery.

8. Annexed as Exhibit "8" is a true copy of a letter to the Court dated March 30, 2015 concerning discovery.

9. Annexed as Exhibit "9" is a true copy of discovery demands to the City dated April 15, 2015.

10. Annexed as Exhibit "10" is a true copy of deposition notices sent to the City dated April 14, 2015.

11. Annexed as Exhibit "11" is a true copy of a letter concerning the DAT issued to one of the plaintiffs dated April 28, 2015.

12. Annexed as Exhibit "12" is a true copy of letters concerning requests for medical records dated April 28, 2015.

13. Annexed as Exhibit "13" is a true copy of the second amended complaint dated April 28, 2015.

14. Annexed as Exhibit "14 is a true copy of a letter to the Court dated April 28, 2015 concerning amendment of the complaint.

15. Annexed as Exhibit "15" is a true copy of a letter to the plaintiff dated January 11, 2015.

16. Annexed as Exhibit "16" is a true copy of a letter to the Court dated April 29, 2015 concerning discovery.

17. Annexed as Exhibit "17" is a true copy of a letter to the Court dated May 7, 2015.

18. Annexed as Exhibit "18" is withdrawn.

19. Annexed as Exhibit "19" is a true copy of a letter to the Court dated June 16, 2015 concerning discovery.

20. Exhibit 20 is a true copy of a letter dated June 17, 2015.

21. Annexed as Exhibit "21" is a true copy of a letter to the Court concerning an enlargement of time.

22. Annexed as Exhibit "22" is a true copy of a letter to the Court concerning discovery dated June 23, 2015.

23. Annexed as Exhibit "23" is a true copy of a letter to the Court dated June 23, 2015 concerning discovery.

24. Annexed as Exhibit "24" is a true copy of a letter to the Court dated June 25, 2015 concerning discovery.

25. Annexed as Exhibit "25" is a true copy of a letter to the Court concerning discovery dated June 16, 2015.

26. Annexed as Exhibit "26" is a true copy of a letter dated July 2, 2015 concerning discovery.

27. Annexed as Exhibit "27" is a true copy of a letter to the Court dated August 20, 2015 regarding discovery.

28. Annexed as Exhibit "28" is a true copy of a letter to the Court dated August 20, 2015 concerning discovery.

29. Annexed as Exhibit "29" is a true copy of deposition notices dated September 29, 2015 to the defendants.

30. Annexed as Exhibit "30" is a true copy of a letter to the Court dated October 9,2015 concerning discovery.

31. Annexed as Exhibit "31" is a true copy of a letter dated October 19, 2015 concerning discovery.

32. Annexed as Exhibit "32" is a true copy of a letter dated October 19, 2015 concerning amendment of the complaint.

33. Annexed as Exhibit "33" is a true copy of the 4th Amended complaint dated October 19, 2015.

34. Annexed as Exhibit "34" is a true copy of a motion to amend the complaint dated November 11, 2015 to amend the complaint.

35. Annexed as Exhibit "36" is a true copy of a letter dated September 21, 2015 concerning requests for medical records.

36. Exhibit 36 is withdrawn.

37. Annexed as Exhibit "37" is a true copy of a letter dated February 17, 2016 concerning depositions & discovery.

38. Annexed as Exhibit "38" is a true copy of a letter to the plaintiff dated March 17, 2016.

39. Annexed as Exhibit "39" is a true copy of a letter dated October 27, 2016 concerning a joint status report.

40. Annexed as Exhibit "40" is a true copy of responses to discovery demands dated May 15, 2015.

41. Annexed as Exhibit "41" is a true copy of a letter dated November 21, 2016 concerning a joint status report.

42. Annexed as Exhibit "42" is a true copy of a letter dated December 19, 2016 concerning discovery.

43. Annexed as Exhibit "43" is withdrawn.

44. Annexed as Exhibit "44" is a true copy of a letter dated January 7, 2017 concerning settlement.

45. Annexed as Exhibit "45" is a true copy of a letter dated January 24, 2017 concerning a related action.

46. Annexed as Exhibit "46" is a true copy of deposition notices dated February 10, 2017.

47. Annexed as Exhibit "47" is a true copy of a letter dated May 19, 2017 concerning discovery.

48. Annexed as Exhibit "48" is a true copy of a letter dated June 8, 2017 concerning case status.

49. Annexed as Exhibit "49" is a true copy of a letter dated July 11, 2017 concerning discovery.

50. Annexed as Exhibit "50" is a true copy of a letter dated November 6, 2017 concerning confidential material.

Dated: Brooklyn, NY
June 22, 2019.

MICHAEL COLIHAN, ESQ.
Attorney Pro Se
44 Court Street Suite 906
Brooklyn, NY 11201
(718) 488-7788

# EXHIBIT ONE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

                            Plaintiff
              -against-                                 COMPLAINT
                                                        PLAINTIFFS DEMAND
THE CITY OF NEW YORK                                    TRIAL BY JURY
POLICE OFFICER PELINKO, and
POLICE OFFICER JOHN DOE 1-20                               14-cv- 9526

                            Defendants
--------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                        44 Court Street
                                                        Suite 906
                                                  Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

<div style="margin-left:3em">Plaintiff</div>

-against-                                          COMPLAINT
                                                  PLAINTIFFS DEMAND
THE CITY OF NEW YORK                              TRIAL BY JURY
POLICE OFFICER PELINKO, and
POLICE OFFICER JOHN DOE 1-20                      14-cv-9526

<div style="margin-left:3em">Defendants</div>

-------------------------------------------------------------------------X

Plaintiffs, above named, by their attorney, Michael Colihan, as and for their complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiffs MICHAEL PACHECO, Jr. and STEPHEN CUMMINGS in Richmond County for offenses that never took place. The defendants assaulted and injured the three plaintiffs as well The plaintiffs suffered loss of liberty and serious and severe physical and psychological injuries, the full nature and extent of which have yet to be determined. The plaintiffs did not consent to any confinement and it was not otherwise privileged.. The Richmond County District Attorney declined to prosecute the criminal cases falsely brought against plaintiffs MICHAEL PACHECO, Jr. & STEPHEN CUMMINGS, but not until they has been falsely arrested and spent about 24 hours in jail each. By the filing of this complaint, the plaintiffs now allege that the City of New York & the New York City Police

Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiffs invoke the pendant jurisdiction of this court to assert claims arising under state law. The plaintiffs further allege that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department in Richmond County .The motivation for these unlawful arrests is overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.  Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, especially with respect to the managers of the City of New York and The New York City Police Department who allow the unlawful acts complained of to continue.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

## PARTIES

6. The plaintiff MICHAEL PACHECO, Sr. is a 47 year old Hispanic male and a resident of the City and State of New York, in Richmond County. .

7. The plaintiff MICHAEL PACHECO, Jr. is a 25 year old Hispanic male and a resident of the City and State of New York, in Richmond County.

8. The plaintiff STEPHEN CUMMINGS. is a 29 year old  male and a resident of the City and State of New York, in Richmond County.

9. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

10. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

11. That the defendant POLICE OFFICER PELINKO was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

.

12. That the defendants POLICE OFFICERS JOHN DOE 1-20 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS

21. That on or about the 21st day of November, 2014, the plaintiffs were lawfully at their

place of business at 1807 Richmond Avenue, in the City and State of New York in the County of
Richmond.

22.The plaintiffs were committing no crime at that time and were not acting in a
suspicious manner.

23. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, SR
was unlawfully and without just cause, approached & assaulted by the aforementioned officers of
THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of
the defendant THE CITY OF NEW YORK who were acting under color of law during the
aforesaid transactions .

24. That while at the aforesaid time and place the plaintiff STEPHEN CUMMINGS was
unlawfully and without just cause, approached, accosted, assaulted,  falsely arrested and falsely
imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT
who were agents, servants and employees of the defendant THE CITY OF NEW YORK who
were acting under color of law during the aforesaid transactions .He was taken first to the 121[th]
Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island,
NY

25. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, Jr.. was
unlawfully and without just cause, approached, accosted & assaulted by the aforementioned
officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and
employees of the defendant THE CITY OF NEW YORK who were acting under color of law
during the aforesaid transactions .He was taken first to the 121[th] Precinct, then to the 120th
Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

26. The defendant officers continued to imprison MICHAEL PACHECO Jr  over 24
hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the
plaintiff after a review of the matter, which was assigned arrest # S14612902 and he was
eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

27. The defendant officers continued to imprison STEPHEN CUMMINGS over 24 hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612903 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated

28. While the plaintiffs were being held, their designated " arresting officer" , JOHN DOE with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiffs had committed offenses when in fact this was not true. The plaintiff was also subjected to a degrading search of his private parts and genitals by the defendants.

29. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

30. The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to wit avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

31. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiff

32. The event complained of is not an isolated incident. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the

NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

33. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure to act was a direct result of the acts complained of.

34. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

34. By reason of the foregoing, plaintiffs sustained injury and damage as described above.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Sr**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

35. The plaintiff repeats the foregoing allegations

36. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, SR. were performed and carried out under color of law.

37. All of the above described acts deprived plaintiff MICHAEL PACHECO, Sr of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

38. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

41. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Sr
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

42. The plaintiff repeats the foregoing allegations

43. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, JR. were performed and carried out under color of law.

44. All of the above described acts deprived plaintiff MICHAEL PACHECO, JR. of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section

1983.

45. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

46. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

48. By reason of the foregoing, the plaintiff MICHAEL PACHECO, JR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STEPHEN CUMMINGS
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

49. The plaintiff repeats the foregoing allegations

50. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of STEPHEN CUMMINGS. were performed and carried out under color of law.

51. All of the above described acts deprived plaintiff STEPHEN CUMMINGS of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

52. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKO in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

53. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

55. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action .

## AS AND FOR A FOURTH CLAIM ON BEHALF OF MICHAEL PACHECO, Jr.
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

56. Plaintiff, MICHAEL PACHECO, Jr. repeats the foregoing allegations

57.  The Defendants arrested the plaintiff MICHAEL PACHECO, Jr. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

58. The individually named defendants caused plaintiff MICHAEL PACHECO, Jr to be falsely arrested and unlawfully detained.

59 . By reason of the foregoing, the plaintiff MICHAEL PACHECO, Jr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CLAIM ON BEHALF OF STEPHEN CUMMINGS

### False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

60. Plaintiff, STEPHEN CUMMINGS, repeats the foregoing allegations

61. The Defendants arrested the plaintiff STEPHEN CUMMINGS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

62. The individually named defendants caused plaintiff STEPHEN CUMMINGS to be falsely arrested and unlawfully detained.

63. By reason of the foregoing, the plaintiff STEPHEN CUMMINGS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS

### Failure to Intervene under 42 U.S.C. Section 1983

64. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiffs whose constitutional rights were being violated in their presence and with their knowledge.

66. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

67. By reason of the foregoing the plaintiffs were assaulted, had their liberty restricted for an extended period of time,  was put in fear of their safety, and were humiliated and subjected to handcuffing and other physical restraints.

68. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS**

Supervisory Liability under 42 U.S.C. Section 1983

69. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

70. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

71. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS**

Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

72. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

74. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

75. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

76. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiffs.

77. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.

78. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

79. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

80. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

81. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

82. Particularly in Richmond County, that has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York: Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066. Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v

NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits.

83. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

84. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

85.    At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

87. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.


88. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.


DATED: BROOKLYN, NY

November 30, 2014.

.                               This is an electronic signature

--------------/s/------------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788

# EXHIBIT TWO

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 911
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cv 09526

The Honorable Gregory H. Woods
United States District Court for
the Southern District of New York
500 Pearl Street
NY, NY 10007                    December 18, 2014

You Honor:

 I represent the plaintiffs in this action. I am writing at the Court's direction to explain why You Honor should not issue an order transferring this matter to the United States District Court for the Eastern District of New York.

 By way of background, this incident took place at the plaintiff's place of business, which

is in Richmond County. Although no discovery has been conducted, I believe that the New York City Police Department sent in an undercover officer to attempt to sell a stolen cell phone. After that officer was asked to leave by one of the plaintiffs an altercation developed where the plaintiffs, who are a father & his two sons, were injured by a group of over ten police who rushed into the store. Michael Pacheco and Steven Cummings were arrested and charged with Criminal Possession of Stolen Property, among other things. The Richmond County District Attorney was so impressed with the allegations of the police that the office declined prosecution as to both Michael Pacheco Jr. and Stephen Cummings and they were released after about 24 hours in jail Michael Pacheco Sr. was issued a Desk Appearance Ticket. Mr. Pacheco, who normally walks with crutches because of medical conditions, was forced to walk to a police car without them .

The main reason I urge the Court that venue is proper in the Southern District is that the incident complained of is part of a clear pattern of civil rights violations that have been occurring, and continue to occur on Staten Island. The tragic murder of Eric Garner is sadly one of the latest, and perhaps most disturbing, in a long history of police abuses in Staten Island. It is the plaintiff's position that the police and City managers who either know of these abuses, and do nothing about them, or don't know when they should, are at One Police Plaza and other City offices in  the borough of Manhattan. These abuses are evidenced by numerous settled & pending lawsuits in the Eastern and Southern District Courts of New York. Some of them are described on an Exhibit to this letter .I must make clear that my source for this information is nothing more exotic than the PACER system; all the information is public record.

As the Court can see, I have made a Monell claim in this matter. The incident complained of here is by no means an isolated incident, In my complaint I have cited approximately 26 different civil rights matters venued in the Eastern and Southern District of New York similar to the one complained of. Almost all these cases involve a similar fact patters. Most take place on the north Shore of Staten Island in the poorer neighborhoods of St. George, Stapleton, Tomkinsville and Park Hill. The victims are almost always African American or Hispanic, as are the plaintiffs here. In almost all cases the plaintiff are released in their own recognizance at arraignment, because the Richmond County judges and prosecutors simply don't believe the police who bring these cases . Almost all the matters have been settled by the City of New York.

In the past, I have heard the City claim that they had no knowledge of these matters. That is rather absurd since the Law Department defended each and every one of them, but if it is true, and the managers who run this police department and /or the attorneys that advise them are really unaware of the many similar cases which occurred in the same place with the same facts and the same officers, then I can't think of a better way to prove the Monell claims in this action.

I would urge the Court that the supervisors of the New York City Police Department, and other government official who in turn oversee those police officials are in the borough of Manhattan, in the Southern District, where the plaintiff has brought this action. I hope the City is not going to suggest that the Police Department in Staten Island is somehow an independent entity which is not supervised by the managers at One Police Plaza. The managers who either don't know of the outrageous abuses in Richmond County, or do know and have chose to do nothing

about it are certainly at One Police Plaza. Evidence of prior actions is admissible to prove a Monell claim. *Ricciuti v The New York City Transit Authority* 941 F. 2nd 123 ( 2nd Circuit 1991) *Spell v Mc Daniel* 829 F. 2nd 1380 ( 4th Circuit 1987)

The plaintiffs respectfully suggests that not all the of the relevant documents, or witnesses in this action are in t Staten Island. The plaintiff has brought claims related to the custom and practice of the defendants and their failure to properly train, supervise and discipline their employees. The documents related to the aforementioned matters will be at the Police Academy located in the borough of Manhattan and police headquarters at One Police Plaza, mere steps from the Courthouse. As stated above, , the police officials who make these policies and train police officers are likely employed in these two locations as well .

It is familiar law that the plaintiff's choice of venue should be given deference by the Court. *Central Sports Army Club v Arena Associates , Inc.* 952 F. Supp 181 . As a general rule, the plaintiff's choice of forum should not be disturbed unless the balance of convenience favors the defendant. *Rutherford v Goodyear Tire and Rubber Co,* 943 F. Supp 789.

The Court might be interested to know that a question similar to the one raised by the Court here was litigated in the matter of Gillis v the City of New York 13-cv 6786. Although I am fully aware that the decision decided in my favor is not binding upon this Court, I thought it incumbent upon me to mention it here.

I respectfully request the venue of this matter remain in this Court and I thank you for your attention and consideration.

MC/ll                                        Very Truly Yours,

                                                 /s/

                                            Michael Colihan

# EXHIBIT THREE

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 911
Brooklyn, New York 11201

Phone (718) 488-7788

January 27, 2015

Mr Michael Pacheco
1807 Richmond Ave.
Staten Island, NY

Dear Michael & Stephen;

 I hope you & your family are all well. Please sign the additional releases enclosed and return them in the SASE .

 Please call me if you have questions at 347 742 5045 & best regards.

MC/ll       Very Truly Yours,

/s/

Michael Colihan

# EXHIBIT FOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL PACHECO, SR.

       Plaintiff

**AFFIDAVIT OF SERVICE**

14-07581

THE CITY OF NEW YORK, et al

       Defendants

-------------------------------------------------------------------------X

    Michael Colihan, an attorney duly licenced to practice before all the Courts of the state of New York, affirms the truth of the following under penalties of perjury:

    1. I am over the age of 18 years, am not a party to this action, and reside in the state of New York:

    2. On the 29th day of January, 2015 at about 12:00noon I served the summons and complaint herein in this action upon the defendant SGT. FELIX CONCEPCION by delivering a true copy of same to DETECTIVE MEADE at One Police Plaza, , Room 1108, NY, NY 10038, a person of suitable age and discretion, who represented that he was authorized to accept same.

    I describe the said DETECTIVE MEADE as follows: white male about 35 years of age, 5"10" in height, with light brown hair and brown eyes.

                  This is an Electronic Signature

                _____/s/_____
                MICHAEL COLIHAN

Affirmed February 2, 2015

# EXHIBIT FIVE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, SR. et al


                        Plaintiff          PLAINTIFF"S INITIAL
DISCLOSURES UNDER RULE 26
THE CITY OF NEW YORK, et al

                                           14-cv-07581

                        Defendants
-------------------------------------------------------------------------X

TO: ELISSA JACOBS, ESQ.
    LAW DEPARTMENT OF THE CITY OF NEW YORK

        Pursuant to Rule 26 of the FRCP, plaintiff, by his attorney MICHAEL COLIHAN
provides as follows:

        1. Initial Disclosures:

        (a) Names Addresses and telephone numbers of individuals likely to have
            discovery information. (other than the named parties) The following applies
            to all three defendants


            1)The New York City Police Department 1 Police Plaza, NY, NY 10038

            2) The Richmond County District Attorney 130 Styvesant Place, Staten Island,
               NY

            3) The Criminal Court of the City of New York & County of Richmond 67
               Targee Street, Staten Island NY

            4) The US District Court for the Southern District of New York 500 Pearl
Street, NY, NY 10038

            5) The US District Court for the Eastern District of New York 225 Cadman
Plaza, Brooklyn, NY 11201

            6) The individuals identified in the defendant's Rule 26 (a) disclosures; that entire
document is incorporated by reference

7) Precision Imaging of New York, 222 East 58th Street, NY, NY 01165

8) Dr. Ilyce Marange, 188 Montague Street, Brooklyn, NY

B) Category and Location of Documents:

B) The relevant documents would appear to be (1) the files of the New York City Police Department relating to the arrest of the plaintiffs MICHAEL PACHECO , JR.. and STEPHEN CUMMINGS  on the date set forth in the complaint; concerning the files of the NYPD these should include  memo book entries for the individual defendants, vouchers for any property recovered, an arrest report, a complaint report and the other standard documents prepared in the ordinary course of business by the NYPD, assuming the defendants have followed their own procedures, which is not conceded by the plaintiff (2)   In addition, the New York City Police Department should possess files relative to the personnel & disciplinary history of the individually named officers & the other as yet unnamed officers involved in this matter.

The Richmond County District Attorney and Criminal Court of the City of New York and County of Richmond should possess files for the  underlying criminal action which resulted in the arrest of the plaintiffs Michael Pacheco, Jr. And Stephen Cummings, their assault by the defendants and their consequent injuries. There is no docket number for the arrest of either Michael Pacheco, Jr. or Stephen Cummings since the Richmond County District Attorney declined prosecution of both matters. The arrest number for Michael Pacheco Jr. Is S14612903 & for Stephen Cummings is S14612903

The US District Courts for the Southern & Eastern Districts of New York and Law Department of the City of New York should have files and other relevant information concerning any other civil rights actions where the defendants and other members of the NYPD have committed similar abuses against civilians . These would include but not be limited to: Bey v NYC, et al 09-03595 , Strong v NYC et al, 10-01602, Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231 Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York,

10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York, Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054 George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438 This is a total of 36 separate actions.

With respect to the individually named defendant, SGT. FELIX CONCEPTION, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern  District of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in the preceding paragraphs since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and or settled all of same:

AS TO DEFENDANT FELIX CONCEPTION  All of these actions were venued in the United States District Court for the Eastern District of New York. They include Mcclarin v the City of NY, 10-cv- 04255, Manns v the City of NY, 14-cv-04935, Scharn v the City of NY 93-cv-11724, Julia v the City of NY 06-cv-01598 & Mitchell v the City of NY 09-cv-00478

Dr. Ilyce Marange and Precision Imaging should possess medical records describing the injuries suffered by the plaintiffs and the treatment for same

As to plaintiff Stephen Cummings MRI reports of the left ankle, & Left wrist both dated 12/29/2014 are attached, plus and MRI report dated 1/15/2015 of the lumbar spine are attached together with an authorization for same

As to plaintiff Michael Pacheco, Jr. MRI reports of the right shoulder, & right wrist both dated 12/29/2014 are attached, plus and MRI report dated 1/12/2015 of the lumbar spine & cervical spine are attached together with an authorization for same

Particulars as to the plaintiff Michael Pacheco Sr. Will be supplied under separate

cover

Computation of Damages

      C) The plaintiff will claim personal injuries and the intentional & negligent infliction of mental & emotional distress.

Insurance Agreements

      D) The plaintiff is unaware or in possession of any contract of insurance which would cover the acts complained of.

2.    Disclosure of Expert Testimony

      2.  Plaintiffs have not retained an expert witness, but reserves their right to do so.

DATED: BROOKLYN, NEW YORK
      February 2, 2015

          -----------------/

s/---------------------------

      MICHAEL COLIHAN (MC-0826)
          Attorney for the Plaintiff
          44 Court Street
          Suite 906
          Brooklyn, NY 11201
          (718) 488-7788

# EXHIBIT SIX

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cc 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

January 11, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to respectfully request the Court issue an order directing the City to provide forthwith the names, addresses for service of process and shield numbers of the two officers that they currently claim are in their possession. There seems no reason that this information should not be provided at this time.

I have tried to resolve this informally without result.

I thank you for your attention and consideration.

MC/ll

Very Truly Yours,

/s/

Michael Colihan

# EXHIBIT SEVEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

3/12/2015

To: Elissa Jacobs, Esq.

FROM: Michael Colihan

RE Pacheco, et al v NYC Subpoena

Please see the attached also posted on ECF & sent via email. Please acknowledge receipt and please don't ignore this message

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cc 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

March 12, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to respectfully request the Court " So Order" a subpoena for any disclosable records in the possession of the Richmond County District attorney concerning this matter. It has been my experience that this office will not respond to any subpoena not in the form of an order of this Court.

By way of background, the plaintiffs were in their place of business, a barbershop in Staten Island, on the date which is the subject of the complaint. Upon information and belief an undercover police officer posing as a seller of stolen merchandise entered the premises and asked if anyone wanted to purchase an cellular phone, the price of which was so low that the implication of its origin was clear. One of the plaintiffs told this person that if he was not in the premises for a haircut he must leave. For reasons that are not clear to me at this point, except to say that there are many police on Staten Island and else where who believe they can do anything they want, two of the plaintiffs were assaulted and arrested and charged with, I believe, Possession of Stolen property and perhaps other crimes. A third was injured as well and issued a summons for disorderly conduct. I do know that the Richmond County District Attorney declined prosecution as to plaintiffs Michael Pacheco and Stephen Cummings after the plaintiffs spent about 24 hours in jail.

There are three compelling reasons that I request this So Ordered subpoena. First, it has been my experience that the Richmond County District attorney has stopped responding to FOIL requests, which I have made on this case. Second, since the cases as to two of the plaintiffs were " 343'd" or declined prosecution, there exists no criminal court file to access in the normal fashion. Third, the plaintiffs tell me that there were approximately ten police officers involved in this incident and the City has disclosed the names of only two.

Since an original signed subpoena is required for service upon the District Attorney, I

have send a paper copy to the Court via regular mail in addition to posting this letter on ECF.

I thank you for your attention and consideration.

MC/ll                                    Very Truly Yours,

                                   This is an electronic signature
                                            /s/

                                   Michael Colihan

# EXHIBIT EIGHT

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cc 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                          March 12, 2015

You Honor:

      I represent the plaintiffs in this action. I am writing to respectfully request the Court " So Order" a subpoena for any disclosable records in the possession of the Richmond County District attorney concerning this matter. It has been my experience that this office will not respond to any subpoena not in the form of an order of this Court.

      By way of background, the plaintiffs were in their place of business, a barbershop in Staten Island, on the date which is the subject of the complaint. Upon information and belief an undercover police officer posing as a seller of stolen merchandise entered the premises and asked if anyone wanted to purchase an cellular phone, the price of which was so low that the implication of its origin was clear. One of the plaintiffs told this person that if he was not in the premises for a haircut he must leave. For reasons that are not clear to me at this point, except to say that there are many police on Staten Island and else where who believe they can do anything they want, two of the plaintiffs were assaulted and arrested and charged with, I believe, Possession of Stolen property and perhaps other crimes. A third was injured as well and issued a summons for disorderly conduct. I do know that the Richmond County District Attorney declined prosecution as to plaintiffs Michael Pacheco and Stephen Cummings after the plaintiffs spent about 24 hours in jail.

      There are three compelling reasons that I request this So Ordered subpoena. First, it has been my experience that the Richmond County District attorney has stopped responding to FOIL requests, which I have made on this case. Second, since the cases as to two of the plaintiffs were " 343'd" or declined prosecution, there exists no criminal court file to access in the normal fashion. Third, the plaintiffs tell me that there were approximately ten police officers involved in this incident and the City has disclosed the names of only two.

      Since an original signed subpoena is required for service upon the District Attorney, I

have send a paper copy to the Court via regular mail in addition to posting this letter on ECF.

I thank you for your attention and consideration.

MC/ll                                    Very Truly Yours,

                                    This is an electronic signature
                                                /s/

                                        Michael Colihan

# EXHIBIT EIGHT

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cc 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

March 30, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to respectfully request the Court " So Order" a subpoena for any disclosable records in the possession of the New York State Office Of Court Administration. concerning this matter, as follows. It has been my experience that this office will not respond to any subpoena not in the form of an order of this Court.

As can be seen from a review of the complaint in this action, there is a Monell claim. I recently learned from an employee of a news organization that the press has access to a program or data base where one can enter the name and shield number of a given New York City Police Officer and obtain a list of the docket numbers or arrest numbers for that officer and determine the dispositions of those cases. This information would obviously be valuable in proving a patter of false arrests, which is one of the claims here.

I respectfully request that the Court endorse the attached subpoena for the aforementioned information for the two named defendants in this action who are Police Officer Besin Pellinku
Sh. # 29412 and Sgt. Felix Conception. I would request that this information be provided for the last ten years

By way of background, the plaintiffs were in their place of business, a barbershop in Staten Island, on the date which is the subject of the complaint. Upon information and belief an undercover police officer posing as a seller of stolen merchandise entered the premises and asked if anyone wanted to purchase an cellular phone, the price of which was so low that the implication of its origin was clear. One of the plaintiffs told this person that if he was not in the premises for a haircut he must leave. For reasons that are not clear to me at this point, except to say that there are many police on Staten Island and else where who believe they can do anything

they want, two of the plaintiffs were assaulted and arrested and charged with, I believe, Possession of Stolen property and perhaps other crimes. A third was injured as well and issued a summons for disorderly conduct. I do know that the Richmond County District Attorney declined prosecution as to plaintiffs Michael Pacheco and Stephen Cummings after the plaintiffs spent about 24 hours in jail.

Since an original signed subpoena is required for service upon the District Attorney, I have send a paper copy to the Court via regular mail in addition to posting this letter on ECF.

I thank you for your attention and consideration.

MC/ll                              Very Truly Yours,

                                   This is an electronic signature
                                            /s/

                                   Michael Colihan

# EXHIBIT NINE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

MICHAEL PACHECO, SR., et al

                                     **PLAINTIFF'S FIRST SET
                                     OF INTERROGATORIES
                                     & DOCUMENT REQUESTS**

                                            14 cv - 07581

THE CITY OF NEW YORK, et al

                      Defendant
-------------------------------------------------------------------------X

TO: ACC ELISSA JACOBS
      Law Department of the City
      of New York
      100 Church Street
      New York, NY 10007

     **PLEASE TAKE NOTICE** that the plaintiff through his attorney MICHAEL COLIHAN pursuant to FRCP Rules 26, 33 and 34 and the Local Rules of this Court request that the defendant THE CITY OF NEW YORK serve upon the undersigned and produce for inspection & copying the documents requested below within thirty days from the date of service of this First Request for Documents at the office of Michael Colihan, Esq., 44 Court Street Rm 906 Brooklyn, NY 11201.

     These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, the defendant THE CITY OF NEW YORK obtains or becomes aware of additional information pertaining to any of these document requests, the defendant THE CITY OF NEW YORK shall, within thirty days, and in no event later that five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

<div align="center">INSTRUCTIONS</div>

1. If the answer to all or any part of document request is not presently known are available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once available or known which could have been used to respond to the interrogatory.

2. If any information called for is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## **INTERROGATORIES**

1. Set forth the full name, shield number & current command of each defendant ,or police officer who witnessed the incident that is the subject of the complaint in this action the length of time he has been a member of the New York City Police Department along with a general description of the duties of this Member of the Service at the current time.

2. Set forth the assignments/and/or commands to which each Member of the Service, or any officer identified in the response to paragraph one, e has been assigned since he became a member of the New York City Police Department, together with (a) the address of each assignment and/or command, (b) the length of time at same and © the circumstances of his leaving same, whether at his request or at the direction of the Department & (d) a general description of his duties at each command.

3. State whether these individual defendants, or any officer identified in the response to paragraph one, have been a defendant in any type of lawsuit and/or legal proceeding related to his employment with the New York City Police Department. If the answer to this Interrogatory is yes, please set forth (a) the title of said proceeding (b) the docket and/or index number © the court and its location (d) the disposition of said action, whether pending, dismissed, settled, or verdict & if a verdict was rendered, set forth the prevailing party & judgment if an, & (e) the law firm representing the defendant and (f) the law firm representing the plaintiff.

4. State whether these individual defendants, or any officer identified in the response to paragraph one, have been a plaintiff, defendant, claimant or respondent or other party in any type of lawsuit and/or legal proceeding.  If the answer to this Interrogatory is yes, please set forth (a) the title of said proceeding (b) the docket and/or index number © the court and its location (d) the disposition of said action, whether pending, dismissed, settled, or verdict & if a verdict was rendered, set forth the prevailing party & judgment if an, & (e) the law firm representing the

defendant/respondent and (f) the law firm representing the plaintiff

5. State whether these individual defendants, or any officer identified in the response to paragraph one, have ever been the subject of any disciplinary proceeding with the New York City Police Department, including but not limited to a command discipline, suspension, modification of assignment, transfer, . If the answer to this interrogatory is yes, set forth: (a) the date & nature of said charge (b) the attorney who represented the respondent together with the lawyer's address © the disposition & penalty if any.

6. Set forth whether the individual defendants, or any officer identified in the response to paragraph one, has ever requested that disciplinary records of which he was the subject be sealed pursuant to Section PG 118-21 of the Patrol Guide of the NYPD, effective date 10-13-95 revision number 95-4 or any other similar regulation. If the answer to this interrogatory is yes, please set forth the date & substance of said request, the charges sought to be sealed and indicate whether the request was granted or not.

7. Set forth whether the individual defendants, or any officer identified in the response to paragraph one, have ever requested voluntary drug testing as provided for by NYPD regulation PG 118-20 issued 12- 28-90 & effective 1-4-91 revision # 90-9 and if so the date, reason & result of the test.

8. Set forth the reason the defendants became involved with the plaintiff's decedent concerning the incident that is the subject of the complaint.

9. If the predicate for the police involvement was an undercover operation

or a similar police action involving undercover police officers, set forth the following

A). The name, shield number and current command of each and every police

officer assigned to the operation, including the undercover officer or officers involved and the

names of any supervisory personnel

B) The assignments of each and every Member of the Service identified in (a)

above on the date set forth in the complaint

## REQUEST FOR DOCUMENTS

REQUEST NO 1:

Documents relating to any disciplinary action, command discipline, etc against any of the individually named defendants, including the initial complaint and/or charges & specifications, by whom made, the date and time of said complaint, any transcript of any administrative hearing relating to said employee, the disposition of said complaint, i.e. whether it was sustained in whole or in part and if so, any personnel action and/or penalty taken concerning the subject employee, including transfer to a different work location:

REQUEST NO 2:

The personnel files for each individually named defendant having knowledge of the allegations of the complaint.

REQUEST NO. 3:

Any documents relating to any disciplinary or internal hearing concerning the incident which is the subject of the complaint including the charge, complaint, transcripts of testimony, decision, etc for each of the individually named defendants.

REQUEST NO.4:

Any documents prepared and or maintained by members of the New York City Police Department in connection with the subject matter of the complaint in this action, involving the plaintiff and the individually named officers , or any officer identified in the response to paragraph one, including but not limited to UF- 61 's complaint reports, , vouchers prepared for property and/or contraband seized, daily activity reports or "DAR'S",  On Line Booking Sheets, arrest reports, and Stop & Frisk reports, Firearms Discharge Report, tactical plan and any arrest and/or search warrant which predicated the police activity in this case

REQUEST NO. 5: Any documents prepared or maintained by the Richmond County District Attorney in connection with the investigation of the incident described above in request # 4 including witness interviews or statements and UF- 61's complaint reports, search warrants and documents and/or affidavits in support thereto, vouchers prepared for property and/or contraband seized, documents reporting or relating to the execution of a search and/or arrest warrant related to the investigation of this incident.

REQUEST #6: Any video or audio records pertaining to the incident which is the subject of the complaint in this action, whether recorded by the defendants, or any other third parties.

DATED: BROOKLYN, NEW YORK
        April 14, 2015

------------------/s/----------------------------

MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788

# EXHIBIT TEN

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

4/14/2015

TO: Elissa Jacobs, Esq.

FROM: Michael Colihan

     I Have attached the plaintiff's first set of interrogatories, document requests & deposition notice in this action. Please acknowledge receipt and please don't ignore this message

     These were also sent via regular mail & email

New York, NY 10007

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MICHAEL PACHECO, SR.
                              Plaintiff
          -against-                               NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL               14- cv- 07581

                              Defendants
----------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant P.O.

BESIM PELINKO on the 15th day of May, 2015 at 10:00AM. The deposition shall be

recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the

offices of David Feldman Worldwide, 450 7th Avenue, Suite 500, NY, NY  The deposition

shall continue from day to day until completed.

        You are invited to attend and cross examine.

DATED: BROOKLYN, NY
          April 14, 2013                     --------------/s/--------------------------
                                             MICHAEL COLIHAN (MC-0826)
                                             Attorney for the Plaintiff
                                             44 Court Street Rm 906
                                             Brooklyn, NY 11201
                                             (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
      Attorney for Defendants
      100 Church Street
      New York, NY 10007
THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION
BY THE CITY OF NEW YORK

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                                        Plaintiff
          -against-                                   NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                           14- cv- 07581

                                        Defendants
-------------------------------------------------------------------------X

COUNSELORS:

     PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant SGT. FELIX CONCEPTION on the 14th day of May, 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of David Feldman Worldwide, 450 7th Avenue, Suite 500, NY, NY  The deposition shall continue from day to day until completed.

     You are invited to attend and cross examine.

DATED: BROOKLYN, NY
     April 14, 2013

              --------------/s/---------------------------
              MICHAEL COLIHAN (MC-0826)
              Attorney for the Plaintiff
              44 Court Street Rm 906
              Brooklyn, NY 11201
              (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
     Attorney for Defendants
     100 Church Street

# EXHIBIT ELEVEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED ON ECF

The Honorable Marilyn Dolan Go
United States District Court
for The Eastern District for New York
225 Cadman Plaza
Brooklyn, New York 11201

April 28, 2015

:

RE: Pacheco, et al v the City of NY , et al

14-cv- 07581

Your Honor:

     I represent the plaintiffs in this action. One of the plaintiffs, Michael Pacheco, Sr. Was issued a desk appearance ticket for disorderly conduct during the incident that is the subject of the complaint. The Court and the defendants had inquired as to the status of that matter at the last conference.

     I write this to advise all parties that the aforementioned matter was dismissed before Judge Rodriguez in Staten Island Criminal Court, Part AP 1, today April 28, 2015.

     Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

Michael Colihan

# EXHIBIT TWELVE

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788
    l

April 28, 2015

Dr. John Sotillie
89 Cromwell Avenue
Staten Island, NY10305

Mr. Michael Pacheco

Dear Dr. Katzman:

     I represent the above captioned patient. I have enclosed an executed HIP authorization If there is anything else you require please call me at anytime at 347 742 5045.

     Thanks for your attention and consideration.

MC/ll                                        Very Truly Yours,

                           Michael Colihan

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788
l

April 28, 2015

Staten Island University Hospital
475 Seaview Avenue
Staten Island, NY

MICHAEL PACHECO

ATTN: MEDICAL RECORDS

Dear Mesdames & Sirs:

I represent the above captioned patient. I have enclosed a HIPA release for the patient's recent admission in 2015. Please advise for the charge for the entire record and a check will be sent to you .

IT IS MY DESIRE TO INCONVENIENCE YOU AS LITTLE AS POSSIBLE.

If these is anything I can do to make this easier please call me at anytime at 347 742 5045.

Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

Michael Colihan

# EXHIBIT THIRTEEN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

                    Plaintiff

      -against-

THE CITY OF NEW YORK
POLICE OFFICER BESIM PELINKU
Sh. # 29412, SGT.FELIX CONCEPCION
POLICE OFFICER JOHN DOE 1-20

                  Defendants
--------------------------------------------------------------------------X

SECOND AMENDED
COMPLAINT
PLAINTIFFS DEMAND
TRIAL BY JURY

14-cv- 07581

      Plaintiffs, above named, by their attorney, Michael Colihan, as and for their
complaint in this action against the defendants, above named, respectfully sets forth and
alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil action for damages brought to redress the deprivation by
defendants of the rights secured to plaintiffs under the Constitution and laws of the United States
and the State of New York. The defendants, upon information & belief, without a warrant and
without probable cause, unlawfully arrested and falsely imprisoned the plaintiff  MICHAEL
PACHECO, Sr., MICHAEL PACHECO, Jr. and STEPHEN CUMMINGS in Richmond County
for offenses that never took place. The defendants assaulted and injured the three plaintiffs as well
The plaintiffs suffered loss of liberty and serious and severe physical and psychological injuries,
the full nature and extent of which have yet to be determined. The plaintiffs did not consent to any
confinement and it was not otherwise privileged.. The Richmond County District Attorney
declined to prosecute the criminal cases falsely brought against plaintiffs MICHAEL PACHECO,
Jr. & STEPHEN CUMMINGS, but not until they has been falsely arrested and spent about 24
hours in jail each. The desk appearance ticket for disorderly conduct issued to MICHAEL
PACHECO, SR was dismissed on April 28, 2015 By the filing of this complaint, the plaintiffs

now allege that the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiffs invoke the pendant jurisdiction of this court to assert claims arising under state law. The plaintiffs further allege that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department in Richmond County .The motivation for these unlawful arrests is overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.  Venue is properly laid in the EASTERN District of New York in that this is the District where the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

## PARTIES

6. The plaintiff MICHAEL PACHECO, Sr. is a 47 year old Hispanic male and a resident of the City and State of New York, in Richmond County. .

7. The plaintiff MICHAEL PACHECO, Jr. is a 25 year old Hispanic male and a resident of the City and State of New York, in Richmond County.

8. The plaintiff STEPHEN CUMMINGS. is a 29 year old  male and a resident of the City and State of New York, in Richmond County.

9. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

10. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

11. That the defendants POLICE OFFICER BESIM PELINKU, Sh. # 29412 and SGT. FELIX CONCEPCION were and are agents, servants and employees of the defendant THE CITY OF NEW YORK .

12. That the defendants POLICE OFFICERS JOHN DOE 1-20 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS

13. That on or about the 21st day of November, 2014, the plaintiffs were lawfully at their place of business at 1807 Richmond Avenue, in the City and State of New York in the County of Richmond.

14. The plaintiffs were committing no crime at that time and were not acting in a suspicious manner.

15. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, SR was unlawfully and without just cause, approached & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions . He was also issued a desk appearance ticket and wrongfully detained in connection with same.

16. That while at the aforesaid time and place the plaintiff STEPHEN CUMMINGS was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .He was taken first to the 121[th] Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

17. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, Jr.. was unlawfully and without just cause, approached, accosted & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .He was taken first to the 121[th] Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

18. The defendant officers continued to imprison MICHAEL PACHECO Jr over 24 hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the

plaintiff after a review of the matter, which was assigned arrest # S14612902 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

19. The defendant officers continued to imprison STEPHEN CUMMINGS  over 24  hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612903 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

20. That the defendant officers wrongfully issued the plaintiff MICHAEL PACHECO, SR. a desk appearance ticket for disorderly conduct which was dismissed on April 28, 2015 in Richmond County Criminal Court. In connection with same, the plaintiff was wrongfully arrested, incarcerated and detained. He was also forced to walk without his crutches in the custody of the police which exacerbated a pre existing medical condition.

21. While the plaintiffs were being held, their designated " arresting officer" , JOHN DOE with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiffs had committed offenses when in fact this was not true. The plaintiffs were also subjected to a degrading search of their  private parts and genitals by the defendants.

22. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

23.  The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to wit avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

24. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD,

including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiff

25. The event complained of is not an isolated incident. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

26. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

27. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

28. By reason of the foregoing, plaintiffs sustained injury and damage as described above.


**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Sr**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

29.  The plaintiff repeats the foregoing allegations

30.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault & injury caused by the defendants to MICHAEL PACHECO, SR. were performed and carried out under color of law.

31. All of the above described acts deprived plaintiff MICHAEL PACHECO, Sr of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

32. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

35. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Jr**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

36  The plaintiff repeats the foregoing allegations

37.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, JR. were performed and carried out under color of law.

38. All of the above described acts deprived plaintiff MICHAEL PACHECO, JR. of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

39. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

40. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

42. By reason of the foregoing, the plaintiff MICHAEL PACHECO, JR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STEPHEN CUMMINGS
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

43. The plaintiff repeats the foregoing allegations

44. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of STEPHEN CUMMINGS. were performed and carried out under color of law.

45. All of the above described acts deprived plaintiff STEPHEN CUMMINGS of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

46. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

47. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

49. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action .

**AS AND FOR A FOURTH CLAIM ON BEHALF OF MICHAEL PACHECO, Jr.**
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

50. Plaintiff, MICHAEL PACHECO, Jr. repeats the foregoing allegations

51. The Defendants arrested the plaintiff MICHAEL PACHECO, Jr. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

52. The individually named defendants caused plaintiff MICHAEL PACHECO, Jr to be falsely arrested and unlawfully detained.

53 . By reason of the foregoing, the plaintiff MICHAEL PACHECO, Jr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF STEPHEN CUMMINGS
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

54. Plaintiff, STEPHEN CUMMINGS, repeats the foregoing allegations

55. The Defendants arrested the plaintiff STEPHEN CUMMINGS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

56. The individually named defendants caused plaintiff STEPHEN CUMMINGS to be falsely arrested and unlawfully detained.

57. By reason of the foregoing, the plaintiff STEPHEN CUMMINGS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CLAIM ON BEHALF OF MICHAEL PACHECO, SR.
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

58. Plaintiff, MICHAEL PACHECO, SR., repeats the foregoing allegations

59. The Defendants arrested the plaintiff MICHAEL PACHECO, SR. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

60. The individually named defendants caused plaintiff MICHAEL PACHECO, SR. to be falsely arrested and unlawfully detained.

61. By reason of the foregoing, the plaintiff MICHAEL PACHECO, SR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS

Failure to Intervene under 42 U.S.C. Section 1983

62. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiffs whose constitutional rights were being violated in their presence and with their knowledge.

64. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

65. By reason of the foregoing the plaintiffs were assaulted, had their liberty restricted for an extended period of time,  was put in fear of their safety, and were humiliated and subjected to handcuffing and other physical restraints.

66.  By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS

Supervisory Liability under 42 U.S.C. Section 1983

67. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

68. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

69.  By reason of the foregoing, the plaintiffs are entitled to compensatory damages

in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN NINTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS**
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

70. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

72. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

73. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York,

and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

74. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiffs.

75. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.        .

76. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

77. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

78. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

79. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

80. Particularly in Richmond County, that has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for

drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York: Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066. Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al  10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits.

81. Despite the foregoing, the City of New York exercised deliberate indifference to the

aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

82. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

83.    At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

84. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

85. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

86. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

April 28, 2015.

.                          This is an electronic signature

--------------/s/------------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788

# EXHIBIT FOURTEEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED ON ECF

The Honorable Marilyn Dolan Go
United States District Court
for The Eastern District for New York
225 Cadman Plaza
Brooklyn, New York 11201

April 29, 2015

:

RE: Pacheco, et al v the City of NY , et al

14-cv- 07581

Your Honor:

      I represent the plaintiffs in this action. I am writing this letter with the permission of my adversary. I request permission to amend the complaint in this action. The principal amendments are to include a false arrest claim for Michael Pacheco, Sr. since the summons he received for disorderly conduct was dismissed. I have also corrected typographical errors regarding the numbering of the paragraphs in the complaint.

      I have attached a copy of the proposed amended complaint.

      Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

Signed- This is an electronic signature

Michael Colihan

# EXHIBIT FIFTEEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 112010

Phone (718) 488-7788


Mr. Michael Pacheco
144 Brook Avenue                    January 11, 2015
Staten Island, NY 10306


Dear Sir;

I hope you are well. I have enclosed the releases that we spoke of. Please sign all of them where you see the red "x" and return them to me in the SASE.

I thank you for your attention and consideration.

MC/ll                          Very Truly Yours,

                                      /s/

                                Michael Colihan

# EXHIBIT SIXTEEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco v NYC et al 14 cc 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                              April 29, 2015


You Honor:

   I represent the plaintiffs in this action. I am writing to respectfully request a Rule 37.2 conference in this action. I have had the required conversation with my adversary and she claims that she is not in possession of the information that I am seeking and have a clear right to. I was not able to get an intelligible answer as to why she was not five months after the incident took place. The information that I am trying to obtain is the names of the police officers involved in the incident.

   By way of background, the incident complained of took place at the plaintiff's place of business in Staten Island, which is a barbershop. I believe an undercover police officer entered the location trying to sell a stolen I phone. He was told by one of the plaintiffs that if he was not in the premises to get a haircut he should leave. After this an incident ensued where in excess of ten police entered the location, beat the plaintiffs and arrested two; these were Michael Pacheco Jr. & Stephen Cummings. The Richmond County D.A. declined prosecution of both these matters. Michael Pacheco Sr.received a desk appearance ticket for disorderly conduct that was dismissed yesterday in Staten Island Criminal Court.

   The City has admitted that they are in possession of a video of the incident which depict a number of police officers at the location, some of whom are engaged in beating the plaintiffs. For the Law Department to claim that they are not aware of the identities of their own employees depicted on a video  is an insult to the intelligence of this Court and just one more example of the obstructionism and gamesmanship which is the stock in trade of the City of New York.

   Further, it is claimed by the City that the incident stemmed from some type of sting operation where an undercover police officer is sent in to try to induce someone to buy a stolen cell phone. Operations such as this always involve more than the two police officers whose names have been disclosed so far. There is always a " back up team"of a greater number of police to effect an arrest and otherwise support the undercover involved. The names of these

defendants will be contained on a document called a Tactical Plan or " Tac Plan' which is always prepared in operations of this type.

I respectfully request the Court hold a conference on the matters I have raised above or order production of the names off all police involved forthwith.

I thank you for your attention and consideration.


MC/ll                                    Very Truly Yours,

                                              /s/ This is an electronic signature

                                         Michael Colihan

# EXHIBIT SEVENTEEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED ON ECF

The Honorable Marilyn Dolan Go
United States District Court
for The Eastern District for New York
225 Cadman Plaza
Brooklyn, New York 11201

May 7, 2015

:

RE: Pacheco, et al v the City of NY , et al

14-cv- 07581

Your Honor:

    I represent the plaintiffs in this action. I am writing this letter with the permission of my adversary. I request permission to amend the complaint in this action. The amendment is limited to adding the names of seven additional police officers recently disclosed by the Law Department in place of some of the " John Does" now in the complaint .

    I have attached a copy of the proposed amended complaint.

    Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

Signed- This is an electronic signature

Michael Colihan

EXHIBIT EIGHTEEN

# EXHIBIT NINETEEN

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 09526

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                                    June 16, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to resolve two discovery matters in this action. The first involves the City's failure to respond to my interrogatories and document requests which are about one month late. The second involves the City's failure to produce the names of all the police involved in their assault on the plaintiffs. Since the City has been provided with a video of the incident with the police defendants involved in clear view it is hard to believe the Court's prior order that they disclose said identities was not complied with, which was issued on May 8, 2015.

I have called my adversary and left a voice message, as well as providing her copies of this letter via mail, fax & email before sending same to the Court.

I also respectfully request that I be given an additional five days after actual receipt of the names of the police defendants involved to amend the complaint

I thank the Court for its attention and consideration.

MC/ll                                    Very Truly Yours,

                                         /s/

Michael Colihan

EXHIBIT TWENTY

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

VIA CERTIFIED MAIL RRR

RE: Pacheco, et al v NYC et al 14 cv 09526

Elissa Jacobs, Esq.
Law Dept. SFLIT
100 Church Street
NY, NY 10007

June 17, 2015

Dear Ms. Jacobs:

Here is a second copy of the video taken of this incident. Please acknowledge its receipt.

MC/ll

Very Truly Yours,

/s/

Michael Colihan

# EXHIBIT TWENTY ONE

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

Sent via fax 212 356-3509 & 212 788-9776

6/18/2015

TO: ELISSA JACOBS ESQ.

FROM: MICHAEL COLIHAN

RE: Pacheco v the City of NY


Please advise as to whether or not you will consent to this application. If I do not hear by the end of the day on 6/18/2015 I will assume you do not and so inform the Court. Please acknowledge receipt and please don't ignore this message.

Annexed to the emailed copy of this is a copy of the proposed amended complaint

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 09526

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

June 18, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to respectfully request that I be permitted to file the plaintiff's third amended complaint a few days late; it was not have been done by June 15, 2015. This is due to an oversight on my part and I apologize.

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

Michael Colihan

# EXHIBIT TWENTY TWO

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

06/19/2015

TO: ELISSA JACOBS ESQ.

FROM: MICHAEL COLIHAN

RE: Pacheco v the City of NY

This will go to the Court on 6/23/2015 unless the matters it addresses are resolved before then. Please acknowledge receipt and please don't ignore this message

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 09526

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                    June 23, 2015.

You Honor:

     I represent the plaintiffs in this action. I am writing to resolve a discovery matter in this action. I hope the Court will agree that the plaintiff is entitled to at least a portion of the disciplinary history of the police defendants in this action. This should include records of the Civilian Complaint Review Board as well as the Internal Affairs Bureau.

     I respectfully request the Court order production of the full disciplinary files on the defendants so as to permit discovery of the identities of the complainants, names of specific cases and allegations, and all other identifying information. It is well settled that such information is discoverable. This is so even if it is determined that such allegations were ultimately unsubstantiated. *Young v the City of New York*, 2010 WL 4205856,*1 ( S.D.N.Y. Oct. 7, 2010.) *Zhou v the City of New York*, 2007 WL 4205856 * 1 ( S.D.N.Y. Nov 21, 2007)

     I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

Michael Colihan

I thank the Court for its attention and consideration.

MC/ll                          Very Truly Yours,

                                    /s/

                              Michael Colihan

EXHIBIT TWENTY THREE

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 09526

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                    June 23, 2015.

You Honor:

        I represent the plaintiffs in this action. I am writing to resolve a discovery matter in this action. I had asked for IAB and As the Court may recall, at least a portion of this incident was captured on video. I have sent the Law Department of this record in my possession via certified mail today . I have asked them to send me the copy that they are in possession of as well. I ask the Court order this in the interest of full disclosure.

        I thank the Court for its attention and consideration.

MC/ll                        Very Truly Yours,

                             /s/

                             Michael Colihan

EXHIBIT TWENTY FOUR

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

June 25, 2015.

You Honor:

I represent the plaintiffs in this action. I am writing to resolve a discovery matter in this action. I hope the Court will agree that the plaintiff is entitled to at least a portion of the disciplinary history of the police defendants in this action. This should include records of the Civilian Complaint Review Board as well as the Internal Affairs Bureau.

I requested this information in my interrogatories and document requests. The City mentioned that it needed a protective order signed. I have requested same via email without a response. I have also tried to resolve this matter without contacting the Court. These efforts have included a unanswered voicemail to my adversary Elissa Jacobs of the Law Department and a copy of this letter in advance of sending same with a request that she contact me. The letter was sent via email and fax. I have not received a reply of any kind. Based upon prior experience I feel the only way this will be resolved is with the assistance of the Court.

I respectfully request the Court order production of the full disciplinary files on the defendants so as to permit discovery of the identities of the complainants, names of specific cases and allegations, and all other identifying information. It is well settled that such information is discoverable. This is so even if it is determined that such allegations were ultimately unsubstantiated. *Young v the City of New York*, 2010 WL 4205856,*1 ( S.D.N.Y. Oct. 7, 2010.) *Zhou v the City of New York*, 2007 WL 4205856 * 1 ( S.D.N.Y. Nov 21, 2007)

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

This is an Electronic Signature

Michael Colihan

cc: Law Department- Via ECF

# EXHIBIT TWENTY FIVE

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

6/16/2015

TO: ELISSA JACOBS ESQ.

FROM: MICHAEL COLIHAN

RE: Pacheco v the City of NY

    This will go to the Court tomorrow morning unless the matters it addresses are resolved before then. Please acknowledge receipt and please don't ignore this message

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 09526

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

June 16, 2015

You Honor:

I represent the plaintiffs in this action. I am writing to resolve two discovery matters in this action. The first involves the City's failure to respond to my interrogatories and document requests which are about one month late. The second involves the City's failure to produce the names of all the police involved in their assault on the plaintiffs. Since the City has been provided with a video of the incident with the police defendants involved in clear view it is hard to believe the Court's prior order that they disclose said identities was not complied with, which was issued on May 8, 2015.

I have called my adversary and left a voice message, as well as providing her copies of this letter via mail, fax & email before sending same to the Court.

I also respectfully request that I be given an additional five days after actual receipt of the names of the police defendants involved to amend the complaint

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

Michael Colihan

# EXHIBIT TWENTY SIX

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                    July 2, 2015.

You Honor:

I represent the plaintiffs in this action. I am writing this letter as required by the Court to report the status of this action.

The plaintiff has provided the defendant a copy of the video record of this incident. The defendants have identified by name about six of the police defendants involved, but not all. I have not been able to get a clear picture of when the additional defendants would be identified. I have requested the IAB/CCRB histories on the defendants that have been identified, via interrogatory and document request, and signed the standard protective order. I have not been told when to expect this material either.

The plaintiff has made a motion to amend the complaint which included adding the new parties as named defendants. The defendants have been given to June 30, 2015 to oppose said application and have not done so. We await the decision of the Court on this motion.

The City has identified an audiotape which records at least a portion of this incident. The defendants claim the " law enforcement privilidge" as justification to withhold same and this will be the subject of an application to this Court. I think it also safe to say, based upon prior experience, that any disciplinary histories on the police, if supplied at all, will be heavily redacted and that too will be the subject of motion practice, as will the defendant's purported responses to my discovery demands.

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

This is an Electronic Signature

Michael Colihan

cc: Law Department- Via fax & email

EXHIBIT TWENTY SEVEN

Thanks for your attention and consideration.

MC/ll

cc: Law Department

Very Truly Yours,

/s/ This is an electronic signature

Michael Colihan

# EXHIBIT TWENTY EIGHT

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

August 20 2015.

TO: Elissa Jacobs, Esq.

FROM: Michael Colihan

RE: Pacheco, et al v the City of NY

Please see the annexed also sent via email. I think this comports with my understanding of what you wish to do here.

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                    August 20, 2015.


You Honor:

        I represent the plaintiffs in this action. I am writing to resolve several discovery matters in this action. I hope the Court will agree that the plaintiff is entitled to at least a portion of the disciplinary history of the police defendants in this action. This should include records of the Civilian Complaint Review Board as well as the Internal Affairs Bureau. I have these files only for two of the nine officers named. These are so heavily redacted that I would aks the Court to review them in camera.

        I requested this information in my interrogatories and document requests. The City mentioned that it needed a protective order signed. I have executed same back on June 25, 2015 and it was filed with the Court almost one month ago. I have also tried to resolve this matter without contacting the Court. These efforts have included a  voicemail to my adversary Elissa Jacobs of the Law Department and a copy of this letter in advance of sending same with a request that she contact me. The letter was sent via email and fax. I cannot get an answer as to when the rest of the material will be provided and ask the Court to set a date certain for same .Based upon prior experience I feel the only way this will be resolved is with the assistance of the Court.

         I respectfully request the Court order production of the full disciplinary files on the defendants so as to permit discovery of the identities of the complainants, names of specific cases and allegations, and all other identifying information. It is well settled that such information is discoverable. This is so even if it is determined that such allegations were ultimately unsubstantiated. *Young v the City of New York*, 2010 WL 4205856, *1 ( S.D.N.Y. Oct. 7, 2010.) *Zhou v the City of New York*, 2007 WL 4205856 * 1 ( S.D.N.Y. Nov 21, 2007)

        In addition, the City been in possession of a copy of a video tape of this incident provided by me for several months. There are over a dozen police

officers whose faces are clearly viable on this tape. We have the names of but nine. I think that a reasonable period of time has passed and that the City should be ordered to produce all those names now.

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

This is an Electronic Signature

Michael Colihan

cc: Law Department- Via ECF

# EXHIBIT TWENTY NINE

9/29/2015


212 788- 9776 & 212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN


RE : Pacheco, et al v NYC et al Deposition notices


These were served reg. mail & Email as well- Please acknowledge receipt

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                    Plaintiff

     -against-                        NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL          14- cv- 07581

                   Defendants
-------------------------------------------------------------------------X

COUNSELORS:

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant SGT. FELIX CONCEPTION on the 26th day of October, 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.

       You are invited to attend and cross examine.

DATED: BROOKLYN, NY
      September 29, 2015.
      ---------------/s/----------------------------

                             MICHAEL COLIHAN (MC-0826)
                             Attorney for the Plaintiff
                             44 Court Street Rm 906
                             Brooklyn, NY 11201
                             (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
     Attorney for Defendants
     100 Church Street

New York, NY 10007

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                          Plaintiff

       -against-                        NOTICE OF DEPOSITION

THE CITY OF NEW YORK, ET AL            14- cv- 07581

                          Defendants

-------------------------------------------------------------------------X

COUNSELORS:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant BESIM PELINKU on the 27th day of October, 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.

You are invited to attend and cross examine.

DATED: BROOKLYN, NY
      September 29, 2015.
      ---------------/s/----------------------------

                             MICHAEL COLIHAN (MC-0826)
                             Attorney for the Plaintiff
                             44 Court Street Rm 906
                             Brooklyn, NY 11201
                             (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
     Attorney for Defendants

100 Church Street
New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION

BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MICHAEL PACHECO, et al

               Plaintiff

      -against-                     NOTICE OF DEPOSITION

THE CITY OF NEW YORK, ET AL            14- cv- 07581

                  Defendants

-----------------------------------------------------------------------X

COUNSELORS:

      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant Lt. WILLIAM DAVITT on the 4th day of November, 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.

      You are invited to attend and cross examine.

DATED: BROOKLYN, NY
      September 29, 2015.
      ---------------/s/---------------------------

                        MICHAEL COLIHAN (MC-0826)
                        Attorney for the Plaintiff
                        44 Court Street Rm 906
                        Brooklyn, NY 11201
                        (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
      Attorney for Defendants

100 Church Street
New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION
BY THE CITY OF NEW YORK


UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                                    Plaintiff
            -against-                                 NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                    14- cv- 07581

                              Defendants
--------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant P.O.

LEE MALDONADO  on the 10th day of November 2015 at 10:00AM. The deposition

shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at

the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall

continue from day to day until completed.

        You are invited to attend and cross examine.


DATED: BROOKLYN, NY
        September 29, 2015.
        ---------------/s/---------------------------

                                    MICHAEL COLIHAN (MC-0826)
                                    Attorney for the Plaintiff
                                    44 Court Street Rm 906
                                    Brooklyn, NY 11201
                                    (718) 488-7788


TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
        Attorney for Defendants
        100 Church Street

New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                     Plaintiff
      -against-                          NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL           14- cv- 07581

                     Defendants
--------------------------------------------------------------------------X

COUNSELORS:

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant SGT. STEVEN RIGGIO on the 11th day of November 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.

       You are invited to attend and cross examine.

DATED: BROOKLYN, NY
      September 29, 2015.
      ---------------/s/---------------------------

                         MICHAEL COLIHAN (MC-0826)
                         Attorney for the Plaintiff
                         44 Court Street Rm 906
                         Brooklyn, NY 11201
                         (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
    Attorney for Defendants
    100 Church Street
    New York, NY 10007


THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK


UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                          Plaintiff
        -against-                              NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                    14- cv- 07581

                          Defendants
------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant P.O.

ALEXIS CASTILLO on the 12th day of November, 2015 at 10:00AM. The deposition shall

be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the

offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall

continue from day to day until completed.

        You are invited to attend and cross examine.


DATED: BROOKLYN, NY
        September 29, 2015.
        ---------------/s/--------------------------

                              MICHAEL COLIHAN (MC-0826)
                              Attorney for the Plaintiff
                              44 Court Street Rm 906
                              Brooklyn, NY 11201
                              (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
Attorney for Defendants
100 Church Street
New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL PACHECO, et al
                                    Plaintiff
            -against-                                    NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                14- cv- 07581

                        Defendants
--------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant DET. MANUEL SEPULVEDA on the 13th day of October, 2015 at 10:00AM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.

        You are invited to attend and cross examine.

DATED: BROOKLYN, NY
        September 29, 2015.
        ---------------/s/---------------------------

                                    MICHAEL COLIHAN (MC-0826)
                                    Attorney for the Plaintiff
                                    44 Court Street Rm 906

I think a basic piece of discovery is disclosure of the IAB/CCRB histories of these defendants. I have never litigated a civil rights matter where a judge did not order the disclosure of at least some of this information. Although it is not binding on this Court, Local Rule 88.10 of the SDNY, which used to be known as the 1983 Plan, requires the disclosure of disciplinary information on the defendants.

Under the circumstances I hope the Court will understand when I defer making a demand on this matter until the City makes disclosures of disciplinary files produced and maintained by its clients. I think I would be remiss in my obligations to my clients not to require this material. There is nothing to stop the City from making an offer and I'd be happy to hear one.

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

This is an Electronic Signature

Michael Colihan

cc: Law Department- Via ECF

EXHIBIT 32

10/19/2015

212 788- 9776 & 212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN

RE : Pacheco, et al v NYC et al

These were served reg. mail & Email as well- Please acknowledge receipt

MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street Rm 906
Brooklyn, NY 11201
(718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
Attorney for Defendants
100 Church Street
New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION
BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MICHAEL PACHECO, et al
                                  Plaintiff



                    -against-                        NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                          14- cv- 07581

                              Defendants
------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant

SGT. FELIX CONCEPTION on the 26th day of October, 2015 at 10:00AM. The deposition

shall be recorded by a certified stenographer. Said deposition shall begin at 10:00AM at

the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall

continue from day to day until completed.

        You are invited to attend and cross examine.


DATED: BROOKLYN, NY
        September 29, 2015.
        ----------------/s/--------------------------
                                        MICHAEL COLIHAN (MC-0826)
                                        Attorney for the Plaintiff
                                        44 Court Street Rm 906
                                        Brooklyn, NY 11201
                                        (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
        Attorney for Defendants
        100 Church Street
        New York, NY 10007

EXHIBIT THIRTY

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                     October 9, 2015.


You Honor:

        I represent the plaintiffs in this action. We recently had a conference before the Court and the City had asked for a demand which I indicated would be forthcoming. I write simply to inform the Court of my position on this, as follows.

        The case before Your Honor arose out of the following incident. Last November, the plaintiffs were at their place of business, a barbershop, minding their own business, when an undercover police officer entered and tried to sell a stolen cell phone. One of the plaintiffs told him that if he was not there to get a haircut he must leave. In the incident that followed, more than a dozen police officers " responded" and injured all three plaintiffs. Michael Pacheco Jr. and Stephen Cummings were arrested and charged with possession of stolen property. The Richmond County District Attorney was so impressed with the allegations of the City's clients that they declined prosecution of the criminal matters after the two younger plaintiffs spent about 24 hours in jail. As to Michael Pacheco Sr., he was issued a Desk Appearance Ticket for disorderly conduct which was dismissed for facial insufficiency on the first appearance.

        This case is nearly one year old. A civilian present captured the incident on video which is very clear and shows the faces of all present, including the police. After all this time, we are still unaware of the identities of about six of the police defendants. Under the circumstances, it is impossible to believe that anyone is trying very hard to obtain this information.

        I think knowing the identities of all the defendants is a basic piece of information that any litigant should have before making a demand. In an effort to obtain this information, I have served the Law Department with deposition notices. At these depositions, among other things, I would play the video record of the incident and question the defendants as to the identities of those present.

I have tried to confirm these deposition dates with the City without success. I ask that the Court order the City to do this now.

I thank the Court for its attention and consideration.

MC/ll

Very Truly Yours,

/s/

This is an Electronic Signature

Michael Colihan

cc: Law Department- Via ECF

# EXHIBIT 31

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

RE: Pacheco, et al v NYC et al 14 cv 07581

The Honorable Marilyn Dolan Go
United States District Court for
the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201                    October 19, 2015.

You Honor:

        I represent the plaintiffs in this action. We recently had a conference before the Court and the City had asked for a demand which I indicated would be forthcoming. I write simply to inform the Court of my position on this, as follows. I also write to respond to my adversary's letter of earlier today where she states that I have refused to make a demand. This is untrue; I simply do not wish to make a demand until I receive basic discovery, which includes the IAB /CCRB histories of all the individual defendants.

        The case before Your Honor arose out of the following incident. Last November, the plaintiffs were at their place of business, a barbershop, minding their own affairs, when an undercover police officer entered and tried to sell a stolen cell phone. One of the plaintiffs told him that if he was not there to get a haircut he must leave. In the incident that followed, more than a dozen police officers " responded" and injured all three plaintiffs. Michael Pacheco Jr. and Stephen Cummings were arrested and charged with possession of stolen property. The Richmond County District Attorney was so impressed with the allegations of the City's clients that they declined prosecution of the criminal matters after the two younger plaintiffs spent about 24 hours in jail. As to Michael Pacheco Sr., he was issued a Desk Appearance Ticket for disorderly conduct which was dismissed for facial insufficiency on the first appearance.

        This case is nearly one year old. A civilian present captured the incident on video which is very clear and shows the faces of all present, including the police. Despite this, I did not receive the names of an additional ten defendants until October 9, 2015 . Under the circumstances, it is impossible to believe that anyone is trying very hard to obtain this information. This is the obstructionism and delay for its own sake that is the stock in trade of the City & its clients.

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED ON ECF

The Honorable Marilyn Dolan Go
United States District Court
for The Eastern District for New York
225 Cadman Plaza
Brooklyn, New York 11201

October 19, 2015

:

RE: Pacheco, et al v the City of NY , et al

14-cv- 07581

Your Honor:

    I represent the plaintiffs in this action. I am writing this letter without the permission of my adversary. I request permission to amend the complaint in this action. The principal amendments are to substitute the names of 9 additional defendants recently disclosed by the City. I have also corrected typographical errors regarding the numbering of the paragraphs in the complaint.

    I have attached a copy of the proposed amended complaint.

    Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

    Signed- This is an electronic signature

    Michael Colihan

# EXHIBIT 33

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

                   Plaintiff

        -against-

THE CITY OF NEW YORK
LIEUTENANT WILLIAM DAVITT, , OFFICER LEE
MALDONADO, Sh. # 2135, SGT. STEVEN RIGGIO,
Sh. # 4628, DET. EDWARD PATTERSON, Sh. # 4626
P.O. ALEXIS CASTILLO, Sh. # 27202, DET. MANUEL
SEPULVEDA, Sh. # 16172 , SGT. JOHN TODARO, Sh. # 5234
POLICE OFFICER BESIM PELINKU, Sh. # 29412,
SGT FELIX CONCEPCION, POLICE OFFICER BRIAN
JOHNSON, Sh. # 14496, POLICE OFFICER RICHARD SHERIDAN
Sh. # 28443, POLICE OFFICER VINCENT PALMER, Sh. #
13566, POLICE OFFICER WILLIAM KULIK, Sh. # 239565
POLICE OFFICER MARTIN HABER, Sh. # 29395,
POLICE OFFICER ANTHONY CIMMINO, Sh. # 11712
DETECTIVE HENRY RIVERA, Sh. # 3959,
POLICE OFFICER MATTHEW FLORES, Sh. # 3992
DETECTIVE MICHAEL BURKE, DETECTIVE FRANK
MUIRHEAD, Sh. # 20981 and POLICE OFFICER JOHN DOE 1-20

                                 14-cv- 07581

                Defendants
-------------------------------------------------------------------------X

FOURTH AMENDED
COMPLAINT
PLAINTIFFS DEMAND
TRIAL BY JURY

14-cv-7581

MICHAEL COLIHAN- ATTORNEY AT LAW

                                 44 Court Street
                                     Suite 906
                         Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL PACHECO, Sr., MICHAEL PACHECO, Jr.
and STEPHEN CUMMINGS

               Plaintiff

      -against-

THE CITY OF NEW YORK
LIEUTENANT WILLIAM DAVITT, , OFFICER LEE
MALDONADO, Sh. # 2135, SGT. STEVEN RIGGIO,
Sh. # 4628, DET. EDWARD PATTERSON, Sh. # 4626
P.O. ALEXIS CASTILLO, Sh. # 27202, DET. MANUEL
SEPULVEDA, Sh. # 16172 , SGT. JOHN TODARO, Sh. # 5234
POLICE OFFICER BESIM PELINKU, Sh. # 29412,
SGT FELIX CONCEPCION, POLICE OFFICER BRIAN
JOHNSON, Sh. # 14496, POLICE OFFICER RICHARD SHERIDAN
Sh. # 28443, POLICE OFFICER VINCENT PALMER, Sh. #
13566, POLICE OFFICER WILLIAM KULIK, Sh. # 239565
POLICE OFFICER MARTIN HABER, Sh. # 29395,
POLICE OFFICER ANTHONY CIMMINO, Sh. # 11712
DETECTIVE HENRY RIVERA, Sh. # 3959,
POLICE OFFICER MATTHEW FLORES, Sh. # 3992
DETECTIVE MICHAEL BURKE, DETECTIVE FRANK
MUIRHEAD, Sh. # 20981 and POLICE OFFICER JOHN DOE 1-20
                              14-cv- 07581

               Defendants
-------------------------------------------------------------------------X

**FOURTH AMENDED COMPLAINT PLAINTIFFS DEMAND TRIAL BY JURY**

14-cv-7581

Plaintiffs, above named, by their attorney, Michael Colihan, as and for their complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiff MICHAEL

PACHECO, Sr., MICHAEL PACHECO, Jr. and STEPHEN CUMMINGS in Richmond County for offenses that never took place. The defendants assaulted and injured the three plaintiffs as well The plaintiffs suffered loss of liberty and serious and severe physical and psychological injuries, the full nature and extent of which have yet to be determined. The plaintiffs did not consent to any confinement and it was not otherwise privileged.. The Richmond County District Attorney declined to prosecute the criminal cases falsely brought against plaintiffs MICHAEL PACHECO, Jr. & STEPHEN CUMMINGS, but not until they has been falsely arrested and spent about 24 hours in jail each. The desk appearance ticket for disorderly conduct issued to MICHAEL PACHECO, SR was dismissed on April 28, 2015 By the filing of this complaint, the plaintiffs now allege that the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiffs invoke the pendant jurisdiction of this court to assert claims arising under state law. The plaintiffs further allege that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department in Richmond County .The motivation for these unlawful arrests is overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against

municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.   Venue is properly laid in the EASTERN District of New York in that this is the District where the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

## PARTIES

6.  The plaintiff MICHAEL PACHECO, Sr. is a 47 year old Hispanic male and a resident of the City and State of New York, in Richmond County. .

7.  The plaintiff MICHAEL PACHECO, Jr. is a 25 year old Hispanic male and a resident of the City and State of New York, in Richmond County.

8.  The plaintiff STEPHEN CUMMINGS. is a 29 year old  male and a resident of the City and State of New York, in Richmond County.

9. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

10. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

11. That the defendants POLICE OFFICER BESIM PELINKU, Sh. # 29412 and SGT. FELIX CONCEPCION were and are agents, servants and employees of the defendant THE CITY OF NEW YORK .

12. That the defendant and SGT. FELIX CONCEPCION was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

13. That the defendant LT. WILLIAM DAVITT was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

14. That the defendant P.O. LEE MALDONADO, Sh. # 2135 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

15. That the defendant SGT. STEVEN RIGGIO, Sh. # 4628 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

16. That the defendant DETECTIVE EDWARD PATTERSON, Sh. 36786 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

17. That the defendant P.O. ALEXIS CASTILLO, Sh. # 27202 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

18. That the defendant DETECTIVE MANUEL SEPULVEDA, Sh. # 16172 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

20. That the defendant POLICE OFFICER BRIAN JOHNSON, Sh. # 14496 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

21. That the defendant POLICE OFFICER RICHARD SHERIDAN # 28443 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

22. That the defendant POLICE OFFICER VINCENT PALMER, Sh. # 13566 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

23. That the defendant POLICE OFFICER WILLIAM KULIK Sh. # 23965 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

24. That the defendant POLICE OFFICER MARTIN HABER, Sh. # 29395 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

25. That the defendant POLICE OFFICER ANTHONY CIMMINO Sh. # 11712 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

26. That the defendant DETECTIVE HENRY RIVERA, Sh. # 3959 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

27. That the defendant POLICE OFFICER MATTHEW FLORES, Sh. # 3992 was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

28. That the defendant DETECTIVE MICHAEL BURKE,  was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

29. That the defendant DETECTIVE FRANK MUIRHEAD, Sh. # 20981, was and is an agent, servant and employee of the defendant THE CITY OF NEW YORK .

30. That the defendants POLICE OFFICERS JOHN DOE 1-20 were and are agents,

servants & employees of the defendant THE CITY OF NEW YORK.

### STATEMENT OF RELEVANT FACTS

31. That on or about the 21st day of November, 2014, the plaintiffs were lawfully at their place of business at 1807 Richmond Avenue, in the City and State of New York in the County of Richmond.

32. The plaintiffs were committing no crime at that time and were not acting in a suspicious manner.

33. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, SR was unlawfully and without just cause, approached & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions . He was also issued a desk appearance ticket and wrongfully detained in connection with same.

34. That while at the aforesaid time and place the plaintiff STEPHEN CUMMINGS was unlawfully and without just cause, approached, accosted, assaulted,  falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who

were acting under color of law during the aforesaid transactions .He was taken first to the 121[th] Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

35. That while at the aforesaid time and place the plaintiff MICHAEL PACHECO, Jr.. was unlawfully and without just cause, approached, accosted & assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .He was taken first to the 121[th] Precinct, then to the 120th Precinct and then to the holding cells at 67 Targee Street, Staten Island, NY

36. The defendant officers continued to imprison MICHAEL PACHECO Jr over 24 hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612902 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

37. The defendant officers continued to imprison STEPHEN CUMMINGS  over 24  hours after his unlawful arrest. The Richmond County District Attorney declined to prosecute the plaintiff after a review of the matter, which was assigned arrest # S14612903 and he was eventually released from 67 Targee Street. The plaintiff was wrongfully incarcerated .

38. That the defendant officers wrongfully issued the plaintiff MICHAEL PACHECO, SR. a desk appearance ticket for disorderly conduct which was dismissed on April 28, 2015 in Richmond County Criminal Court. In connection with same, the plaintiff was wrongfully arrested, incarcerated and detained. He was also forced to walk without his crutches in the custody of the police which exacerbated a pre existing medical condition.

39. While the plaintiffs were being held, their designated " arresting officer" , JOHN DOE with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiffs had committed offenses when in fact this was not true. The plaintiffs were also subjected to a degrading search of their  private parts and genitals by the

defendants.

40.  Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

41.  The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to wit avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

42. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the  falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiff

43. The event complained of is not an isolated incident. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

44. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

45. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

46. By reason of the foregoing, plaintiffs sustained injury and damage as described above.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Sr**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

47. The plaintiff repeats the foregoing allegations

48. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault & injury caused by the defendants to MICHAEL PACHECO, SR. were performed and carried out under color of law.

49. All of the above described acts deprived plaintiff MICHAEL PACHECO, Sr of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

50. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

51. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

53. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL PACHECO, Jr
#### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

54. The plaintiff repeats the foregoing allegations

55. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of MICHAEL PACHECO, JR. were performed and carried out under color of law.

56. All of the above described acts deprived plaintiff MICHAEL PACHECO, JR. of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

57. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

58. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all

under the supervision of ranking officers of said department.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

60. By reason of the foregoing, the plaintiff MICHAEL PACHECO, JR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STEPHEN CUMMINGS**
**Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

61. The plaintiff repeats the foregoing allegations

62. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees, including but not limited to the assault by the defendants of STEPHEN CUMMINGS. were performed and carried out under color of law.

63. All of the above described acts deprived plaintiff STEPHEN CUMMINGS of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

64. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, including but not limited to P.O .PELINKU in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

65. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom,practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

67. By reason of the foregoing, the plaintiff MICHAEL PACHECO, Sr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action .

### AS AND FOR A FOURTH CLAIM ON BEHALF OF MICHAEL PACHECO, Jr.
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

68. Plaintiff, MICHAEL PACHECO, Jr. repeats the foregoing allegations

69. The Defendants arrested the plaintiff MICHAEL PACHECO, Jr. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

70. The individually named defendants caused plaintiff MICHAEL PACHECO, Jr to be falsely arrested and unlawfully detained.

71 . By reason of the foregoing, the plaintiff MICHAEL PACHECO, Jr is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF STEPHEN CUMMINGS
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

72. Plaintiff, STEPHEN CUMMINGS, repeats the foregoing allegations

73. The Defendants arrested the plaintiff STEPHEN CUMMINGS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

74. The individually named defendants caused plaintiff STEPHEN CUMMINGS to be falsely arrested and unlawfully detained.

75. By reason of the foregoing, the plaintiff STEPHEN CUMMINGS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CLAIM ON BEHALF OF MICHAEL PACHECO, SR.
### False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

76. Plaintiff, MICHAEL PACHECO, SR., repeats the foregoing allegations

77. The Defendants arrested the plaintiff MICHAEL PACHECO, SR. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

78. The individually named defendants caused plaintiff MICHAEL PACHECO, SR. to be falsely arrested and unlawfully detained.

79. By reason of the foregoing, the plaintiff MICHAEL PACHECO, SR. is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS

### Failure to Intervene under 42 U.S.C. Section 1983

80. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiffs whose constitutional rights were being violated in their presence and with their knowledge.

82. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

83. By reason of the foregoing the plaintiffs were assaulted, had their liberty restricted for an extended period of time, was put in fear of their safety, and were humiliated and subjected to handcuffing and other physical restraints.

84. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS
Supervisory Liability under 42 U.S.C. Section 1983

85. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

86. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

. 87. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN NINTH CAUSE OF ACTION ON BEHALF OF ALL THE PLAINTIFFS
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

88.The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

90. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal

their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

91. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

92. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiffs.

93. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.            .

94. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

95. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

96 .Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

97. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

99. Particularly in Richmond County, that has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York:  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066. Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-

05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al  10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has been sued in at least 16 separate lawsuits.

100. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

101. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

102.    At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

103. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983

and the United States Constitution, including its Fourth and Fourteenth Amendments.

104. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

105. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY
October 19, 2015.

.        This is an electronic signature

--------------/s/----------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788

# EXHIBIT 34

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MICHAEL PACHECO, SR. et al

                    Plaintiff                                    NOTICE OF MOTION

-against-
THE CITY OF NEW YORK, et al                                     14-cv-7581

                    Defendants
--------------------------------------------------------x
This document was filed via ECF


        PLEASE TAKE NOTICE, that upon the accompanying affirmation of

Michael Colihan dated the 11th day of November, 2015 and all the papers & proceedings had

heretofore herein, the undersigned will move this Court before THE HON. MARILYN DOLAN

GO on such  date and time the Court shall designate at the Courthouse located at 225 Cadman

Plaza, Brooklyn, New York for an Order pursuant to Rule 15  of the Federal Rules of Civil

Procedure permitting the amendment of the complaint in this action, and for such other relief as

to the Court may seem just and proper

DATED: BROOKLYN, NY
        November 11, 2015
                                ---------------/s/----------------------
                                THIS IS AN ELECTRONIC SIGNATURE

                                MICHAEL COLIHAN
                                Attorney for the Plaintiff
                                44 Court Street
                                Suite 906
                                Brooklyn, NY 11201
                                (718) 488-7788


TO: THE CLERK OF THE COURT
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL PACHECO, SR. Et al

                  Plaintiff

                                           **PLAINTIFF'S'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT**

           **-against-**

THE CITY OF NEW YORK, et al

                                       **CASE NO:** 14-cv-7581

                  Defendant
-------------------------------------------------------------------------X

MICHAEL COLIHAN, ESQ.
Attorney for the Plaintiffs
44 Court Street Suite 906
Brooklyn, NY 11201
(718) 488-7788

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

MICHAEL PACHECO, Sr. Et al
          Plaintiff

                                    **PLAINTIFF'S'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT**

     **-against-**

THE CITY OF NEW YORK, et al

                                      **CASE NO:** 14-cv-7581

               Defendant

-----------------------------------------------------------------------------X

     Plaintiff respectfully submits this Memorandum of Law in Support his Motion to Amend the Complaint.

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

     The subject of this action is an incident which took place November 21, 2014 at the plaintiff's place of business, which is a barbershop located on Staten Island. The plaintiffs are, in the order listed on the caption Michael Pacheco, Sr. who is the father of Michael Pacheco, Jr. and Stephen Cummings. The three plaintiffs are all employed at said barbershop . On the date in question, an undercover police officer entered the plaintiff's place of business and asked if anyone wanted to buy a stolen cell phone. Michael Pacheco, Sr. told this individual that unless he was on the premises to get a haircut he must leave. An altercation ensued withe the police finding it appropriate to call over one dozen additional officers for " back up". Michael Pacheco, Jr. and Stephen Cummings were both injured, and were also arrested for Criminal Possession of Stolen Property and spend about 24 hours in jail. The Richmond County District Attorney was so impressed with the allegations of the defendants police that they declined prosecution

of both cases.

As to Michael Pacheco, Sr. he received a summons for Disorderly Conduct.Mr. Pacheco

(1)

is a diabetic and sufferers from lesions to his foot due to this condition and walks with crutches.He was forced to walk without these aids to the police vehicle which transported him to a police station, and at other times, in the process by which he was issued a summons. He preexisting condition was worsened by this. Said summons was dismissed on the first return date in Richmond County Criminal Court.

A major portion of this incident was captured on video, and the City has been provided with a copy of same. The faces of the police involved are clearly viable on this video.Despite this, it has taken nearly one year for the City to disclose the names of all the defendants and there is still one missing. The plaintiff had scheduled a deposition of the arresting officer in an effort to obtain the identities of the individual defendants in the video but this was cancelled by the City the morning it was supposed to take place.

The  amendments to the complaint the plaintiffs seek to make concerns the addition of the newly identified defendants in place of the "John Does" currently named.

The plaintiffs have provided the City with a proposed amended complaint and asked the defendant's consent to amendments contained therein. The City has refused to consent.

## ARGUMENT

Rule 15 of the Federal rules of Civil Procedure, entitled "Amended and Supplemental Pleadings" provides for various forms of amendment as of right. None of those situations apply here.

F.R.C.P. 15 d (2) provides that " In all other cases, a party may amend its pleading only with the opposing's party's consent, or the Court's leave. The court should freely

counsel has litigated over 200 of these matters) have resulted in the successful litigation of those cases.

I believe that the last limiting factor, that of futility, applies in a situation where the statue of limitations has expired on one or more causes of action. The occurrence complained of took place in November 21, 2014 and as such the statute of limitations on these civil rights claims will not expire for another two years. In fact, there is nothing to stop the plaintiff from bringing another action against the new defendants while informing the Court that there is another case related to it. It is impossible to see what this would accomplish save a needless expenditure of time any money. Sad to say, delay for its own sake is often the way of these defendants.

(3)

I would respectfully urge the Court that the City's failure to consent to this simple amendment constitutes bad faith on the part of the defendants and is sanctionable. I believe that at our last appearance before the Court the Court suggested that the City consider consenting to same. I would also suggest that under these circumstances, where the discovery phase has barely begun, that one would routinely expect a defendant to consent to such an amendment.

**CONCLUSION**

For the foregoing reasons the motion by the plaintiff to amend the complaint should be granted.

Dated: Brooklyn, New York
      November 10, 2015.

_____/s/_____
THIS IS AN ELECTRONIC SIGNATURE

give leave when justice so requires."

       In the Notes of the Advisory Committee on the Federal Rules of Civil Procedure, it clear that " Rule 15 (d) is intended to give the court broad discretion in allowing a supplemental pleading "

       Concerning the language, 'The court should freely give leave when justice so requires.",

<div align="center">(2)</div>

most courts have interpreted this to mandate leave to amend unless one of the following factors justifies denial. The first would be undue delay, the second, bad faith or dilatory motive by the

moving party, the third, repeated failure to cure deficiencies by previous amendments, the fourth undue prejudice to the opposing party or last, futility. *Forman v Davis* 371 U.S. 178, 192 (1962)


       It is impossible to see how any of the four limiting factors would be applicable to the facts of this case. This case is less than a year old and a discovery schedule has just been set. There would be noting to revisit or adjourn since the discovery process has just begun. No reasonable person could view this amendment as delaying anything at all.


       Plaintiffs submit that, under these circumstances, at least one indication of bad faith or a dilatory motive would be surprise for the party opposing the amendment. These is no question that the new defendants the plaintiff seeks to add were at the scene of the incident.  They are on a video recording taken of the incident, and the City has a copy of this.  Even beyond the video record of which the City is in possession, the City undoubtedly knew of the identities of these defendants through its investigation of the matter.


       A failure to cure deficiencies in the complaint via previous amendments is not present here. The prior complaints set forth a cognizable claim under Section 42 USC 1983 and related causes of action. Similar complaints in similar actions ( and plaintiff's

Respectfully Submitted

    MICHAEL COLIHAN
    ATTORNEY FOR THE PLAINTIFF
    44 Court Street Suite 906
    Brooklyn, NY 11201
    (718) 488-7788

(14)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MICHAEL PACHECO, Sr. et al

            Plaintiff

                                 DECLARATION OF MICHAEL
                                 COLIHAN IN SUPPORT OF THIS
       -against-                    APPLICATION TO AMEND THE
                                 COMPLAINT

THE CITY OF NEW YORK , et al

                              **CASE NO:** 14-cv-07581

             Defendant.
-----------------------------------------------------------------------x

      MICHAEL COLIHAN declares under penalty of perjury and pursuant to U.S.C.

Section 1746 that the following statements are true and correct.

        1. I am the attorney for the plaintiff in this action. I am familiar with all the

facts and circumstances as set forth herein. I submit this declaration in  support of

plaintiff's application to amend the complaint

        2. A review of my emails indicates that I sent a copy of the proposed

Amended Complaint to ELISSA JACOBS, ESQ. the attorney from the Law Department

assigned to the defense of this action.  She has indicated that she does not consent to this

amendment. A copy of the proposed Amended Complaint is annexed as Exhibit "A"

Dated: Brooklyn, NY
       November 11, 2015

----------------/s/--------------------------
This is an electronic signature


MICHAEL COLIHAN, ESQ.
Attorney for the Plaintiffs
44 Court Street Suite 906
Brooklyn, NY 11201
(718) 488-7788

EXHIBIT 35

**MICHAEL COLIHAN, Attorney at Law**
44 Court Street
Suite 906
Brooklyn, New York 11201
Phone (718) 488-7788

09/21/2015

TO: Dr. John Sotille

FROM: Michael Colihan

RE: Pacheco v the City of NY

      Please see the attached letter together with a HIPA Authorization & thanks for your time and attention

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

PLEASE FIND CHECK ENCLOSED FOR $500.00 for narrative report

RE: Michael Pacheco

Dr. John Sotille
89 Cromwell Avenue
Staten Island, NY              09/21/2015

SENT VIA FAX 718- 980- 9252

Dear Dr. Sotille:

I represent Mr. Michael Pacheco, who I have been told is a patient of yours. As you may know, he was involved in an incident last year in 2014 where he was forced to walk without his crutches for a considerable distance. He has told be that you have been treating him for a pre-existing would to his foot which was caused by diabetes. He has told me that this forced walking without his crutches has caused a more severe wound to his foot which required hospitalization at Staten Island University Hospital.

I have attached a fully executed HIPA authorization. Please advise of the charge for your narrative report with regard to this matter. If possible, I would like to speak to you about his condition. I know that you are busy, but I will not take up much of your time. I can be reached at anytime at 347 742 5045.

Thanks for your attention & consideration.

MC/ll                          Very Truly Yours,

/ s /

Michael Colihan

# EXHIBIT 36

# EXHIBIT 37

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

February 17, 2016.

The Hon. Marilyn Dolan Go
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY

Your Honor:

     I represent the plaintiff in this action. I am writing this letter in an effort to avoid motion practice. I have tried several times to have my adversary at the Law Department schedule depositions of defendants .I have sent several messages to no avail. These deposition are material and necessary to the prosecution of this action.

     I respectfully request the Court order the appropriate relief.             .

     Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

Michael Colihan

# EXHIBIT 38

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

March 17, 2016

Mr. Michael Pacheco
EZ Does it Barbershop
1807 Forest Avenue
Staten Island, NY

Dear Mr. Pacheco;

    I hope you and your family are well. I have enclosed the report of Dr. Sotille. Please give me a call when you get it to discuss same.

    Thanks for your time.

MC/ll

Very Truly Yours

Michael Colihan

EXHIBIT 39

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

October 27, 2016.

The Hon. Marilyn Dolan Go
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

      I represent the plaintiff in this action. I am writing this letter in compliance with the Court's most recent Order directing the parties to file a joint status report on this case. I was sad to hear that my adversary Ms. Jacobs lost her father recently and is not in her office. She has asked for an additional two weeks to file this letter and I of course join in her application.


      Thank you for your attention and consideration


MC/ll

Very Truly Yours,

This is an electronic signature

Michael Colihan

EXHIBIT 40

UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
MICHAEL PACHECO, Sr. et al

<div style="text-align:right">

PLAINTIFF'S
RESPONSE TO DEFENDANTS
FIRST SET OF
INTERROGATORIES &
DOCUMENT REQUESTS

</div>

     -against-

THE CITY OF NEW YORK, et al

**CASE NO: 14-cv-7581**

        Defendant

-------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the plaintiff , through their attorney, MICHAEL COLIHAN  pursuant to FRCP Rule 34 and the Local Rules of this Court responds to the defendant's FIRST SET OF INTERROGATORIES & DOCUMENT REQUESTS as follows:

***THESE RESPONSES APPLY TO THE PLAINTIFF MICHAEL PACHECO, JR. ONLY***

OBJECTIONS:

By responding to any request or interrogatory, plaintiffs do not concede the materiality of the subject matter of same. Plaintiffs waive no objection of any kind to any subject matter. Plaintiffs also object to the object to the production of any material or interrogatories concerning any subject matter covered by the attorney client or work product privileges. Inadvertent production of any privileged or otherwise immune from discovery shall not constitute a waiver of said privilege. The plaintiffs reserve the right to supplement these responses.

1. WITNESSES: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving said objection, other than the named parties,

the plaintiff is aware, upon information & belief, of the following individuals who may have knowledge of the allegations of the complaint. The individuals named in the City's Rule 26 disclosure & the plaintiff's first amended complaint and the City's subsequent disclosures, all of which are incorporated by reference In addition. The Richmond County District Attorney, 130 Styvesant Place, Staten Island, NY and the individuals named in the plaintiff's Initial Disclosures which are incorporated by reference.

2. STATEMENTS OF THE PLAINTIFF: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving said objection the following may be considered statements of the plaintiff. The complaint in this action, and the Rule 26 disclosures prepared by the plaintiff through counsel The defendants are in possession of all of this material. Without admitting same , the video of the incident produced herewith may be considered a statement of the plaintiff.

3. STATEMENTS OF THE CITY OF NEW YORK. : Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving said objection the plaintiff is aware of no statements of the City of New York other than, upon information & belief, the various police reports prepared by the City including but not limited to memo book entries of the officers involved in the incident and arrest that caused injury to the plaintiff, the complaint report, vouchers for property recovered, arrest reports, etc. All these are in the possession of the defendants The plaintiff is aware of an electronically recorded video/audio recording of the incident provided herewith, which may be considered a statement . If the Richmond County District Attorney is to be considered an employee of the City of New

York, it may have generated a file on this matter under the arrest number set forth in the complaint..

    4. PHYSICAL INJURIES CLAIMED. Plaintiff will claim multiple personal injuries including but limited to those contained on the MRI reports of Precision Imaging annexed hereto.

    5. ECONOMIC INJURIES: There will be no claim for lost wages in this action . Medical & other expenses will be set forth under separate cover.

    6. EMPLOYERS OF THE PLAINTIFF: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving said objection the plaintiff is not making a claim for lost wages.

    7. MEDICAL PROVIDERS OF THE PLAINTIFF: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence.

    8.,9 & 10. PLAINTIFF'S APPLICATION FOR WORKMAN"S COMPENSATION, UNEMPLOYMENT INSURANCE SOCIAL SECURITY DISABILITY AND MEDICARE AND/OR MEDICAID : Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving any of the foregoing, the plaintiff Michael

Pacheco, Jr, upon information and belief, has never received Unemployment Insurance, SSI Disability, Medicare or Medicaid .

      11. PLAINTIFF'S PAST CLAIMS WITH INSURANCE CARRIERS. .Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence.

      12. COMPLAINTS TO REGULATORY AGENCIES: Upon information & belief the plaintiff has made no complaints concerning this incident to anyone outside of the instant lawsuit.

      13. PRIOR ARRESTS:. Plaintiffs object to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence.

      14. PRIOR CRIMINAL CONVICTIONS; Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence.

      15. PRIOR LAWSUITS:  Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. Notwithstanding or waiving any of the foregoing, upon

information & belief the plaintiff has not been a plaintiff in another civil rights and/or personal injury action.

16. PRIOR TESTIMONY:  The plaintiff  has never given testimony regarding this matter.

17. & 18:TREATING PHYSICIANS & EXPERTS: Dr. Ilyce Marange, 188 Montague Street, Brooklyn, NY, Dr. Dov Berkowitz, 50 Court Street, Brooklyn, NY & Precision Imaging, 222 East 68th Street, NY, NY

19. DOCUMENTS PREPARED BY THE PLAINTIFF & OTHERS; The plaintiff's counsel has prepared the following documents in connection with this matter: The civil cover sheet, summons & complaint, Rule 26 Disclosure, Document Requests & Interrogatories to the City, Responses to the City's Document Requests & Interrogatories. Plaintiff also prepared notes of various conversations with the plaintiff concerning which he claims the attorney work product privilege.  Upon information & belief, the New York City Law Department has prepared an Answer with Affirmative Defenses, Rule 26 Disclosure, and Request for Documents & Interrogatories, and Response to Interrogatories & Document Requests of the Plaintiff. The New York City Police Department has prepared the documents identified above & provided to the plaintiff in its Rule 26 disclosure.

20. FOIL REQUESTS: Will be supplied under separate cover

DOCUMENT REQUESTS

9. TAX RETURNS: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. No claim will be made for lost wages.

10. EXPERT DISCLOSURES: The demand for Expert Disclosures is premature at this time.

11.-24: RELEASES FOR MEDICAL RECORDS, RELEASES AS PER CPL 160.50 EMPLOYMENT, UNEMPLOYMENT, INSURANCE, SOCIAL SECURITY, MEDICAID/MEDICARE RECORDS: Plaintiff objects to this demand on the grounds that it is vague & ambiguous and to the extent that it calls for information not in the custody of the plaintiff, that it is burdensome, designed to harass the plaintiff, and not likely calculated to lead to the discovery of relevant evidence. The plaintiff has already provided a CPL 160.50 release.

This is an electronic signature

DATED: May 15, 2015
      Brooklyn, NY

/s/

-----------------------------------------------

MICHAEL COLIHAN
(MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201

(718) 488-7788

TO:  ELISSA JACOBS, ESQ.
     Law Department-SFLIT
     City of New York
     100 Church Street
     New York, NY 10007

# EXHIBIT 41

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

November 21, 2016

The Hon. Marilyn Dolan Go
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY

Your Honor:                                    14-cv-09526

      I represent the plaintiff in this action. I am writing this letter in compliance with the Court's most recent Order directing the parties to file a joint status report on this case. I have not heard from my adversary after leaving a message and also sending a copy of this letter in advance of sending it to the Court. I know that she had recently lost her father but this case is not new and perhaps another lawyer in her office could assist her to deal with this case.

      Thank you for your attention and consideration

MC/ll                                    Very Truly Yours,

                                    This is an electronic signature

                                    Michael Colihan

# EXHIBIT 42

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

December 19, 2016

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

    I represent the plaintiff in this action. As I had promised at the status conference held earlier today I have enclosed a copy of the video of this incident that is the subject of this lawsuit. My adversary is already in possession of same.

    Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

# EXHIBIT 43

# EXHIBIT 44

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

January 7, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

I represent the plaintiff in this action. A settlement conference is set for early February of this year.

This case is in its third year. Since the beginning, the City has been in possession of a video of the incident. Several depositions have been conducted as well.

As I indicated at the Initial Conference, at the time of this incident, the plaintiffs were in their place of business, which is a barbershop, minding their own affairs, when the defendants thought it wise to conduct a "sting" operation and try to sell a supposedly stolen I phone. Michael Pacheco Jr. and Steven Cummings were arrested for Criminal Possession of Stolen Property and related charges. One of the many questions one could ask in this case would be how such criminal charges could be brought when the phone in question was not actually stolen. The Richmond County District Attorney was so impressed with these allegations that they declined prosecution of the matters against Messers. Pacheco and Cummings. As to Michael Pacheco, Sr.he received a summons for disorderly conduct dismissed upon the first appearance.

Michael Pacheco Sr. sufferers from a recurrent infection to his foot and normally ambulates on crutches. All the plaintiffs are self employed. If they do not work then do not get paid.

My clients and I are happy to attend a settlement conference and spend the time and effort this requires if the City actually has good faith intentions to settle this case. Since we have not received an offer after nearly three years the City's good faith is open to question. I have had a similar experience with Ms. Jacobs on another matter recently where the time of a half dozen people was wasted because the City would not make a good faith offer.

I simply request the City be required to follow the rules and make a good faith offer on this case before the settlement conference.

Thank you for your attention and consideration

MC/ll                                                            Very Truly Yours,

This is an electronic signature

cc: Law Department

Michael Colihan

# EXHIBIT 45

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

The Honorable Frederick Block
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

FILED VIA ECF

January 24, 2017.

RE: 17-cv-6785

Your Honor:

I represent the plaintiffs in this action. I am writing this letter simply to provide the Court with the following information. I filed this case in November of last year. It alleges civil rights violations by members of the NYPD against the plaintiff. There is a related action which covers the same incident which took place in November of 2014. The docket number of the earlier action covering the same incident is 14 cv- 7581 (MKB) (PK) . I had thought I included this information when filing the later case now assigned to Your Honor.

I am more than happy to litigate this matter before Your Honor but I thought it best to provide this information to the Court for whatever action deemed just.

Thanks for your attention and consideration.

MC/ll

Very Truly Yours,

This is an electronic signature /s/

Michael Colihan

cc: Law Department

# EXHIBIT 46

February 10, 2017

212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN

RE : Pacheco, et al v NYC et al Deposition notices

These were served reg. mail & Email as well- Please acknowledge receipt

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

MICHAEL PACHECO, et al

                              Plaintiff

        -against-                        NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                 14- cv- 07581

                              Defendants
---------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant LT.

WILLIAM DAVITT on the 27th day of April, 2017 at 10:00AM. The deposition shall be recorded

by a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law

Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until

completed.
        You are invited to attend and cross examine.

DATED: BROOKLYN, NY
        February 10, 2017.

                              ---------------/s/----------------------------
                              MICHAEL COLIHAN (MC-0826)
                              Attorney for the Plaintiff
                              44 Court Street Rm 906
                              Brooklyn, NY 11201
                              (718) 488-7788

TO: ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
        Attorney for Defendants
        100 Church Street
        New York, NY 10007

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                     Plaintiff

        -against-                     NOTICE OF DEPOSITION

THE CITY OF NEW YORK, ET AL           14- cv- 07581

                   Defendants

-------------------------------------------------------------------------X

COUNSELORS:

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant SGT.

STEVEN RIGGIO on the 27th day of April, 2017 at 1:00 PM. The deposition shall be recorded by

a certified stenographer. Said deposition shall begin at 1:00PM at the offices of the NYC Law

Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until

completed.

       You are invited to attend and cross examine.

DATED: BROOKLYN, NY
       February 10, 2017.

                            ---------------/s/---------------------------
                            MICHAEL COLIHAN (MC-0826)
                            Attorney for the Plaintiff
                            44 Court Street Rm 906
                            Brooklyn, NY 11201
                            (718) 488-7788

TO: ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
      Attorney for Defendants
      100 Church Street
      New York, NY 10007

   THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION

BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                Plaintiff

      -against-                        NOTICE OF DEPOSITION

THE CITY OF NEW YORK, ET AL            14- cv- 07581

                Defendants

-------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant P.O. LEE

MALDONADO on the 28th day of April, 2017 at 10:00AM. The deposition shall be recorded by

a certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law

Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until

completed.

        You are invited to attend and cross examine.

DATED: BROOKLYN, NY

        February 10, 2017.             ---------------/s/---------------------------

                                          MICHAEL COLIHAN (MC-0826)

                                        Attorney for the Plaintiff

                                        44 Court Street Rm 906

                                        Brooklyn, NY 11201

                                        (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS

      Attorney for Defendants

      100 Church Street

      New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY

THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL PACHECO, et al

Plaintiff

-against-                                    NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                      14- cv- 07581

Defendants
------------------------------------------------------------------------X

COUNSELORS:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant DET.

EDWARD PATTERSON on the 28th day of April 2017 at 1:00PM. The deposition shall be

recorded by a certified stenographer. Said deposition shall begin at 1:00PM at the offices of the

NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to

day until completed.
       You are invited to attend and cross examine.


DATED: BROOKLYN, NY
         February 10, 2017           --------------/s/--------------------------
                                     MICHAEL COLIHAN (MC-0826)
                                     Attorney for the Plaintiff
                                     44 Court Street Rm 906
                                     Brooklyn, NY 11201
                                     (718) 488-7788


TO: ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
    Attorney for Defendants
    100 Church Street
    New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                        Plaintiff

            -against-                              NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                        14- cv- 07581


                        Defendants
--------------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant P.O. ALEXIS

CASTILLO on the first day of May, 2017 at 10:00AM. The deposition shall be recorded by a

certified stenographer. Said deposition shall begin at 10:00AM at the offices of the NYC Law

Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until

completed.
        You are invited to attend and cross examine.


DATED: BROOKLYN, NY
        February 10, 2017.
                                    ---------------/s/---------------------------
                                    MICHAEL COLIHAN (MC-0826)
                                    Attorney for the Plaintiff
                                    44 Court Street Rm 906
                                    Brooklyn, NY 11201
                                    (718) 488-7788


TO: ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
        Attorney for Defendants
        100 Church Street
        New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

MICHAEL PACHECO, et al

                    Plaintiff

        -against-                                  NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                        14- cv- 07581

                    Defendants
--------------------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of defendant DET. MANUEL SEPLUVEDA on the 1st day of May, 2017 at 1:00PM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 1:00PM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.
        You are invited to attend and cross examine.


DATED: BROOKLYN, NY
        February 10, 2017.               ---------------/s/---------------------------
                                         MICHAEL COLIHAN (MC-0826)
                                         Attorney for the Plaintiff
                                         44 Court Street Rm 906
                                         Brooklyn, NY 11201
                                         (718) 488-7788

TO: ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
    Attorney for Defendants
    100 Church Street
    New York, NY 10007

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                     Plaintiff

          -against-                              NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL                      14- cv- 07581


                     Defendants
-------------------------------------------------------------------------X

COUNSELORS:

          PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff will take the deposition upon oral examination of defendant JOHN

TODARO on the second day of May, 2017 at 10:00AM. The deposition shall be recorded by a

certified stenographer. Said deposition shall begin at 10:000M at the offices of the NYC Law

Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until

completed.
          You are invited to attend and cross examine.


DATED: BROOKLYN, NY
          February 10, 2017.           ---------------/s/---------------------------
                                       MICHAEL COLIHAN (MC-0826)
                                       Attorney for the Plaintiff
                                       44 Court Street Rm 906
                                       Brooklyn, NY 11201
                                       (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS
     Attorney for Defendants
     100 Church Street
     New York, NY 10007

|  |  |  |
|---|---|---|

THE DATE AND TIME OF THIS NOTICE IS SUBJECT TO WRITTEN CONFIRMATION BY THE CITY OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL PACHECO, et al

                     Plaintiff

      -against-                       NOTICE OF DEPOSITION
THE CITY OF NEW YORK, ET AL           14- cv- 07581

                 Defendants
------------------------------------------------------------------------X

COUNSELORS:

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff will take the deposition upon oral examination of THE UNNAMED CONFIDENTIAL INFORMANT UTILIZED BY THE DEFENDANTS IN THE INCIDENT WHICH IS THE SUBJECT OF THE COMPLAINT on the second day of May, 2017 at 1:00PM. The deposition shall be recorded by a certified stenographer. Said deposition shall begin at 1:00PM at the offices of the NYC Law Department, 100 Church Street, NY, NY  The deposition shall continue from day to day until completed.
       You are invited to attend and cross examine.

DATED: BROOKLYN, NY
       February 10, 2017.

                     ---------------/s/---------------------------
                     MICHAEL COLIHAN (MC-0826)
                     Attorney for the Plaintiff
                     44 Court Street Rm 906
                     Brooklyn, NY 11201
                     (718) 488-7788

TO:  ASSISTANT CORPORATION COUNSEL ELISSA JACOBS

Attorney for Defendants
100 Church Street
New York, NY 10007

# EXHIBIT 47

May 19, 2017

212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN

RE : Pacheco, et al v NYC et al Deposition notices

    This were served via Email & fax. Please acknowledge receipt. It will be sent to the Court at 5:00pm on May 22, 2017 unless the matters it addresses are resolved before then.I can be reached at 347 742 5045

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

May 19, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY

Your Honor:                                 14-cv-09526

I represent the plaintiff in this action. I write this letter to address a discovery dispute regarding the City's failure to produce a number of defendants for their depositions as follows.

We had a status conference on this case on February 10, 2017. The Court noted that a number of defendants had not yet been deposed and asked the parties to complete deposition in this case.

That same date I sent to my adversary Ms. Jacobs at the Law Department deposition notices for defendants Todaro, Sepulveda, Davitt, Riggio, Maldonado, Patterson and Castillo. These were sent via fax email & regular mail to avoid familiar claims that they were never received. Thee dates suggested were no earlier than two months in advance in order to avoid scheduling problems.

Despite my efforts to do so, the City has not produced a single defendant out of the foregoing group for a deposition. Give the lead time with which the notices were served it is difficult to believe that all were unavailable.

I respectfully request the Court issue an Order directing the City to produce the aforementioned defendants forthwith, together with the costs of this application.

Thank you for your attention and consideration

MC/ll                                       Very Truly Yours,

                                            This is an electronic signature

cc Law Department

                                            Michael Colihan

EXHIBIT 48

June 8, 2017

212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN

RE : Pacheco, et al v NYC et al Joint Status Letter

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

June 8, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-07581

Your Honor:

      I represent the plaintiff in this action. I write this letter in compliance with the Court's last order directing the parties file a joint status letter by June 2. As per my last letter please accept my apology that same was not filed on time.

      We had a status conference on this case on February 10, 2017. The Court noted that a number of defendants had not yet been deposed and asked the parties to complete depositions in this case.

      That same date I sent to my adversary Ms. Jacobs at the Law Department deposition notices for defendants Todaro, Sepulveda, Davitt, Riggio, Maldonado, Patterson and Castillo. These were sent via fax email & regular mail .The dates suggested were no earlier than two months in advance in order to avoid scheduling problems.

      Despite my efforts to do so, the City has produced only a single defendant, William Davitt out of the foregoing group for a deposition. I have tried to schedule more without success.

      Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

EXHIBIT 49

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

July 31, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

I represent the plaintiff in this action. I write this letter to apologize to the Court for not filing the joint status letter in this case by July 28 as the Court directed. We have deposed one of the key witnesses in this case, Lt. Davitt, who was one of the supervisors of the operation which led to this lawsuit. I have had a meeting with my clients relative to the case which was extensive. There was a suggestion from Ms. Jacobs that the case could be settled and I had made a demand but no offer was forthcoming so I believe that the matter will have to be tried.

I suffered an illness in July of this year which put me behind schedule. Ms. Jacobs was involved in the trial of a matter in the SDNY which was surely time consuming to prepare involving the police shooting of a 15 year old boy. For these reasons we respectfully request an additional 60 days to complete discovery,

Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

# EXHIBIT 50

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

November 6, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-7581

Your Honor:

     I represent the plaintiff in this action. I am writing this letter to apologize to the Court for filing a letter on November 2 that did not comport with the Court's practices. I meant no disrespect and was merely trying to protect what I though might be sensitive information.

     I have provided a copy of the aforementioned letter to my adversary Ms. Jacobs of the Law Department . She has indicated that there is nothing in same to prevent it being filed on ECF so I have filed it today.          .

     Thank you for your attention and consideration.

MC/ll

Very Truly Yours,

This is an electronic signature

Michael Colihan

cc: Law Department