UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL PACHECO, et al
                    Plaintiff

                                        SECOND DECLARATION OF
                                        MICHAEL COLIHAN IN SUPPORT OF
                                        AN APPLICATION FOR LEGAL FEES

          -against-


THE CITY OF NEW YORK, et al

                                        **CASE NO: 14-cv-7581**

                    Defendant

----------------------------------------------------------------------x


  MICHAEL COLIHAN, an attorney admitted to practice before all the Courts of
the state of New York, and given permission to appear pro se in this action by the recent
order of the Honorable Peggy Kuo, sets forth and alleges as follows:


  I am former counsel for the plaintiff in this action. As such I am familiar with all

the facts and circumstances as set forth herein. I submit this declaration in support of my

application for legal fees in this action.


1. Annexed as Exhibit "A" is a true copy of pertinent portions of the deposition of
   defendant William Davitt, which I conducted on May 30, 2017. The deposition
   began at 12:24pm and ended at 3:09 pm. I billed 2. 7 hours for same, plus
   travel time to and from 100 Church Street, NY, NY 10007.

2. Annexed as Exhibit "B" is a true copy of pertinent portions of the deposition of defendant Felix Conception, which I conducted on February 19, 2016. The deposition began at 12:28pm and ended at 5:00 pm. I billed 4. 5 hours for same, plus travel time to and from 100 Church Street, NY, NY 10007.

3. Annexed as Exhibit "C" is a true copy of pertinent portions of the deposition of defendant Besim Pelinku, which I conducted on December 4, 2015. The deposition began at 2:30pm and ended at 4:55 pm. I billed 2.4 hours for same, plus travel time to and from 100 Church Street, NY, NY 10007.

4. Annexed as Exhibit "D" is a true copy of pertinent portions of the deposition of plaintiff Michael Pacheco, Jr., which I attended on November 16, 2017. The deposition began at 11:23am and ended at 1:48 pm. I billed 2.4 hours for same, plus travel time to and from 100 Church Street, NY, NY 10007.

5. Annexed as Exhibit "E" is a true copy of pertinent portions of the deposition of plaintiff Michael Pacheco, Sr., which I attended on November 21, 2017. The deposition began at 10:13am and ended at 12:46\` pm. I billed 2.4 hours for same, plus travel time to and from 100 Church Street, NY, NY 10007.

6. Annexed as Exhibit "F" is a true copy of the docket sheet in this action as of 01/07/2019. It contains 112 entries. I performed all services associated with the first 101.

7. Annexed as Exhibit "G" is a true copy of a letter to the Court dated November 6, 2017 concerning the order of depositions.

8. Annexed as Exhibit "H" is a true copy of a letter to the Court dated November 27, 2017 concerning a promotion conference

9. Annexed as Exhibit "I" is a true copy of a summons dated November 27, 2017.

10. Annexed as Exhibit "J" is a true copy of a letter to the Court dated January 2, 2018 concerning depositions.

11. Annexed as Exhibit "K" is a true copy of a letter to the Court dated January 29, 2018 concerning depositions.

12. Annexed as Exhibit "L" is a true copy of a letter to the Court dated February 7, 2018 concerning a default in pleading.

13. Annexed as Exhibit "M" is a true copy of a letter to the Court dated February 15, 2018 concerning depositions.

14. Annexed as Exhibit "N" is a true copy of letters to the Court dated February 27 & 28, 2018 concerning discovery.

15. Annexed as Exhibit "O" is a true copy of a letter to the Court dated March 8, 2018 concerning discovery.

16. Annexed as Exhibit "P" is a true copy of a 2013 Order of Judge Scheindlin awarding me attorney's fees.

17. Annexed as Exhibit "Q" is a true copy of 2017 Order of Judge Swain awarding me attorney's fees.

18. Annexed as Exhibit "R" are true copies of emails to and from opposing counsel on this action.

Dated: Brooklyn, NY
      June 22, 2019.

                                       MICHAEL COLIHAN, ESQ.
                                       Attorney Pro Se
                                       44 Court Street Suite 906
                                       Brooklyn, NY 11201
                                       (718) 488-7788

# EXHIBIT A

# ORIGINAL

1

1

2   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
3   ------------------------------------------X
    MICHAEL PACHECO, SR., MICHAEL PACHECO, JR.,
4   and STEPHEN CUMMINGS,

5                                    PLAINTIFFS,

6           -against-              Index No.:
                                   14-CV-07581
7
    THE CITY OF NEW YORK, LIEUTENANT WILLIAM
8   DAVITT, OFFICER LEE MALDONADO, SH. #2135,
    SGT. STEVEN RIGGIO, SH. #4628, DET. EDWARD
9   PATTERSON, SH. #4626, P.O. ALEXIS CASTILLO,
    SH. # 27202, DET. MANUAL SEPULVEDA, SH.
10  #16172, SGT. JOHN TODARO, SH. #5234, P.O.
    BESIM PELINKU, SH. #29412, SGT. FELIX
11  CONCEPCION and POLICE OFFICERS JOHN DOE
    1-20,
12
                                   DEFENDANTS.
13  ------------------------------------------X

14

15                    DATE:  May 30, 2017

16                    TIME:  12:24 P.M.

17

18          DEPOSITION of the Defendant,

19  LIEUTENANT WILLIAM DAVITT, taken by the

20  Plaintiffs, pursuant to a Court Order, held

21  at the offices of the New York City Law

22  Department, 100 Church Street, 4th Floor,

23  New York, New York 10007, before Suzann R.

24  Caputo, a Notary Public of the State of New

25  York.

1                    LIEUTENANT W. DAVITT

2          Q.    Sir, is there anything that I

3    haven't asked you that you think I should

4    know about this case?

5                MS. JACOBS:  Objection.

6          A.    No.

7                MR. COLIHAN:  I will probably

8          see you again in the future.  Until

9          then, good luck with your new job.

10               THE WITNESS:  Thank you very

11         much.  I appreciate it.

12               MS. JACOBS:  Thank you.

13               (Whereupon, at 3:09 P.M., the

14         Examination of this witness was

15         concluded.)

16

17               °         °         °         °

18

19

20

21

22

23

24

25

# Exhibit B

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------x

MICHAEL PACHECO, SR., MICHAEL PACHECO, JR.
and STEPHEN CUMMINGS,

                              Plaintiffs,

          vs.

THE CITY OF NEW YORK, LIEUTENANT WILLIAM
DAVITT, OFFICER LEE MALDONADO, SH. #2135,
SGT. STEVEN RIGGIO, SH. #4628, DET. EDWARD
PATTERSON, SH. #4626, P.O. ALEXIS SEPULVEDA,
SH. #16172, SGT. JOHN TODARO, SH.#5234,
POLICE OFFICER BESIM PELINKU, SH.#29412,
SGT. FELIX CONCEPCION and POLICE OFFICER
JOHN DOE 1-20,

                              Defendants.

-------------------------------------------x


              DEPOSITION OF FELIX CONCEPCION

                   New York, New York

                   February 19, 2016

                      12:28 p.m.




Reported by:
Elizabeth Santamaria
JOB NO. 43031

# david feldman

**WORLDWIDE · COURT REPORTING**

the *write* experience

**182**

1    time I'm hearing this.
2    Q.   Can you answer that question?
3         MS. JACOBS:  Again, I'm going to
4    direct him not to answer to the extent it
5    might implicate a law enforcement
6    privilege.  To the extent it doesn't, he
7    can answer.
8         If I have an opportunity to talk to
9    him about it, then perhaps he can answer
10   the question clearly once I have a sense
11   of what the privilege is.  Otherwise, I'm
12   going to direct him not to answer.
13        MR. COLIHAN:  I'm going to object
14   to this.  You want to talk to him?
15        MS. JACOBS:  Why don't you come
16   talk to me very quickly.
17        (Counsel and witness consulted off
18   the record.)
19 DI    MS. JACOBS:  I'm going to direct
20   him not to answer the question.  We can
21   mark it for a ruling.
22        MR. COLIHAN:  Mark it for a ruling.
23   Q.   Did Davitt or anybody else indicate
24   that he thought this individual somehow
25   escalated or provoked something?

**183**

1    A.   No.
2  RL Q.   This unnamed individual, was he
3    ever used again?
4  DI    MS. JACOBS:  Objection.  I'm going
5    to direct him not to answer.
6         MR. COLIHAN:  Mark it for a ruling.
7    Q.   Did you change any procedures in
8    these sting operations after the
9    Pacheco/Cummings incident?
10   A.   Yes.
11   Q.   What did you change?
12   A.   The personnel.
13   Q.   Other than the personnel what, if
14   anything, did you change?
15   A.   That's it, just personnel.
16   Q.   Of the people that were involved
17   that are listed on Plaintiffs' 1, Pelinku,
18   Sepulveda, Davitt or Concepcion, were any of
19   those people changed?
20   A.   I'm sorry.  They were changed?
21        MS. JACOBS:  Were any of them
22   changed is the question.
23   A.   For future operations?
24   Q.   Yes.
25   A.   I don't always use Pelinku and I

**184**

1    don't always use Sepulveda either.  He hasn't
2    done -- he has done two operations after that.
3    Q.   Did Pelinku do any sting operations
4    after this one?
5         MS. JACOBS:  Objection.
6         You can answer if you know.
7    A.   As far as I know, yes.
8    Q.   But not with you?
9    A.   Yes, with me.
10   Q.   How many times?
11   A.   Two or three times.
12   Q.   Were there any other officers that
13   you used on this operation or backup or
14   anything else that you decided not to use in
15   future operations?
16   A.   No.
17   Q.   It looks like we have some rulings
18   so I'll probably be seeing you again, sir, but
19   I have to ask you.  What kind of watch is
20   that?  It's beautiful.
21   A.   It's a Tag with a diamond bezel.  I
22   got it for Christmas.
23   Q.   And it's the real deal, it's not a
24   mechanical --
25        It's a mechanical watch?

**185**

1    A.   It is a real Tag.
2    Q.   No, I'm saying it's a real Tag and
3    it's not electric, it's mechanical.  You wind
4    it up, right?
5    A.   Yes.
6         MR. COLIHAN:  Very nice.  Pelinku
7    has a Rolex.  Nice watch.
8         Have a good weekend.
9         MS. JACOBS:  Thank you.
10        (Whereupon, the proceedings were
11   adjourned at 5:00 p.m.)

47  (Pages 182 to 185)

# EXHIBIT C

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

--------------------------------- X

MICHAEL PACHECO, SR., MICHAEL
PACHECO, JR., and STEPHEN
CUMMINGS,

             Plaintiffs,

        vs.                         No. 14-CV-07581

THE CITY OF NEW YORK,
LIEUTENANT WILLIAM DAVITT,
OFFICER LEE MALDONADO, SH.
#2135, SGT. STEVEN RIGGIO,
SH. #4628, DET. EDWARD
PATTERSON, SH. #4626, P.O. ALEXIS
CASTILLO, SH. #27202, DET. MANUEL
SEPULVEDA, SH. #16172, SGT. JOHN
TODARO, SH. #5234, POLICE OFFICER
BESIM PELINKU, SH. #29412, SGT.
FELIX CONCEPCION and POLICE
OFFICER JOHN DOE 1-20,

             Defendants.

--------------------------------- X

DEPOSITION OF BESIM PELINKU

New York, New York

December 4, 2015

2:30 p.m.

Reported by:
THERESA TRAMONDO, AOS, CLR
JOB NO. 41917

ORIGINAL

## david feldman
**WORLDWIDE · COURT REPORTING**

the *write* experience

www.david-feldman.com
800-642-1099

120

1    other than that you can answer his

2    question.

3    A.    To my knowledge right now, no.

4    Q.    Sir, there may be motion practice

5    because of the situation.  I may be making

6    motions based on some of the rulings that we

7    had today or actually some of the objections

8    we had today.  I may be seeing you again or

9    may not be seeing you again.  Until then,

10   have a good afternoon and take care.

11   A.    You do the same thing, sir.

12        (Time noted:  4:55 p.m.)

# EXHIBIT D

1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   ------------------------------------------------------------X
    MICHAEL PACHECO, SR., MICHAEL PACHECO, JR. and STEPHEN
3   CUMMINGS,

4                                        PLAINTIFFS,

5
                    -against-            Case No.:
6                                        14-CV-7581

7
    THE CITY OF NEW YORK, LIEUTENANT WILLIAM DAVITT, OFFICER
8   LEE MALDONADO, SH. #2135, SGT. STEVEN RIGGIO, SH. #4628,
    DET. EDWARD PATTERSON, SH. #4626, P.O. ALEXIS CASTILLO, SH.
9   #27202, DET. MANUEL SEPULVEDA, SH. #16172, SGT. JOHN
    TODARO, SH. #5234, POLICE OFFICER BESIM PELINKU, SH.
10  #29412, SGT. FELIX CONCEPCION and POLICE OFFICER JOHN DOE
    1-20,

11
                                         DEFENDANTS.
12  ------------------------------------------------------------X

13                       DATE:  November 16, 2017

14                       TIME:  11:23 A.M.

15

16

17              DEPOSITION of the Plaintiff, MICHAEL

18  PACHECO, JR., taken by the Defendants, pursuant to a Court

19  Order and to the Federal Rules of Civil Procedure, held at

20  the offices of the New York City Law Department, 100 Church

21  Street, New York, New York 10007, before Akilia Stewart, a

22  Notary Public of the State of New York.

23

24

25

M. PACHECO, JR.

1           (Whereupon, at 1:48 P.M., the Examination of

2       this witness was concluded.)

3

4                °           °           °           °

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT E

1    UNITED STATES DISTRICT COURT
2    EASTERN DISTRICT OF NEW YORK
     ------------------------------------------------------------X
3    MICHAEL PACHECO, SR., MICHAEL PACHECO, JR., and
     STEPHEN CUMMINGS,
4
                                    PLAINTIFFS,
5

6                  -against-              Case No.:
                                          14-CV-7581
7

8    THE CITY OF NEW YORK, LIEUTENANT WILLIAM DAVITT, OFFICER
     LEE MALDONADO, Sh. # 2135, SERGEANT STEVEN RIGGIO, Sh. #
9    4628, DET. EDWARD PATTERSON, Sh. # 4626, P.O. ALEXIS
     CASTILLO, Sh.  # 27202, DET. MANUEL SEPULVEDA, Sh. # 16172,
10   SGT. JOHN TODARO, Sh. # 5234, POLICE OFFICER BESIM PELINKU,
     Sh. #29412, SGT. FELIX CONCEPCION and
11   POLICE OFFICERS JOHN DOE 1-20,
                                      DEFENDANTS.
12   ------------------------------------------------------------X

13

14                    DATE: November 21, 2017

15                    TIME: 10:13 A.M.

16

17

18              DEPOSITION of the Plaintiff,

19   MIKE PACHECO, taken by the Defendants, pursuant to a Notice

20   and to the Federal Rules of Civil Procedure, held at the

21   offices of the New York City Law Department 100 Church

22   Street, New York, New York 10007, before Rita Papandrea, a

23   Notary Public of the State of New York.

24

25

M. PACHECO

1      A.      John Sotile.

2      Q.      Can you spell his last name?

3      A.      S-O-T-I-L-E.

4      Q.      And where is his office?

5      A.      In Staten Island.

6      Q.      Do you have an exact address?

7      A.      You know, you just drive there.  The number of

8  the building, maybe 89 Cromwell Avenue, but I am not

9  exactly sure.

10     Q.      Had you seen any of the officers who were in your

11 shop on November 14, 2014, before this incident?

12     A.      Never.

13     Q.      Have you seen them ever since this incident?

14     A.      I saw the lieutenant on TV once.

15             MR. COLIHAN:  Did you say on TV?

16             THE WITNESS:  Yes.

17     Q.      What was he on TV for?

18     A.      There was an incident in Mariners Harbor, a guy

19 who was barricading or shooting people, and he just

20 happened to be walking by the TV, and the cameras.

21             MS. JACOBS:  I have no further questions.

22             (Whereupon, at 12:46 P.M., the Examination

23             of this witness was concluded.)

24

25                 o         o         o         o

# EXHIBIT F

Query    Reports    Utilities    Help    Log Out

CLOSED

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:14-cv-07581-RJD-PK

Pacheco et al v. The City Of New York , et al                    Date Filed: 12/31/2014
Assigned to: Judge Raymond J. Dearie                             Date Terminated: 01/07/2019
Referred to: Magistrate Judge Peggy Kuo                          Jury Demand: Plaintiff
Demand: $5,000,000                                               Nature of Suit: 440 Civil Rights: Other
Case in other court: New York Southern, 1:14-cv-09526            Jurisdiction: Federal Question
Cause: 42:1983

**Plaintiff**
**Michael Pacheco, Sr.**                       represented by    **Michael J. Colihan**
                                                                44 Court Street
                                                                Suite 906
                                                                Brooklyn, NY 11201
                                                                718-488-7788
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Vikrant Pawar**
                                                                20 Vesey Street
                                                                Suite 1210
                                                                New York, NY 10007
                                                                (212)571-0305
                                                                Fax: 212-571-0938
                                                                Email: vik@pawarlaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Edward Zaloba**
                                                                Edward Zaloba Esq.
                                                                118-21 Queens Blvd
                                                                Suite 504
                                                                Forrest Hills, NY 11375
                                                                (718) 261-3000
                                                                Fax: 718-793-0385
                                                                Email: ezalobalaw@aol.com
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michael Pacheco, Jr.**                       represented by    **Michael J. Colihan**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Vikrant Pawar**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Edward Zaloba**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Stephen Cummings**                           represented by    **Michael J. Colihan**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Edward Zaloba**

(See above for address)
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**
**The City of New York**                          represented by  **Elissa Beth Jacobs**
                                                                  NYC Law Department
                                                                  100 Church Street, 3-133b
                                                                  New York, NY 10010
                                                                  212-356-3540
                                                                  Fax: 212-788-9776
                                                                  Email: ejacobs@law.nyc.gov
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Police Officer Pelinko**
*TERMINATED: 01/15/2015*

**Defendant**
**John Doe #1-20**

**Defendant**
**P.O. Bozin Pelinku**                            represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Sgt. Felix Concepcion**                         represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Lieutenant William Davitt**                     represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Police Officer Lee Maldonado**                  represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Sgt. Steven Riggio**                            represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Detective Edward Patterson**                    represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**POlice Officer Alexis Castillo**                represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Detective Manuel Sepulveda**                    represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**
**Sgt. John Todaro**                              represented by  **Elissa Beth Jacobs**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2014 | 1 | COMPLAINT against John Doe 1-20, Pelinko, The City Of New York.. (Filing Fee $ 350.00, Receipt Number 465401111129)Document filed by Michael Pacheco, Sr, Michael Pacheco, Jr, Stephen Cummings.(moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/03/2014 | | SUMMONS ISSUED as to John Doe 1-20, Pelinko, The City Of New York.. (moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/03/2014 | | Magistrate Judge James L. Cott is so designated. (moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/03/2014 | | Case Designated ECF. (moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/03/2014 | 2 | CIVIL COVER SHEET filed. (moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/03/2014 | | NOTICE OF PARTICIPATION IN SECTION 1983 PLAN: Unless otherwise ordered, this case shall participate in the Southern District of New York's Plan for Certain Section 1983 Cases against The City of New York (the "Section 1983 Plan"). Please reference the Court's website, www.nysd.uscourts.gov, to review the Section 1983 Plan, updated 1/2/2014, for important information.(rpr) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/09/2014) |
| 12/08/2014 | | ***NOTICE TO ATTORNEY TO SUBMIT PDF OF CIVIL COVER SHEET. Notice to Attorney Michael Colihan, to submit PDF of the Civil Cover Sheet. Email a copy of Civil Cover Sheet to: caseopenings@nysd.uscourts.gov. (moh) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/08/2014) |
| 12/09/2014 | 3 | AFFIDAVIT OF SERVICE. The City Of New York, served on 12/3/2014, answer due 12/24/2014. Service was accepted by B. Mayzick. Document filed by Stephen Cummings. (Colihan, Michael) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/09/2014) |
| 12/10/2014 | 4 | AFFIDAVIT OF SERVICE of HIPa release for medical records of Stephen Cummings served on The City of New York on 12/10/2014. Service was made by Mail. Document filed by Stephen Cummings. (Colihan, Michael) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/10/2014) |
| 12/10/2014 | 5 | AFFIDAVIT OF SERVICE of HIPA release for medical records of Michael Pacheco served on The City of New York on 12/10/2014. Service was made by Mail. Document filed by Michael Pacheco, Jr. (Colihan, Michael) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/10/2014) |
| 12/10/2014 | 6 | AFFIDAVIT OF SERVICE of CPL.160.50 release for Stephen Cummings served on The City of New York on 12/10/2014. Service was made by Mail. Document filed by Michael Pacheco, Jr. (Colihan, Michael) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/10/2014) |
| 12/10/2014 | 7 | AFFIDAVIT OF SERVICE of CPL 160.50 release for Stephen Cummings served on The City of New York on 12/10/2014. Service was made by Mail. Document filed by Stephen Cummings. (Colihan, Michael) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/10/2014) |
| 12/16/2014 | 8 | NOTICE OF APPEARANCE by Elissa Beth Jacobs on behalf of The City Of New York.. (Jacobs, Elissa) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/16/2014) |
| 12/17/2014 | 9 | ORDER TO SHOW CAUSE: Plaintiffsresidents of Richmond Countybring claims under 42 U.S.C. §§ 1981 and 1983 stemming from an alleged incident that occurred entirely in Richmond County. Richmond County is located within the Eastern District of New York. See 28 U.S.C. § 112. As a result, the Court is inclined to transfer this case to the Eastern District of New York in the interest of justice pursuant to 28 U.S.C. § 1404(a). By December 24, 2014, Plaintiffs are directed to file a letter addressing why this action should not be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). In the event that Defendants wish to be heard on this issue, they must file a letter by the same date. (Signed by Judge Gregory H. Woods on 12/17/2014) (mro) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/17/2014) |
| 12/18/2014 | 10 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - FIRST LETTER MOTION for Conference and Response to The Court's Order to Show Cause addressed to Judge Gregory H. Woods from Michael Colihan dated 12/19/2014. Document filed by Michael Pacheco, Sr. (Attachments: # 1 Exhibit List of Civil Rights Cases stemming from incidents in Richmond County)(Colihan, Michael) Modified on 12/18/2014 (db). [Transferred from New York Southern on 12/31/2014.] (Entered: 12/18/2014) |
| 12/18/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Michael Colihan to RE-FILE Document 10 FIRST LETTER MOTION for Conference and Response to The Court's Order to Show Cause addressed to Judge Gregory H. Woods from Michael Colihan dated 12/19/2014. Use the event type Letter found under the event list Other Documents. (db) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/18/2014) |
| 12/23/2014 | 11 | LETTER addressed to Judge Gregory H. Woods from Elissa B. Jacobs dated December 22, 2014 re: Order to Show Cause. Document filed by The City Of New York..(Jacobs, Elissa) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/22/2014) |
| 12/23/2014 | 12 | ORDER: Upon consideration of the parties' responses to this Court's December 17, 2014 order to show cause, the Court has determined that transferring this case to the United States District Court for the Eastern District of New York is in the interest of justice under 28 U.S.C. § 1404(a) for substantially the same reasons as those stated in the December 22, 2014 letter filed by the City of New York. Accordingly, this case is hereby transferred to the United States District Court for the |

| | | |
|---|---|---|
| | | Eastern District of New York. The Clerk of Court is instructed to close the case on this Court's docket. (Signed by Judge Gregory H. Woods on 12/23/2014) (kgo) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/23/2014) |
| 12/23/2014 | | CASE TRANSFERRED OUT ELECTRONICALLY from the U.S.D.C. Southern District of New York to the United States District Court - Eastern District of New York. (kgo) [Transferred from New York Southern on 12/31/2014.] (Entered: 12/31/2014) |
| 12/31/2014 | 12 | Case transferred in from District of New York Southern; Case Number 1:14-cv-09526. Original file certified copy of transfer order and docket sheet received. (Entered: 12/31/2014) |
| 12/31/2014 | 14 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that if all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. (Davis, Kimberly) (Entered: 12/31/2014) |
| 01/06/2015 | 15 | MOTION for Extension of Time to File Answer by The City of New York. (Jacobs, Elissa) (Entered: 01/06/2015) |
| 01/06/2015 | | ORDER granting 15 Motion for Extension of Time to Answer. The time for the City of New York to answer or otherwise respond to the complaint is extended to 2/23/2015. Although counsel for the City defendant does not represent the named individual defendant who may not yet have been served, the time to answer is similarly extended for said defendant since such extension will not cause undue delay and will enable the NYC Law Department to make a considered determination regarding representation. Counsel for the City of New York must promptly process the authorization forms and/or releases that plaintiff has already executed. Ordered by Magistrate Judge Marilyn D. Go on 1/6/2015. (Moo-Young, Jillian) (Entered: 01/06/2015) |
| 01/13/2015 | 16 | AMENDED COMPLAINT ( First One) against The City of New York, Besim Pelinku, Felix Concepcion, filed by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 01/13/2015) |
| 01/22/2015 | 17 | Proposed Summons. Re 16 Amended Complaint by Michael Pacheco, Sr (Colihan, Michael) (Entered: 01/22/2015) |
| 01/22/2015 | 18 | Proposed Summons. Re 16 Amended Complaint by Michael Pacheco, Sr (Colihan, Michael) (Entered: 01/22/2015) |
| 01/22/2015 | 19 | Summons Issued as to Besim Pelinku. (Chee, Alvin) (Entered: 01/22/2015) |
| 01/22/2015 | 20 | Summons Issued as to Felix Concepcion. (Chee, Alvin) (Entered: 01/22/2015) |
| 02/02/2015 | 21 | SUMMONS Returned Executed by Michael Pacheco, Sr. Felix Concepcion served on 1/29/2015, answer due 2/19/2015. (Colihan, Michael) (Entered: 02/02/2015) |
| 03/04/2015 | 22 | Second MOTION for Extension of Time to File Answer by The City of New York. (Jacobs, Elissa) (Entered: 03/04/2015) |
| 03/04/2015 | | ORDER granting 22 Motion for Extension of Time to Answer. on consent. Defendants' time to answer or otherwise respond to the complaint is extended to 3/5/15. Ordered by Magistrate Judge Marilyn D. Go on 3/4/2015. (Go, Marilyn) (Entered: 03/04/2015) |
| 03/05/2015 | 23 | ANSWER to 16 Amended Complaint by Felix Concepcion, Besim Pelinku, The City of New York. (Jacobs, Elissa) (Entered: 03/05/2015) |
| 03/10/2015 | 24 | ORDER GOVERNING INITIAL CONFERENCE AND REQUIRED DISCLOSURE: An initial conference will be held in the above-captioned case on April 14, 2015, at 11:30 a.m., before Marilyn D. Go, United States Magistrate Judge. Parties must discuss the matters set forth in the attached order and questionnaire. Counsel for plaintiffs is responsible for confirming that all necessary participants are aware of this conference. Ordered by Magistrate Judge Marilyn D. Go on 3/10/2015. (Hugh, Lewis) (Entered: 03/10/2015) |
| 03/10/2015 | 25 | ORDER GOVERNING DISCOVERY. Ordered by Magistrate Judge Marilyn D. Go on 3/10/2015. (Hugh, Lewis) (Entered: 03/10/2015) |
| 03/12/2015 | 26 | SUMMONS Returned Executed by Michael Pacheco. Sr. Besim Pelinku served on 2/23/2015, answer due 3/16/2015. (Colihan, Michael) (Entered: 03/12/2015) |
| 03/12/2015 | 27 | First MOTION for Disclosure in the form of a Request for a "So Ordered" Subpoena directed to the Richmond County District Attorney by Michael Pacheco, Sr. (Attachments: # 1 Exhibit subpoena) (Colihan, Michael) (Entered: 03/12/2015) |
| 03/13/2015 | | ORDER granting 27 Motion for Disclosure. The proposed subpoena has been signed and may be picked up from chambers. Counsel may call to request that it be faxed or mailed. Ordered by Magistrate Judge Marilyn D. Go on 3/13/2015. (Go, Marilyn) (Entered: 03/13/2015) |
| 03/30/2015 | 28 | AFFIDAVIT of Service for Subpoena So Ordered by The Hon. Marilyn Dolan Go served on The Richmond County District Attorney on March 27, 2015, filed by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 03/30/2015) |
| 03/30/2015 | 29 | First MOTION for Disclosure for an Endorsed Subpoena directed to the New York State Office of Court Administration by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Proposed Subpoena) (Colihan, Michael) (Entered: 03/30/2015) |
| 04/14/2015 | | Minute Entry for Initial Conference held on 4/14/2015 before Magistrate Judge Marilyn D. Go: Appearances by M. Colihan for plaintiffs; E. Jacobs for the defendants. Schedule pursuant to Fed. R. Civ. P. 16(b) discussed and may be set at the next conference to be held on 5/8/2015 at 9:30 (by tel.) after receipt of information regarding the status of the pending criminal |

| Date | # | Description |
|---|---|---|
| 07/21/2015 | 42 | AMENDED COMPLAINT "Third" against Felix Concepcion, Beatin Palitux, The City of New York, William Devitt, Leo Maldonado, Steven Riggio, Edward Patterson, Alexis Castillo, Manuel Sepulveda, John Texeira, filed by Michael Pacheco. |
|  |  | ORDER granting 32 Motion to Amend/Correct/Supplement. Plaintiffs must file Third Amended Complaint by 7/24/2015. Ordered by Magistrate Judge Marilyn D. Go on 7/23/2015. (Moo-Young, Jillian) (Entered: 07/23/2015) |
| 07/20/2015 | 41 | PROTECTIVE ORDER: The 41 proposed protective order is approved and so ordered, subject to the modifications set forth in the attached order. Ordered by Magistrate Judge Marilyn D. Go on 7/20/2015. (Attachments: # 1 Proposed Protective Order) (Moo-Young, Jillian) (Entered: 07/20/2015) |
| 07/10/2015 | 40 | STATUS REPORT by Felix Concepcion, Beatin Palitux, The City of New York (Jacobs, Elliss) (Entered: 07/10/2015) |
| 07/03/2015 | 39 | STIPULATION of Confidentiality by The City of New York (Jacobs, Elliss) (Entered: 07/03/2015) |
| 06/26/2015 |  | SCHEDULING ORDER: Defendants must file a response by 6/30/2015 indicating whether they oppose the extension of time previously granted for plaintiff to file the amended complaint, in light of the additional claim asserted in the proposed amended complaint with respect to Michael Pacheco, Sr. Ordered by Magistrate Judge Marilyn D. Go on 6/26/2015. (Moo-Young, Jillian) (Entered: 06/26/2015) |
| 05/25/2015 |  | ORDER: The 38 Motion for Discovery is denied without prejudice for failure to comply with this Court's Local Civil Rule 37.3(c) and Federal Rule of Civil Procedure 37(a)(1). The parties are reminded that must make a good faith effort to resolve any discovery dispute prior to seeking a judicial resolution. Ordered by Magistrate Judge Marilyn D. Go on 5/25/2015. (Moo-Young, Jillian) (Entered: 05/25/2015) |
| 05/18/2015 | 38 | First MOTION for Discovery regarding the files of the New York City Police Department's Internal Affairs Bureau and Civilian Complaint Review Board on the individual defendants by Michael Pacheco, Sr. (Colburn, Michael) (Entered: 05/18/2015) |
| 05/18/2015 | 37 | First MOTION to Amend/Correct/Supplement the complaint by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Proposed 3rd Amended Complaint) (Colburn, Michael) (Entered: 05/18/2015) |
| 05/08/2015 |  | Minute Order for proceedings held on 5/8/2015 before Magistrate Judge Marilyn D. Go: Appearances by telephone by M. Colburn for plaintiffs R. Jacobs for defendants. As discussed on the record, plaintiffs motion for discovery 34 is denied without prejudice as premature. Schedule discussed pursuant to Fed. R. Civ. P. 16(b) as follows: (1) automatic disclosures are complete; (2) plaintiff's 34 motion for leave to amend is denied in the interest of efficiency in light of the fact that not all of the officers have been identified, see Fed. R. Civ. P. I, but plaintiff is granted leave, on consent, to file an amended complaint by 6/12/2015, to include the other officers as they have been identified; (3) fact discovery must be completed by 8/14/2015; (4) medical expert report(s) and disclosures served by plaintiff by 11/4/2015 and by defendants by 12/4/2015, expert depositions by 1/4/2016; (6) medical experts must provide the information required by Fed. R. Civ. P. 26(a)(2)(C) and disclose that experts qualifications and experience testifying in depositions and trials in the past four years. The parties must file the status report by 7/8/2015. Expending progress in settlement and are encouraged to call the Court before this date to schedule a telephone settlement conference. FTR/C: 2:01-2:18 (Moo-Young, Jillian) (Entered: 05/08/2015) |
| 05/07/2015 | 35 | Second MOTION to Amend/Correct/Supplement the complaint the complaint by Michael Pacheco, Sr. (Attachments: # 1 Exhibit) (Colburn, Michael) |
| 05/07/2015 |  | REPLY in Opposition to 34 First MOTION for Disclosure of names of all defendants and request to adjourn conference filed by Felix Concepcion, Peticao, Beatin Palitux. (Jacobs, Elliss) (Entered: 05/07/2015) |
| 05/05/2015 |  | SCHEDULING ORDER: Any opposition to the 34 motion must be filed by 5/11/2015; reply by 5/13/2015. A conference will be held on 5/19/2015 at 2:00 p.m. (by tel.). Ordered by Magistrate Judge Marilyn D. Go on 5/5/2015. (Moo-Young, Jillian) (Entered: 05/05/2015) |
| 05/05/2015 | 34 | First MOTION for Disclosure of names of all defendants by Michael Pacheco, Sr. (Colburn, Michael) (Entered: 05/05/2015) |
| 05/05/2015 |  | ORDER denying 32 Motion for Discovery. The letter attached in the letter 33 seeking leave to file an amended complaint. Ordered by Magistrate Judge Marilyn D. Go on 5/5/2015. (Go, Marilyn) (Entered: 05/05/2015) |
| 04/30/2015 |  | ORDER: Although the 33 letter was filed as a motion, rather than as a letter supplementing the 31 motion for leave to amend, the court deems it as a supplement to the earlier motion. The 31 Motion to Amend/Correct/Supplement, as clarified by the 33 letter is granted, on consent. Ordered by Magistrate Judge Marilyn D. Go on 4/30/2015. (Moo-Young, Jillian) (Entered: 04/30/2015) |
| 04/29/2015 | 33 | First MOTION to Amend/Correct/Supplement the complaint; this letter is in clarification of the first at the request of the Court by Michael Pacheco, Sr. (Colburn, Michael) (Entered: 04/29/2015) |
| 04/29/2015 | 32 | First MOTION for Discovery and/or a conference to compel disclosure of names of police officers involved in this incident by Michael Pacheco, Sr. (Colburn, Michael) (Entered: 04/29/2015) |
| 04/29/2015 | 31 | First MOTION to Amend/Correct/Supplement the Complaint in this action by Michael Pacheco, Sr. (Attachments: # 1 Exhibit) (Colburn, Michael) (Entered: 04/29/2015) |
| 04/15/2015 | 30 | Letter from Michael Colburn advising all parties that the Desk Appearance Ticket issued to Michael Pacheco Sr. has been dismissed by Michael Pacheco. Sr (Colburn, Michael) (Entered: 04/25/2015) |
|  |  | case against one of the plaintiffs. Initial disclosures must be exchanged by 4/25/2015, including any videos of the incident. The motion for disclosure 22 is denied without prejudice for the reasons discussed FTR/C: 11:24-11:37 (High, Lewis) (Entered: 04/15/2015) |

| | | Sr. (Colihan, Michael) (Entered: 07/21/2015) |
|---|---|---|
| 07/22/2015 | 43 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Colihan, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | 44 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Colihan, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | 45 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Colihan, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | | (Colihan, Michael) (Entered: 07/22/2015) |
| 07/27/2015 | 46 | Summons Issued as to William Davitt. (Chee, Alvin) (Entered: 07/27/2015) |
| 07/27/2015 | 47 | Summons Issued as to Lee Maldonado. (Chee, Alvin) (Entered: 07/27/2015) |
| 07/27/2015 | 48 | Summons Issued as to Alexis Castillo. (Chee, Alvin) (Entered: 07/27/2015) |
| 08/19/2015 | 49 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Attachments: # 1 Supplement Full caption of this Action) (Colihan, Michael) (Entered: 08/19/2015) |
| 08/19/2015 | 50 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Attachments: # 1 Supplement Full caption of this action) (Colihan, Michael) (Entered: 08/19/2015) |
| 08/19/2015 | 52 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Attachments: # 1 Supplement Full Caption of this Action) (Colihan, Michael) (Entered: 08/19/2015) |
| 08/19/2015 | 53 | Proposed Summons. Re 42 Amended Complaint by Michael Pacheco, Sr (Attachments: # 1 Supplement Full caption of this Action) (Colihan, Michael) (Entered: 08/19/2015) |
| 08/20/2015 | 54 | Summons Issued as to Manuel Sepulveda. (Chee, Alvin) (Entered: 08/20/2015) |
| 08/20/2015 | 55 | Summons Issued as to Steven Riggio. (Chee, Alvin) (Entered: 08/20/2015) |
| 08/20/2015 | 56 | Summons Issued as to John Todaro. (Chee, Alvin) (Entered: 08/20/2015) |
| 08/20/2015 | 57 | First MOTION for Discovery of an Audiotape relating to the incident by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 08/20/2015) |
| 08/20/2015 | 58 | First MOTION for Discovery concerning disciplinary material by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 08/20/2015) |
| 08/26/2015 | 59 | REPLY to Response to Motion re 57 First MOTION for Discovery of an Audiotape relating to the incident, 58 First MOTION for Discovery concerning disciplinary material and request for an extension of time to reply filed by Felix Concepcion, Besim Pelinku. (Jacobs, Elissa) (Entered: 08/26/2015) |
| 08/30/2015 | | SCHEDULING ORDER: Defendants' letter request 59 for an extension of time to 8/31/15 to respond to plaintiff's 57 MOTION for Discovery of an Audiotape is granted. Plaintiff's reply, if any, to this and plaintiff's 58 MOTION for Discovery of disciplinary material must be filed by 9/4/214. The motions will be heard on Sept. 11, 2015 at 2:30 p.m. Ordered by Magistrate Judge Marilyn D. Go on 8/30/2015. (Go, Marilyn) (Entered: 08/30/2015) |
| 08/31/2015 | 60 | MOTION for Protective Order regarding audio recording, MOTION for Leave to Electronically File Document Ex Parte, MOTION for Leave to Electronically File Document under Seal by Felix Concepcion, Besim Pelinku, The City of New York. (Attachments: # 1 Memorandum in Opposition) (Jacobs, Elissa) (Entered: 08/31/2015) |
| 09/09/2015 | | ORDER: Plaintiffs must supplement by 9/15/2015 their 57 58 motions by expressly identifying the document requests and responses at issue, in accordance with Local Civil Rule 37.1. Because it is not clear if plaintiffs were served with the cover letter attached to defendants' response to the 57 motion, which was filed under seal, defense counsel must provide a copy of the cover letter to plaintiffs' counsel (which indicated her intention to serve it on plaintiffs), if she has not already done so. To the extent that defendants seek to invoke the law enforcement privilege in their response to the 57 motion, they must file a supporting affidavit or declaration by 9/15/2015. See Dorsett v. County of Nassau, 762 F. Supp. 2d 500, 532 (E.D.N.Y. 2011) (government must present competent declarations to meet its burden of making a substantial threshold showing). Defendants are granted leave to do so under seal, but should publicly file the affidavit and declaration with appropriate redactions. The conference set for 9/11/2015 at 2:30 p.m. is adjourned to 9/18/2015 at 2:30 p.m. Ordered by Magistrate Judge Marilyn D. Go on 9/9/2015. (Moo-Young, Jillian) (Entered: 09/09/2015) |
| 09/10/2015 | 61 | SUMMONS Returned Executed by Michael Pacheco, Sr. Manuel Sepulveda served on 8/25/2015, answer due 9/15/2015. (Colihan, Michael) (Entered: 09/10/2015) |
| 09/10/2015 | 62 | SUMMONS Returned Executed by Michael Pacheco, Sr. John Todaro served on 8/25/2015, answer due 9/15/2015. (Colihan, Michael) (Entered: 09/10/2015) |
| 09/16/2015 | 64 | SUMMONS Returned Executed by Michael Pacheco, Sr. William Davitt served on 9/9/2015, answer due 9/30/2015. (Colihan, Michael) (Entered: 09/16/2015) |
| 09/16/2015 | 65 | SUMMONS Returned Executed by Michael Pacheco, Sr. Alexis Castillo served on 9/9/2015, answer due 9/30/2015. (Colihan, Michael) (Entered: 09/16/2015) |
| 09/16/2015 | 66 | SUMMONS Returned Executed by Michael Pacheco, Sr. Lee Maldonado served on 9/9/2015, answer due 9/30/2015. (Colihan, Michael) (Entered: 09/16/2015) |
| 09/16/2015 | 67 | Letter in compliance with the most recent Order of the Court by Michael Pacheco, Sr (Attachments: # 1 Exhibit Plaintiff's |

| | | Interrogatories & Document Requests that are the Subject of this Letter) (Colihan, Michael) (Entered: 09/16/2015) |
|---|---|---|
| 09/21/2015 | | Minute Order for proceedings held on 9/18/2015 before Magistrate Judge Marilyn D. Go: Appearances by M. Colihan for plaintiffs; E. Jacobs for the City defendant. Hearing held on plaintiffs' 57 58 motions to compel and defendant's 60 motion for a protective order. The 58 motion to compel is granted in part as follows: the City defendant must promptly provide an index of disciplinary charges of the officers, and must take measures, as discussed, to identify the remaining unidentified officers in the video. Disclosures must be supplemented promptly. Defendants must file a status report by 10/19/2015 on progress in identifying the remaining officers. After discussion, plaintiffs withdraw their 57 motion and, correspondingly, the motion for a protective order is deemed moot, in light of said withdrawal, but the 60 motion to seal is granted. The prior scheduling order is extended as follows: fact discovery must be completed by 2/4/2016; any motion for leave to amend a pleading and/or join new parties must be filed by letter application by 11/19/2015 and must indicate whether there is consent. The parties must file a status report by 10/29/2015 regarding progress in settlement discussions and setting forth a proposed schedule for medical expert discovery.FTR: 2:57-3:09, 3:09-3:18 (sealed): 3:18-3:32 (Moo-Young, Jillian) (Entered: 09/21/2015) |
| 10/19/2015 | 68 | STATUS REPORT regarding identification of officers by The City of New York (Jacobs, Elissa) (Entered: 10/19/2015) |
| 10/19/2015 | 69 | STATUS REPORT and explanation as to why the plaintiff has not yet made a demand because of missing discovery by Michael Pacheco, Sr (Colihan, Michael) (Entered: 10/19/2015) |
| 10/19/2015 | 70 | Fourth MOTION to Amend/Correct/Supplement the complaint by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Proposed 4th Amended complaint) (Colihan, Michael) (Entered: 10/19/2015) |
| 10/20/2015 | | SCHEDULING ORDER: A conference will be held on 10/26/2015 at 12:00 p.m. (by tel.). Ordered by Magistrate Judge Marilyn D. Go on 10/20/2015. (Moo-Young, Jillian) (Entered: 10/20/2015) |
| 10/26/2015 | | Minute Order for proceedings held on 10/26/2015 before Magistrate Judge Marilyn D. Go: Appearances by telephone by M. Colihan for plaintiffs; E. Jacobs for defendants. As discussed on the record, plaintiffs' 70 motion to amend is denied without prejudice to renewal after conferring with opposing counsel. Absent consent, plaintiff's motion for leave to amend must be filed by 11/6/2015 and defendants' response must be filed by 11/13/2015. Discussion held regarding the issues raised in the 68 status report and the need for the parties to confer and ensure that requests are relevant to the claims raised. The parties are encouraged to engage in settlement discussions promptly, and may call chambers to schedule a settlement conference if they think it would be useful. FTR/C: 12:02-12:11 (Moo-Young, Jillian) (Entered: 10/26/2015) |
| 11/10/2015 | 71 | First MOTION to Amend/Correct/Supplement 42 Amended Complaint by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 11/10/2015) |
| 11/10/2015 | 72 | MEMORANDUM in Support re 71 First MOTION to Amend/Correct/Supplement 42 Amended Complaint filed by Michael Pacheco, Sr. (Colihan, Michael) (Entered: 11/10/2015) |
| 11/10/2015 | | SCHEDULING ORDER: Plaintiff is directed to supplement the 71 motion to amend by 11/12/2015 by filing a copy of the proposed Fourth Amended Complaint, which must identify which defendants are being sued under each claim. Ordered by Magistrate Judge Marilyn D. Go on 11/10/2015. (Moo-Young, Jillian) (Entered: 11/10/2015) |
| 11/10/2015 | 73 | AFFIDAVIT/DECLARATION in Support re 71 First MOTION to Amend/Correct/Supplement 42 Amended Complaint filed by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Proposed Amended Complaint) (Colihan, Michael) (Entered: 11/10/2015) |
| 11/13/2015 | 74 | MOTION to Strike 71 First MOTION to Amend/Correct/Supplement 42 Amended Complaint . MOTION for Extension of Time to File Response/Reply as to 71 First MOTION to Amend/Correct/Supplement 42 Amended Complaint by The City of New York. (Jacobs, Elissa) (Entered: 11/13/2015) |
| 12/18/2015 | | ORDER granting in part and denying in part the 74 motion. Defendants' motion for an extension of time to respond to the 71 motion to amend is granted and defendants' time to respond is extended to 1/8/2016. The Court has previously commented on the lack of specificity of the proposed amended complaint, and by 12/29/2015, plaintiff must file a letter specifying each claim by title and which defendants are being sued under each claim, since plaintiff must have a good faith basis for asserting each claim against a given defendant. Ordered by Magistrate Judge Marilyn D. Go on 12/18/2015. (Moo-Young, Jillian) (Entered: 12/18/2015) |
| 01/08/2016 | 75 | RESPONSE in Opposition re 71 First MOTION to Amend/Correct/Supplement 42 Amended Complaint filed by Alexis Castillo, Felix Concepcion. William Davitt, Lee Maldonado, Besim Pelinku, The City of New York. (Jacobs, Elissa) (Entered: 01/08/2016) |
| 02/19/2016 | | Minute Entry for proceedings held on 2/19/2016 before Magistrate Judge Marilyn D. Go: Appearances by telephone by M. Colihan for plaintiffs; E. Jacobs for defendants. Hearing held during the deposition of Sgt. Concepcion and rulings made. The defendants are directed to produce a redacted copy of the transcript of the recording in question to counsel for plaintiffs, who shall maintain the confidentiality of the transcript for "attorneys eyes only" and may not disclose the transcript to any other person, including his clients. Defendants may make redactions of statements which may suggest the identities of persons connected with the recording and must produce the transcript to plaintiff's counsel by 3/16/2016. If plaintiffs dispute the redactions made or seeks other relief, plaintiffs may file a motion, attaching the transcript and the questions to which defense counsel had objected. The parties are given leave to file the transcript under seal. FTR/C: 2:09-2:14, 2:15-2:24 (sealed), 2:24-2:29 (Moo-Young, Jillian) (Entered: 02/19/2016) |
| 09/28/2016 | | ORDER: After plaintiffs filed a 71 motion for leave to file a Fourth Amended Complaint, this Court filed orders on 11/10/2015 and 12/18/2015 directing plaintiffs to file a proposed amended complaint that specifically identifies which defendants are being sued under each claim. As noted at prior conferences, there are multiple plaintiffs and defendants, but |

| | | |
|---|---|---|
| | | each plaintiff did not have interaction with every defendant. Because plaintiffs have failed to supplement their motion and their proposed pleading lacks sufficient specificity regarding which claims are being raised against which defendants, the 71 motion for leave to file a Fourth Amended Complaint is denied. See Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1971) (where plaintiff is on notice of deficiencies in complaint at time of first amendment, it is not entitled to a third go-around.); see also Iwachiw v. NYC Bd. of Elections, 273 F.Supp.2d 224, 227 (E.D.N.Y. 2003) (finding that because the Court has given the plaintiff an opportunity to amend his complaint, and he has again failed to comply with Rule 8, the amended complaint is dismissed with prejudice). Accordingly, this action will proceed on the basis of the 42 Third Amended Complaint, which, although also lacking in specificity, was filed with the consent of defendants. A status conference will be held on 10/13/2016 at 11:00 a.m. (by tel.). Ordered by Magistrate Judge Marilyn D. Go on 9/28/2016. (Moo-Young, Jillian) (Entered: 09/28/2016) |
| 10/13/2016 | | Minute Entry for proceedings held on 10/13/2016 before Magistrate Judge Marilyn D. Go: Appearances by telephone by M. Colihan for plaintiffs; E. Jacobs for defendants. The parties should promptly schedule the remaining depositions and discovery is extended to 1/10/2017. The parties must submit a status report by 10/27/2016 regarding the status of settlement and are encouraged to call chambers to schedule an earlier settlement conference if the parties think it would be useful. FTR/C: 11:01-11:09 (Moo-Young, Jillian) (Entered: 10/18/2016) |
| 10/27/2016 | 76 | Letter *regarding status report as directed by the Court* by Michael Pacheco, Sr (Colihan, Michael) (Entered: 10/27/2016) |
| 10/27/2016 | | STATUS REPORT ORDER: The parties must file a status report regarding settlement by 11/10/2016. Ordered by Magistrate Judge Marilyn D. Go on 10/27/2016. (Hugh, Lewis) (Entered: 10/27/2016) |
| 11/23/2016 | | Case Reassigned to Magistrate Judge Peggy Kuo. Magistrate Judge Marilyn D. Go no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Marziliano, August) (Entered: 11/23/2016) |
| 11/29/2016 | | SCHEDULING ORDER: A Status Conference is scheduled for December 19, 2016 at 12:00 PM in Courtroom 11C South before Magistrate Judge Peggy Kuo. Ordered by Magistrate Judge Peggy Kuo on 11/29/2016. (Riquelme, Claudia) (Entered: 11/29/2016) |
| 12/19/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Status Conference held on 12/19/2016. Attorney Michael Colihan for Plaintiffs. Attorney Elissa Jacobs for Defendants. The parties provided an overview of the case, including a status update. A Settlement Conference is scheduled for February 10, 2017 at 2:00 p.m. in Courtroom 11C South before Magistrate Judge Peggy Kuo. Confidential *ex parte* settlement statements, which must include the last offer and demand, are due via e-mail to Chambers by February 3, 2017. For further guidance on the contents of the statements and where to send them, the parties are directed to Magistrate Judge Kuo's Individual Practice Rules. Plaintiffs' counsel will mail to Chambers in advance of the conference a disc with the video of the incident. Any discovery deadline currently in place is lifted until after the Settlement Conference; if a settlement is not reached, new discovery deadlines will be set at the end of the Settlement Conference. (Tape #12:04-12:22.) (Feldman, Shira) (Entered: 12/19/2016) |
| 02/03/2017 | 77 | MOTION to Adjourn Conference by Felix Concepcion, Besim Pelinku. (Jacobs, Elissa) (Entered: 02/03/2017) |
| 02/03/2017 | | ORDER denying 77 Motion to Adjourn Conference, with leave to re-file. Pursuant to Judge Kuo's Individual Practice Rules, Section III(C)(2)(c), requests for adjournment are required to state whether all parties consent to the request. Ordered by Magistrate Judge Peggy Kuo on 2/3/2017. (Feldman, Shira) (Entered: 02/03/2017) |
| 02/08/2017 | 78 | MOTION to Adjourn Conference by Felix Concepcion, Besim Pelinku, The City of New York. (Jacobs, Elissa) (Entered: 02/08/2017) |
| 02/08/2017 | | ORDER granting 78 Motion to Adjourn Conference. The Settlement Conference scheduled for February 10, 2017, is converted to a Status Conference on February 10, 2017 at 2:00 p.m. in Courtroom 11C South before Magistrate Judge Peggy Kuo. Ordered by Magistrate Judge Peggy Kuo on 2/8/2017. (Feldman, Shira) (Entered: 02/08/2017) |
| 02/10/2017 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Status Conference held on 2/10/2017. Attorney Michael Colihan for Plaintiffs. Attorney Elissa Beth Jacobs for Defendants. The time to answer the Third Amended Complaint is extended to February 17, 2017, *nunc pro tunc*. Plaintiffs are directed to notice the deposition of the individual, as well as the other remaining depositions they wish to conduct. Defendants are directed to notice the depositions of Plaintiffs. The parties are then to agree upon dates for the depositions. The deadline to finish all depositions is July 28, 2017. Any briefing regarding the deposition of the individual, as well as the deposition itself, should it go forward, must be completed by July 28, 2017. The deadline to request a pre-motion conference before the District Judge on any dispositive motion is August 11, 2017. If no pre-motion conference is requested, the Joint Proposed Pretrial Order is due by September 8, 2017. The parties are to jointly file a Status Report regarding the progress of discovery by June 2, 2017. (Tape #2:02-2:21.) (Feldman, Shira) (Entered: 03/09/2017) |
| 02/17/2017 | 79 | ANSWER to 42 Amended Complaint by Alexis Castillo, Felix Concepcion, William Davitt, Leo Maldonado, Edward Patterson, Besim Pelinku, Steven Riggio, Manuel Sepulveda, The City of New York, John Todaro. (Jacobs, Elissa) (Entered: 02/17/2017) |
| 06/08/2017 | 80 | Letter *apologizing to the Court for not submitting the Joint Status Letter on time.* by Michael Pacheco, Sr (Colihan, Michael) (Entered: 06/08/2017) |
| 06/29/2017 | | STATUS REPORT ORDER: The parties have failed to file the Status Report due by June 2, 2017. They are ordered to file a joint Status Report no later than July 7, 2017. Ordered by Magistrate Judge Peggy Kuo on 6/29/2017. (Feldman, Shira) (Entered: 06/29/2017) |

| 07/07/2017 | 81 | STATUS REPORT by The City of New York (Jacobs, Elissa) (Entered: 07/07/2017) |
|---|---|---|
| 07/31/2017 | 82 | MOTION for Extension of Time to Complete Discovery *filed on behalf of plaintiff's counsel* by The City of New York. (Jacobs, Elissa) (Entered: 07/31/2017) |
| 08/02/2017 | | SCHEDULING ORDER: A Status Conference is scheduled for August 7, 2017 at 2:30 p.m. by telephone before Magistrate Judge Peggy Kuo. Defense counsel is to initiate the call by bringing Plaintiffs' counsel onto the line and then dialing Chambers (718.613.2400). Ordered by Magistrate Judge Peggy Kuo on 8/2/2017. (Feldman, Shira) (Entered: 08/02/2017) |
| 08/07/2017 | | Minute Order for proceedings held before Magistrate Judge Peggy Kuo. Status Conference held by telephone on 8/7/2017. Attorney Michael Colihan for Plaintiffs. Attorney Elissa Jacobs for Defendants. The motion for an extension of time to complete discovery 82 is granted. The deadline for the conclusion of all fact discovery is extended to October 10, 2017, *nunc pro tunc*. The parties must jointly certify by that date that discovery is concluded. The deadline to request a pre-motion conference before the District Judge on any dispositive motion is extended to October 20, 2017. Defendants are directed to notice the depositions of Plaintiffs as soon as possible. (Tape #2:31-2:41.) (Feldman, Shira) (Entered: 08/09/2017) |
| 10/04/2017 | 83 | STIPULATION *of Confidentiality* by The City of New York (Jacobs, Elissa) (Entered: 10/04/2017) |
| 10/06/2017 | | PROTECTIVE ORDER: The 83 proposed protective order by stipulation is approved and so ordered. Ordered by Magistrate Judge Peggy Kuo on 10/6/2017.(Moon, Linda) (Entered: 10/06/2017) |
| 10/10/2017 | 84 | MOTION for Extension of Time to Complete Discovery by The City of New York. (Jacobs, Elissa) (Entered: 10/10/2017) |
| 10/11/2017 | | ORDER granting 84 Motion for Extension of Time to Complete Discovery. The parties' request to complete depositions is extended to November 24, 2017. Ordered by Magistrate Judge Peggy Kuo on 10/11/2017. (Riquelme, Claudia) (Entered: 10/11/2017) |
| 10/30/2017 | 86 | MOTION for Discovery *order regarding the order of depositions* by Alexis Castillo, Felix Concepcion, William Davitt, Lee Maldonado, Edward Patterson, Besim Pelinku, Steven Riggio, Manuel Sepulveda, The City of New York. (Attachments: # 1 Affidavit) (Jacobs, Elissa) (Entered: 10/30/2017) |
| 10/31/2017 | | ORDER: Any response to Defendant's 86 Motion shall be filed by November 2, 2017. Ordered by Magistrate Judge Peggy Kuo on 10/31/2017. (Moon, Linda) (Entered: 10/31/2017) |
| 11/03/2017 | | ORDER: Chambers received via email Plaintiff's Opposition to Defendant's motion for discovery filed at 86 . The Court notes that this is an improper method of filing an Opposition. Pursuant to Federal Rule of Civil Procedure 5.2(d) plaintiffs' counsel is directed to file a motion on ECF for leave to file under seal those portions of the filing that should be redacted on the public docket. Specific instructions are on the Court's website. Ordered by Magistrate Judge Peggy Kuo on 11/3/2017. (Riquelme, Claudia) (Entered: 11/03/2017) |
| 11/06/2017 | 87 | RESPONSE to Motion re 86 MOTION for Discovery *order regarding the order of depositions* filed by Michael Pacheco, Sr. (Attachments: # 1 Exhibit NYS Supreme Court records regarding plaintiff Stephen Cummings, # 2 Exhibit Selected Portion of NYPD Patrol Guide) (Colihan, Michael) (Entered: 11/06/2017) |
| 11/06/2017 | 88 | Letter *apologizing to the Court for filing a motion response in an unauthorized way* by Michael Pacheco, Sr (Colihan, Michael) (Entered: 11/06/2017) |
| 11/06/2017 | | SCHEDULING ORDER: Telephone Conference set for November 9, 2017 at 02:30 PM before Magistrate Judge Peggy Kuo. Defendants counsel to initiate the call and dial Chambers at (718)613-2400. Ordered by Magistrate Judge Peggy Kuo on 11/6/2017. (Moon, Linda) (Entered: 11/06/2017) |
| 11/21/2017 | | Minute Order for proceedings held before Magistrate Judge Peggy Kuo. Discovery Conference by telephone held on 11/21/2017. Attorney Michael Colihan for Plaintiffs. Attorney Elissa Jacobs for Defendants. The parties were heard on two disputes that arose during the deposition of Plaintiff Pacheco, Sr. Both disputes have been resolved.(FTR Log #11:55-12:10.) (Moon, Linda) (Entered: 11/21/2017) |
| 01/24/2018 | 89 | Letter *respectfully advising the Court that there is a letter action with the same subject matter* by Stephen Cummings (Attachments: # 1 Exhibit) (Colihan, Michael) (Entered: 01/24/2018) |
| 02/18/2018 | 90 | First MOTION to Seal Document by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Motion respectfully requested to be filed under seal) (Colihan, Michael) (Entered: 02/18/2018) |
| 02/20/2018 | | SCHEDULING ORDER: Telephone Conference set for February 23, 2018 at 11:00 AM before Magistrate Judge Peggy Kuo. Plaintiffs' counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. Ordered by Magistrate Judge Peggy Kuo on 2/20/2018. (Riquelme, Claudia) Modified on 2/23/2018 to reflect that this conference will be held by telephone (Riquelme, Claudia). (Entered: 02/20/2018) |
| 02/22/2018 | 91 | REPLY in Opposition re 90 First MOTION to Seal Document filed by The City of New York. (Attachments: # 1 Response to plaintiffs' request for discovery) (Jacobs, Elissa) (Entered: 02/22/2018) |
| 02/26/2018 | | Minute Order for proceedings held before Magistrate Judge Peggy Kuo. Motion Hearing by telephone held on 2/23/2018. Attorney Michael Colihan for Plaintiffs. Attorney Elissa Jacobs for Defendants. For the reasons stated on the record, Plaintiffs' 90 Motion to Seal documents is denied. Plaintiffs' counsel informed the Court of Plaintiffs' anticipated motion to seek and obtain jailhouse phone recordings of Plaintiff Cummings's phone calls. Such a request should provide legal authorities for Plaintiffs' position and must be made by March 1, 2018. Defendants' response shall be filed by March 12, |

| | | |
|---|---|---|
| | | 2018. The parties shall file a revised joint scheduling order setting forth all remaining discovery deadlines by March 13, 2018. (FTR Log #11:04–11:27.) (Moon, Linda) Modified on 3/1/2018 to reflect the correct date of the hearing (Moon, Linda). (Entered: 02/26/2018) |
| 02/27/2018 | 92 | Second MOTION for Leave to Electronically File Document under Seal *in the form of a application under Rule 72 of the Federal Rules of Civil Procedure* by Michael Pacheco, Sr. (Attachments: # 1 Exhibit Letter motion to be filed under seal) (Coffhan, Michael) (Entered: 02/27/2018) |
| 03/01/2018 | 93 | First MOTION for Extension of Time to File a *motion regarding recording of certain conversations of the plaintiffs* by Michael Pacheco, Sr. (Coffhan, Michael) (Entered: 03/01/2018) |
| 03/02/2018 | | ORDER granting 93 Motion for Extension of Time to File. The deadline for Plaintiffs' motion to seek and obtain jailhouse phone recordings of Plaintiff Cummings's phone calls, is extended to March 8, 2018. Defendants' response is extended to March 17, 2018. The deadline of March 13, 2018 for the parties to file a revised joint scheduling order remains in place. Ordered by Magistrate Judge Peggy Kuo on 3/2/2018. (Riquelme, Claudia) (Entered: 03/02/2018) |
| 03/08/2018 | 94 | TRANSCRIPT of Proceedings held on February 23, 2018, before Judge Kuo. Court Transcriber: Fiore Reporting and Transcription Service Inc. Telephone number 203-929-9992. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 3/29/2018. Redacted Transcript Deadline set for 4/9/2018. Release of Transcript Restriction set for 6/6/2018. (Rocco, Christine) (Entered: 03/08/2018) |
| 03/08/2018 | 95 | First MOTION for Discovery of *certain recorded conversations alleged to have taken place between the plaintiffs* by Michael Pacheco, Sr. (Coffhan, Michael) (Entered: 03/08/2018) |
| 03/12/2018 | 96 | RESPONSE in Opposition re 92 Second MOTION for Leave to Electronically File Document under Seal *in the form of a application under Rule 72 of the Federal Rules of Civil Procedure* filed by The City of New York. (Attachments: # 1 Exhibit A: Transcript) (Jacobs, Elissa) (Entered: 03/12/2018) |
| 03/13/2018 | 97 | STATUS REPORT *containing proposed scheduling order* by The City of New York (Jacobs, Elissa) Modified on 3/14/2018 to reflect that this is a motion of extension of time to complete discovery. (Riquelme, Claudia). (Entered: 03/13/2018) |
| 03/14/2018 | | ORDER granting 97 Motion for Extension of Time to Complete Discovery. The deadline to complete discovery is extended to June 11, 2018. The parties must certify the close of discovery, via ECF, by June 13, 2018. Ordered by Magistrate Judge Peggy Kuo on 3/14/2018. (Riquelme, Claudia) (Entered: 03/14/2018) |
| 03/20/2018 | 98 | RESPONSE in Opposition re 95 First MOTION for Discovery of *certain recorded conversations alleged to have taken place between the plaintiffs* filed by The City of New York. (Jacobs, Elissa) (Entered: 03/20/2018) |
| 03/22/2018 | 99 | ORDER: 92 Second MOTION for Leave to Electronically File Document under Seal: GRANTED. Magistrate Judge Kuo's ruling will not be disturbed. Plaintiff's motion DENIED. SO Ordered by Judge Raymond J. Dearie on 3/20/2018. (Ramesar, Thameera) (Entered: 03/22/2018) |
| 03/23/2018 | 100 | MOTION to Seal Document 96 Response in Opposition to Motion. by The City of New York. (Jacobs, Elissa) (Entered: 03/23/2018) |
| 03/27/2018 | | ORDER granting 95 Motion for Discovery. Plaintiffs' request to compel Defendants to identify all recordings it seeks to use in this action by dates, times, and lengths, and produce such recordings is granted. Defendants' counsel is permitted to listen to the recorded phone calls between Plaintiff Cummings and his two co-Plaintiffs in order to determine whether any information contained in the recordings is relevant or discoverable. Ordered by Magistrate Judge Peggy Kuo on 3/27/2018. (Moon, Linda) (Entered: 03/27/2018) |
| 03/29/2018 | 101 | ORDER re 100 Motion to Seal Document 96 . Application is granted. Docket No. 96 sealed. SO Ordered by Judge Raymond J. Dearie on 3/29/2018. (Tavarez, Jennifer) (Entered: 03/29/2018) |
| 03/30/2018 | 102 | Letter *respectfully informing the Court of a decision of the US District Court for the Southern District of New York dated March 26, 2018* by Michael Pacheco, Sr (Coffhan, Michael) (Entered: 03/30/2018) |
| 05/10/2018 | 103 | ORDER STAYING CASE: Request granted. Case stayed for 60 days until July 9, 2018. SO Ordered by Judge Raymond J. Dearie on 5/9/2018. (Ramesar, Thameera) (Entered: 05/10/2018) |
| 07/09/2018 | 104 | NOTICE of Appearance by Edward Zaloba on behalf of Stephen Cummings, Michael Pacheco, Jr, Michael Pacheco, Sr (aty to be noticed) (Zaloba, Edward) (Entered: 07/09/2018) |
| 07/17/2018 | 105 | NOTICE of Appearance by Vikrant Pawar on behalf of Michael Pacheco, Jr, Michael Pacheco, Sr (aty to be noticed) (Pawar, Vikrant) (Entered: 07/17/2018) |
| 07/24/2018 | | STATUS REPORT ORDER: The parties are directed to file a joint status report regarding the status of the case by July 31, 2018. Ordered by Magistrate Judge Peggy Kuo on 7/24/2018. (Riquelme, Claudia) (Entered: 07/24/2018) |
| 07/31/2018 | 106 | STATUS REPORT by Stephen Cummings, Michael Pacheco, Jr, Michael Pacheco, Sr (Zaloba, Edward) (Entered: 07/31/2018) |
| 08/01/2018 | | SCHEDULING ORDER: Settlement Conference set for September 14, 2018 at 2:00 p.m. in Courtroom 11C South before Magistrate Judge Peggy Kuo. Individual Plaintiffs must be present. A representative of Defendants with complete settlement authority (other than counsel) must be present, unless leave is granted to participate by phone. The parties must submit *ex parte*, confidential settlement statements, which must include the last offer and demand, via email to Chambers |

| | | |
|---|---|---|
| | | (Kuo_Chambers@nyed.uscourts.gov) by September 6, 2018. For further guidance on the required content of the settlement statements, the parties are directed to Judge Kuo's Individual Practice Rules. Ordered by Magistrate Judge Peggy Kuo on 8/1/2018. (Moon, Linda) (Entered: 08/01/2018) |
| 08/22/2018 | 107 | First MOTION to Adjourn Conference *(settlement conference)* with consent by Michael Pacheco, Jr. Michael Pacheco, Sr. (Pawar, Vikrant) (Entered: 08/22/2018) |
| 08/23/2018 | | ORDER granting 107 Motion to Adjourn Conference. The Settlement Conference scheduled for September 14, 2018 is rescheduled to October 5, 2018 at 2:00 p.m. in Courtroom 11C South before Magistrate Judge Peggy Kuo. The parties must submit *ex parte*, confidential settlement statements, which must include the last offer and demand, via email to Chambers (Kuo_Chambers@nyed.uscourts.gov) by September 26, 2018. Ordered by Magistrate Judge Peggy Kuo on 8/23/2018. (Moon, Linda) (Entered: 08/23/2018) |
| 09/26/2018 | 108 | MOTION for Extension of Time to File *ex parte settlement statement* by The City of New York. (Jacobs, Elissa) (Entered: 09/26/2018) |
| 09/27/2018 | | ORDER granting 108 Motion for Extension of Time to File. The deadline for the parties to submit *ex parte* confidential settlement statements is extended *nunc pro tunc* to today September 27, 2018. Ordered by Magistrate Judge Peggy Kuo on 9/27/2018. (Riquelme, Claudia) (Entered: 09/27/2018) |
| 10/05/2018 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Settlement Conference held on 10/5/2018. Attorneys Edward Zaloba and Vikrant Pawar appeared on behalf of plaintiffs who were also present. Attorney Elissa Beth Jacobs appeared on behalf of defendants. The parties were not able to reach a settlement agreement. They were directed to file a joint status report by November 9, 2018 with a new proposed discovery schedule and raising any discovery disputes. (Riquelme, Claudia) (Entered: 10/05/2018) |
| 11/08/2018 | 109 | Joint MOTION for Extension of Time to File *a status report and discovery plan* by The City of New York. (Jacobs, Elissa) (Entered: 11/08/2018) |
| 11/09/2018 | | ORDER granting 109 Motion for Extension of Time to File Document. The deadline to file a Joint Status Report is extended to November 16, 2018. If the case does not settle, the parties must submit a new proposed discovery schedule. Ordered by Magistrate Judge Peggy Kuo on 11/9/2018. (Riquelme, Claudia) (Entered: 11/09/2018) |
| 11/16/2018 | 110 | Letter *regarding settlement* by The City of New York. (Jacobs, Elissa) (Entered: 11/16/2018) |
| 11/19/2018 | | ORDER: In light of the letter filed at 110 in which the parties indicate that they have reached a settlement, they are directed to file a Stipulation of Dismissal by December 17, 2018. Ordered by Magistrate Judge Peggy Kuo on 11/19/2018. (Riquelme, Claudia) (Entered: 11/19/2018) |
| 12/21/2018 | | ORDER TO SHOW CAUSE: Pursuant to the Order dated December 19, 2018, the parties were directed to file a Stipulation of Dismissal by December 17, 2018. They have failed to do so. By January 9, 2019, the parties must show cause for the failure to comply with the Court's Order and file a Stipulation of Dismissal. Ordered by Magistrate Judge Peggy Kuo on 12/21/2018. (Gonzalez-Munoz, Rossana) (Entered: 12/21/2018) |
| 01/04/2019 | 111 | STIPULATION of Dismissal by The City of New York, RESPONSE TO ORDER TO SHOW CAUSE by The City of New York (Attachments: # 1 Proposed Stipulation of Dismissal) (Jacobs, Elissa) (Entered: 01/04/2019) |
| 01/07/2019 | 112 | ORDER: WHEREAS, the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability; NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that The above-referenced action is hereby dismissed with prejudice; and Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth, in the Stipulation of Settlement executed by the parties in this matter. So Ordered by Judge Raymond J. Dearie on 1/7/2019. (Almonte, Giselle) (Entered: 01/08/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2019 07:11:35 | | |
| PACER Login: | me6652vene | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:14-cv-07581-RJD-PK |
| Billable Pages: | 16 | Cost: | 1.60 |

# EXHIBIT G

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

POSTED VIA ECF

November 6, 2017.

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-7581

Your Honor:

I represent the plaintiff in this action. I am writing this letter in opposition to the motion of the defendants seeking to change the order of depositions in this case.

The plaintiffs own and operate a barbershop in Staten Island. Michael Pacheco Jr. and Stephen Cummings are the sons of Michael Pacheco, Sr. who suffers from diabetes and has difficulty walking because of a recurrent infection in his foot. On the day of this incident on November 21 of 2014, the plaintiffs were in their place of business minding their own affairs when the defendants saw fit to try to sell a "stolen" cell phone to them or their customers through some sort of undercover officer or operative. The phone in question actually was NYPD property. When he entered the plaintiff's place of business he was told immediately by Michael Pacheco Sr. that if he was not there to have his haircut he should leave the premises immediately. After the incident that ensued the plaintiffs Michael Pacheco Jr. and Stephen Cummings were charged with criminal possession of stolen property and related charges. How the two plaintiffs and brothers could be so charged when the " stolen" phone was actually the property of the N.Y.P. D. and the suggestion that it was stolen was a lie made up by the police is, to put it mildly, dishonest. It may well be that the Richmond County District Attorney is more familiar than almost anyone concerning the credibility of the N.Y.P.D. in Staten Island because it declined prosecution of both Stephen Cummings and Michael Pacheco Jr., but not until they spent 24 hours in jail.  As to Michael Pacheco Sr. , who customarily walks with crutches because of his aforementioned medical condition, he was forced to walk out of his place of business without said crutches and issued a Desk Appearance Ticket for disorderly conduct. This matter was dismissed at the first return date because the accusatory instrument was facially insufficient. I can assure the Court of that fact because I represented Mr. Pacheco concerning that summons.

The incident complained of happened nearly three years ago. There is not a single shred of evidence that any of the plaintiffs have threatened the City's " confidential informant" in any

way because nothing of the sort has occurred. There is nothing to suggest that they know who he is or where he lives . I have signed a confidentiality agreement which we have honored. It is true that the plaintiff Stephen Cummings is incarcerated. Given that fact, it is impossible to see how he could be a threat to anyone. In addition, my adversary has intentionally mislead the Court by suggesting that the plaintiff Mr. Cummings is in jail " for a homicide" I have annexed as the first exhibit to this letter a list of his charges which is available on the New York State Unified Court System. The main charges involve narcotics. It was my adversary Ms. Jacobs who suggested to me that the manslaughter charge on this indictment was because of an alleged overdose by a drug user. How this could be considered a " homicide" is at best questionable logic . In any event, the plaintiff Mr. Cummings has denied these charges and plead not guilty. To suggest that Mr. Cummings is in jail because he has intentionally killed someone is dishonest and misleading and I respectfully suggest that the court should deny the City's application on that basis alone.

It might interest the Court to know that plaintiff Stephen Cummings received a sizable settlement as a result of an action I brought for him against the N.Y.P.D. in Staten Island shortly before this incident. In that prior case Mr. Cummings was beaten by the police to the point that he required surgery to treat his injuries. I am sure that we will be told that this prior case and settlement had absolutely nothing to do with the fact that his place of business was targeted by the police for this " reverse sting" operation involving an " stolen" cell phone. I am equally sure that it will be claimed that it was only by some amazing coincidence that Mr. Cummings' barber shop was targeted over the countless other businesses in Staten Island. I will respectfully request the Court draw its own logical conclusions.

The NYPD Patrol Guide, Section PG212- 68 sets forth the guidelines used by the defendants in dealing with confidential informants. I have annexed as the second exhibit to this letter page 8 of that section, which lists a number of possible categories of "c.i's" and the regulations for each category. Some of those listed are for people " on probation", " on parole" " wanted on a warrant" and "defendant in an active criminal case". At the risk of telling the Court something it already knows, many confidential informants have serious criminal histories and/or involvements with ongoing crimes. This is how they provide the information they are paid for, or receive lighter sentences for. I respectfully submit that it takes little imagination to see such a person tailoring their deposition testimony with the help of the plaintiff's deposition transcripts provided to them. I submit that this is the real reason for the City's application, and it is not one the Court should endorse.

Thank you for your attention and consideration.

MC/ll

Very Truly Yours,

This is an electronic signature

Michael Colihan

cc: Law Department

# EXHIBIT H

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

November 24, 2017.

The Honorable Raymond J. Dearie
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

     I represent the plaintiff in this action. I write this letter in compliance with the Court's individual practices. I request permission for a pre motion conference on the issue of liability as to plaintiff Michael Pacheco, Jr.

     The plaintiffs are a father, Michael Pacheco, Sr. and his two sons, Michael Pacheco Jr. and Stephen Cummings. They operate a barbershop on Staten Island. On November 21, 2014 the plaintiffs were in their place of business minding their own affairs when the defendant police sent a confidential informant to their barbershop and attempted to sell an early model I phone . The phone in question was the property of the NYPD and was not stolen. An audio recording exists of the alleged transaction between the confidential informant and other people. The City has not released the recording itself but  rather a heavily redacted transcript where no one is identified by name. From the depositions conducted thus far the defendants have stated that in such a " reverse sting " operation the person posing as the purported seller must state unequivocally that the item in question is stolen. The person who may be the confidential informant indicated this, but then denied it.

     On page 10 of the transcript at line 17, the informant supposedly states, in Spanish " these have all been stolen from the bodega where I work... "On page 12 of the transcript the informant states "Yeah, its not been stolen. It's not stolen, its not reported stolen. " The pertinent portions of said transcript are annexed as Exhibit "1"

     There is nothing in the transcript to indicate that any plaintiff was a party to the conversation. These is also nothing to indicate that any person agreed to purchase any phone on the date in question. It is equally clear that no plaintiff, or anyone else for that matter, gave any money to the police.

     In People v Zaborski, 59 N.Y. 2d 863 the Court of Appeals held that in a case of a " reverse sting " operation a defendant could not be charged with Criminal Possession of Stolen

Property because the property in question was the property of the police. Since the property in question was not actually stolen the defendant could not be charged with a legal impossibility.

It seems the Staten Island district attorney's Office agreed with the Court of Appeals since that office declined prosecution of both Michael Pacheco, Jr. and his brother Stephen Cummings. Michael Pacheco Sr. was given a desk appearance ticket for Disorderly Conduct which was dismissed upon motion at the first return date.

I respectfully request the Court issue an Order granting a pre motion conference.

Thank you for your attention and consideration

MC/ll                                        Very Truly Yours,

                                             This is an electronic signature

cc Law Department

                                             Michael Colihan

# EXHIBIT I

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York    ▼

| | |
|---|---|
| Michael Pacheco, Sr., Michael Pacheco, Jr., and Stephen Cummings <br><br> *Plaintiff(s)* <br> v. <br> The City of New York, et al <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No.   17-cv- 6785 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The City of New York, 100 Church Street, New York, NY 10007

Sgt. Steven Riggio, Sh. # 4628, 121st Pct., 970 Richmond Ave, Staten Island, NY

Det. Edward Patterson, Sh. # 4626, 121st Pct., 970 Richmond Ave., Staten Island, NY

P.O. Brian Johnson, Sh. # 14496, 121st Precinct, 970 Richmond Ave., Staten Island, NY  .

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Colihan, 44 Court Street Suite 906, Brooklyn, NY 11201
(718) 488-7788

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Douglas C. Palmer
*CLERK OF COURT*

Date:  11/20/2017

s/Priscilla Bowens
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. **17-cv- 6785**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title. if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    **0.00**    .


I declare under penalty of perjury that this information is true.


Date: _____            _____
                                                            *Server's signature*


                                                    _____
                                                            *Printed name and title*



                                                    _____
                                                            *Server's address*


Additional information regarding attempted service, etc:

# EXHIBIT J

December 30, 2017

212 356-3509

TO: ELISSA JACOBS, ESQ.

FROM MICHAEL COLIHAN

RE : Pacheco, et al v NYC et al Deposition of CI

This was sent via Email & fax. Please acknowledge receipt. It will be sent to the Court on 1/2/2018 unless the matters it addresses are resolved before then. This will be so even if " out of office auto replies" are received.If you are otherwise occupied please have someone who is not deal with it. Regards MC

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

January 2, 2018

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

I represent the plaintiff in this action. I write this letter to address a discovery dispute regarding the City's failure to produce a witness for his depositions as follows.

We had a status conference on this case in November of 2017. The City claimed it did not want to produce a confidential informant in this case until the plaintiffs were deposed, citing concerns for the safety of the CI. Plaintiffs Michael Pacheco Sr. & Jr. were both deposed. They were not asked a single question related to the " safety concerns" the City claimed were so pressing. Predictably, the CI was never produced despite several requests from me .

I respectfully request the City be required to depose the CI now & grant the costs of this application.

Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

# EXHIBIT K

**MICHAEL COLIHAN- ATTORNEY AT LAW**

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

January 29, 2018

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-09526

Your Honor:

    I represent the plaintiff in this action. I write this letter to address a discovery dispute regarding the City's failure to produce a witness for his deposition as follows.

    We had a status conference on this case in November of 2017. The City claimed it did not want to produce a confidential informant in this case until the plaintiffs were deposed, citing concerns for the safety of the CI. All plaintiffs have now been deposed. I was present for all three depositions and I cannot recall a single question related to the " safety concerns" the City claimed were so pressing. Predictably, the CI was never produced despite several requests from me .

    I respectfully request the City be required to produce the CI now & grant the costs of this application.

    Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

# EXHIBIT L

## MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

The Honorable Raymond J. Dearie
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

FILED VIA ECF

February 7, 2018

RE: Pacheco v NYC et al

17-cv-06785

Your Honor:

I represent the plaintiffs in this action. I am writing this letter to respectfully request permission to take judgement by default against the defendants Anthony Cimmino, Michael Burke, Matthew Flores, Brian Johnson, Edward Patterson and Steven Riggio. All were served at their place of employment on January 2, 2018 and their answer was due on January 23, 2018.  In the alternative I would respectfully request that the Court issue an order directing a attorney from the Law Department to file a notice of appearance and interpose an answer.

I would like to mention that before filing this letter I had sent a copy of same to Elissa Jacobs, who represents the defendants in a related action with the suggestion that she file an answer or direct me to the Law Department attorney who is defending this action.

Thanks for your attention and consideration.


MC/ll                                            Very Truly Yours,

                                         This is an electronic signature /s/

                                                Michael Colihan


cc: Law Department

# EXHIBIT M

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (347) 742 5045

February 15, 2018

The Hon. Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-07581

Your Honor:

I represent the plaintiffs in this action. I write this letter to address a matter related to the deposition of a witness that was scheduled for this coming Friday, February 16, 2018. I was planning to ask the witness, who is a confidential informant with the NYPD, about his criminal history. Since I do not know this person's name or birthday, and will never have this information because of who he is, I have no other way to obtain this information. When planning for this deposition over the last several months, my adversary at first stated that she would allow inquiry into criminal convictions, but has now apparently changed her mind.

By way of background, the plaintiffs are a father, Michael Pacheco, Sr. and his two sons, Michael Pacheco, Jr. and Stephen Cummings. They operate a barbershop on Staten Island. On November 21, 2014 the plaintiffs were in their place of business minding their own affairs when the defendant police sent a confidential informant to their barbershop and attempted to sell an early model I phone . The phone in question was the property of the NYPD and was not stolen. An audio recording exists of the alleged transaction between the confidential informant and other people. The City has not released the recording itself but  rather a heavily redacted transcript where no one is identified by name. From the depositions conducted thus far the defendants have stated that in such a " reverse sting " operation the person posing as the purported seller must state unequivocally that the item in question is stolen. The person who may be the confidential informant indicated this, but then denied it.

On page 10 of the transcript at line 17, the informant supposedly states, in Spanish " these have all been stolen from the bodega where I work... "On page 12 of the transcript the informant states "Yeah, its not been stolen. It's not stolen, its not reported stolen. " I did not want to exceed the Court's page limit with exhibits but will provide same upon request.

All three plaintiffs were arrested, and injured by the ten plus police who responded to the scene. No one there except the police were armed or committed any acts of violence, as can be

seen in a video of the incident. Michael Pacheco Sr. was ambulating on crutches because of a wound to his foot due to a diabetic condition and forced to walk without crutches by the police. The summons he received for disorderly conduct was dismissed on the first return date. Michael Pacheco Jr.and Stephen Cummings were arrested and charged with Criminal Possession of Stolen Property and related charges. The Staten Island District Attorney was so impressed with the claims of the defendants that they declined prosecution of the latter two plaintiffs, but not before they had spent 24 hours in jail.

Rule 609 Impeachment by Evidence of a Criminal Conviction of the Federal Rules of Evidence provides, in pertinent part, as follows: (a) In General. The following Rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence :

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case where the witness is not a defendant ( the "CI" is not being sued in this action)

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that the elements of the crime required proving- or the witness's admitting-a dishonest act or a false statement.

At the risk of stating the obvious, confidential informants are often people with criminal records. The NYPD Patrol Guide places them in a number of categories. Some are seeking " court consideration" that is, providing information concerning the crimes of others in exchange for more lenient treatment for the criminal matters where they themselves are defendants.

How my adversary can claim to me that the credibility of this confidential informant is not at issue defies all reason and logic. The credibility of any witness is always a question at trial, especially when it is the informant's claims that will be relied upon to establish probable cause.

The obstructionism in the City' actions are obvious. This case is over three years old. Despite the fact that the defendants were provided with a video of this incident, it took much time for us to learn the names of all the defendants. More recently, we held a deposition of the one plaintiff now in the custody of the New York City Department of Correction. Despite my adversary's claim that she had made advance arrangements with her own clients to hold same, no one has yet explained to me why I had to wait nearly 4 hours at Riker's Island before this deposition begun. I would respectfully ask the Court to require the City to explain this. If the explanation is not satisfactory I ask the Court to award costs and sanctions based upon the wastage of my time.

I respectfully request the Court grant an order directing the confidential informant to truthfully answer all questions relating to his criminal history at his deposition. I would also ask the Court to order the City to run a NYSID check, or " rap sheet" on this witness for the Courts' in camera inspection, if not my own, so we can see if he is telling the truth about his record.

At our last telephone conference the City made much of it's " concerns" for the safety of the informant, and received deposition priority to question the plaintiffs about this and other matters. I attended all three deposition and nothing was brought out which would lead anyone to suspect a threat to this witness. Few if any questions were even asked in this area.This was simply another delaying tactic by the City .

Thank you for your attention and consideration

MC/ll                                          Very Truly Yours,

                                              This is an electronic signature

cc: Law Department                                     /s/
                                              Michael Colihan

# EXHIBIT N

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488 7788  (347) 742 5045

February 27, 2018

The Hon. Raymond J. Dearie
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-07581

Your Honor:

I represent the plaintiffs in this action. I write this letter to respectfully request permission to file a letter motion under seal. This would be a motion under Rule 72 to respecfully object to a ruling of Magistrate Judge Kuo of February 23, 2018. The subject of the motion is the criminal history of a confidential informant employed and/or utilized by the defendants who is a non party witness. Upon information & belief his testimony will be used to establish probable cause for the arrest of one or more of the plaintiffs. Magistate Judge Kuo denied my motion for the criminal history of this person. I did not ask that his identity be disclosed

The confidential informant was the subject of a confidentiality agreement that I signed and which was endorsed by the Court. In addition, I have sent a copy of the original document I sought to file under seal ( the original application to Judge Kuo) to my adversary at the Law Department and she has requested it be so filed. This application is quite similar. I can think of no negative consequence to the filing of this motion letter under seal.

Thank you for your attention and consideration

MC/ll

Very Truly Yours,

This is an electronic signature

cc Law Department

Michael Colihan

# MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788 (347) 742 5045

February 28, 2018

The Honorable Raymond J. Dearie
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY

Your Honor:

I represent the plaintiffs in this action. I write this letter to respectfully oppose the City's application for a pre motion conference to dismiss this case.

The reason that this second action was brought based upon the same incident of November 21, 2014 is the selective memory loss of the defendants when deposed as to the identity of police at the scene.. My adversary complains of lack of specificity in the complaint and now moves to dismiss. She has not mentioned that she was supposed to interpose a late answer for the defendants served on December 13, 2017, all members of the NYPD who are William Kulik, Anthony Cimmino, Michael Burke Edward Patterson, Steven Riggio and Brian Johnson.

I took my adversary at her word that she would interpose an answer in this case in a timely fashion. She did not, and Judge Kuo issued an Order to Show Cause asking why the plaintiff had not moved for a default.

The City has made grossly misleading statements to suggest the " the officer" identified " all but one" of the police involved in this incident. She conveniently identified no officer by name This is absolutely untrue and my adversary should know that because she attended all three depositions of the defendants in this case. The reason this second action was brought was to try to serve a number of defendants present at the incident but not served before. It will probably be necessary to serve all the defendants because many simply could not be identified from the three depositions taken thus far. It is ironic indeed to hear the City complain that this action was brought at the end of the statute of limitations. The Law Department conducts much if not most of its business at the 11th hour and is routinely permitted to do so.

Defendant Lieutenant William Davitt was the overall supervisor of this operation. I deposed him in May of 2017. He swore that there were 20 to 25 people there when I asked him how many police responded to the location in question. After viewing the video he identified only the following defendants; Sgt. Felix Conception,, Besim Pelinku, Manuel Sepulveda, Steven

Riggio, John Todaro and Lee Maldonado.

Defendant Felix Conception was deposed. He was only able to identify the following police defendants during his deposition after watching the video; Besim Pelinku, William Davitt, Manuel Sepulveda, Steven Riggio, Edward Patterson, John Todaro, Lee Maladonado & Frank Muirhead . I specifically pointed to five different people in the video thought to be police officers who this defendant could not identify.

Defendant Besim Pelinku was deposed. As with all the rest of the defendants, he was shown the video at his deposition and identified only the following defendants These were defendants William Davitt, Manuel Sepulveda, P.O. Kulik, Brian Johnson, Lee Maldonado John Todaro, Edward Patterson, Alexis Castillo,Anthony Cimmino, Officer Palmer,  & Officer Sheridan .

The only people who know the identities of the police defendants in the video are the individual defendants themselves and the City of New York. Since the plaintiff has not been given the photographs of the police defendants in their personnel files which certainly do exist, with corresponding names, the only way the plaintiff can hope to know the identities of the police in the video is by the testimony of the police deposed thusfar. As stated above, defendant Davitt, the overall supervisor of this operation swore that there were 20 to 25 people there when he was asked about the number of police present. After three police depositions we are aware of the names of William Davitt, Manuel Sepulveda, P.O. Kulik, Brian Johnson, Lee Maldonado Frank Muirhead,John Todaro, Edward Patterson, Alexis Castillo,, Anthony Cimmino, Officer Palmer, Edward Patterson, Besim Pelinku, Steven Riggio,  & Officer Sheridan. This leaves the plaintiff five to ten police not identified.

Although Judge Go did issue an order directing the plaintiff to be more specific as to the allegations against each defendant on December 18, 2015 there was no way to comply with same other than depose the defendants that they could identify and hope those defendants would in turn identify other police. On December 18,  only defendant Pelinku had been deposed and he identified only 11 defendants. This is between 9 and 14 people short of the number mentioned as present by Davitt, who supervised the operation . Despite these efforts, a considerable number are still unidentified.

As to the specific actions of any officer, at least one defendants displays a memory loss. Davitt, the highest ranking officer there and the supervisor saw no plaintiff being struck by any police officer. Please see page 7-15 of the pertinent portions of his testimony annexed to this letter as its first exhibit . He claimed that plaintiff Mike Pacheco Sr. " shoved" a police officer and that justified the summons he received for disorderly conduct. He has no idea who this officer or officers were. Please see Exhibit 1, p 52 lines 10-25. Davitt swore that he saw no police officer strike any of the plaintiffs. He also admitted that Michael Pacheco Jr. had a black eye as observed by Davitt at the precinct. When asked how the plaintiff was so injured his answer was as follows: " When the police officer were ( sic) trying to arrest him. I don't know how, if he hit his head on the ground, if he was punched, hit himself, got an elbow, I don't know. In the singular world of the NYPD, people injure themselves and then sue the police. Davitt has no idea

if any civilian struck a police officer p. 80 lines 10-25 . During the incident, Michael Pacheco Jr. was forced to the floor in handcuffs by police. Davitt has no idea who they were p 90- 91.

By way of background, the plaintiffs are a father, Michael Pacheco, Sr. and his two sons, Michael Pacheco, Jr. and Stephen Cummings. They operate a barbershop on Staten Island. In November of 2014 the plaintiffs were in their place of business minding their own affairs when the defendant police sent a confidential informant to their barbershop and attempted to sell an early model I phone . The phone in question was the property of the NYPD and was not stolen. An audio recording exists of the alleged transaction between the confidential informant and other people. The City has not released the recording itself but  rather a heavily redacted transcript where no one is identified by name. From the depositions conducted thus far the defendants have stated that in such a " reverse sting " operation the person posing as the purported seller of stolen goods must state unequivocally that the item in question is stolen. The person who may be the confidential informant indicated this, but then denied it.

On page 10 of the transcript at line 17, the informant supposedly states, in Spanish " these have all been stolen from the bodega where I work... "On page 12 of the transcript the informant states "Yeah, its not been stolen. It's not stolen, its not reported stolen. "

All three plaintiffs were arrested, and injured by the ten plus police who responded to the scene. No one there except the police were armed or committed any acts of violence, as can be seen in a video of the incident. Michael Pacheco Sr. was ambulating on crutches because of a wound to his foot due to a diabetic condition and forced to walk without same by the police. The summons he received for disorderly conduct was dismissed on the first return date. Michael Pacheco Jr. and Stephen Cummings were arrested and charged with Criminal Possession of Stolen Property and related charges. The Staten Island District Attorney was so impressed with the claims of the defendants that they declined prosecution of the latter two plaintiffs, but not before they had spent 24 hours in jail.

Thank you for your attention and consideration

MC/ll                                              Very Truly Yours,

                                                   This is an electronic signature

cc: Law Department                                        /s/
                                                   Michael Colihan

# EXHIBIT O

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788  (347) 742-5045

March 8, 2018.

The Honorable Peggy Kuo
United States District Court
for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

RE: Pacheco v the City of NY
14-cv-7581

Your Honor:

I represent the plaintiff in this action. I write this letter in compliance with the Court's
individual practices as per discovery motions. I represent the three plaintiffs in this action, who
are Michael Pacheco, Sr., Michael Pacheco, Jr. and Stephen Cummings.  There have been
representations by my adversary that she wishes to introduce evidence of phone conversations
between the plaintiff, Stephen Cummings, who has been incarcerated since June of last year and
in the custody of the New York City Department of Corrections since that time,  and his two co
plaintiffs, who are his father and brother.

My adversary has not identified the dates, times or lengths of said conversations. She has
not identified the way or manner in which one can know that the conversations are between the
plaintiffs and not other people.  We are at, this point, litigating a cipher.

It is true that there are times that prison officials can monitor telephone conversations
between inmates and third parties. The primary justification for this is prison security. These has
not been a shred of evidence to suggest that any of the plaintiffs have posed a threat to prison
security , to anyone or anything else. This is not the first time in this case the City has expressed
" security concerns" that turned out to be completely false. Alleging security threats against a
witness, my adversary managed to change the order of depositions. Not a word was heard in the
deposition testimony of the three plaintiffs to suggest that they were a threat to any witness, or
anyone else.

In addition to the fact that the alleged conversations are not identified by name, date,
location, speaker or method of identification, neither are the circumstances of their recording
shown as well. From my adversary's remarks at the pre motion telephone conference, it was
suggested that the incarcerated plaintiff, Mr. Cummings, somehow consented to the recording of
his conversations. Plaintiffs specifically contest this. In *United States v Amen* 831 F2d 373,( 2nd
Cir) the Court listed several ways that knowledge of the recording of conversation *might equal*
consent. In some cases, the inmate might be required to sign a paper proving knowledge and/ or
consent. If the defendants claim this they must be required to produce an original of such a
writing. In other cases there may be an audible warning at the beginning of the recording that the
conversation is being recorded; if the City wishes to rely on this it must produce the recorded

warning and match it with the conversation in question. In other cases, signs posted at the telephones used by inmates of which the conversations are recorded advise of the intrusion; the City must produced dated photos of same should they seek to rely upon such evidence.

Incarceration does not strip a person of all rights to privacy, and the inmate retains some First Amendment right to telephone access. Please see *Bureau of Prisons Disclosure of Recorded Inmate Telephone Conversations, January 14, 1997 Opinion for the Acting Assistant Attorney General, Criminal Division* . The Supreme Court has recognized that " prison walls do not form a barrier separating prison inmates from the protection of the Constitution... nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside" *Thornburgh v Abbot* 490 U.S. 410, 407 (1989)

Given the foregoing, it is not surprising that some Courts have taken the position that consent to monitoring is not voluntary because inmates have no choice but to forego telephone privileges. Please see *Langton v Hogan* 71 f. 3d 930, 939 . As stated by Justice Posner;

" Knowledge & consent are not synonymous... A person who walks by himself in a dangerous neighborhood late at night takes a risk of being robbed; he does not consent to being robbed". *United States v Daniels*, 902 F. 2d at 1245.

No reasonable person could seriously suggest that the City must not turn over recordings of conversations they seek to use against the plaintiffs. A party is absolutely entitled to a copy of his own statement. This would apply to a deposition transcript, grand jury minutes or anything else to be used at trial. As stated above, it would also be required to authenticate the recordings as described above. The plaintiff cannot accept any representations by the City as to these recordings without documentation .

There is a more basic reason for the Court to require the City to produce these recordings. Even if documented, and consensual, they may be probative of nothing at all in this case. This could be a tremendous savings of time for all concerned in this case, especially that of the Court! Inquiries as to Mr. Cummings commissary, food, health and family relations have no part in this matter.
The City has no good (or bad) reason not to disclose these recordings other than litigation by ambush and wastage of time, which it too often indulges in. In the case of *Patterson v the City of New York*, 14-cv 5330, the City did disclose all recordings between the plaintiff and third parties, and if memory serves, was required to do so. In closing, I respectfully request the City be required to identify with precision all recordings it seeks to use in this action, with all the supporting documentation as listed above.

Thank you for your attention and consideration

MC/ll                                                          Very Truly Yours,

                                                              This is an electronic signature

Michael Colihan

# EXHIBIT P

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

ANTHONY GREENE,

          **Plaintiff,**

  **- against -**

THE CITY OF NEW YORK, DETECTIVE
DAVID COWAN SH. # 1558, DETECTIVE
CHRISTOPHER SCHILLING, SH. # 6516,
DETECTIVE CARDINALE and POLICE
OFFICER JOHN DOE 1-10,

          **Defendants.**

-----------------------------------------------------X

**OPINION AND ORDER**

**12 Civ. 6427 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

> On August 22, 2012, Anthony Greene filed suit pursuant to 42 U.S.C.
§ 1983 ("section 1983") against the City of New York and several detectives with
the New York Police Department ("NYPD").  Plaintiff brought claims, *inter alia*,
for false arrest and violation of his civil rights under the Fourth Amendment.[1]
Approximately eight months later, in April 2013, the parties executed a Stipulation
and Order of Dismissal, thereby settling this action for $7,501 plus reasonable
attorneys' fees and costs.  Plaintiff now moves pursuant to 42 U.S.C. § 1988
("section 1988") seeking an award of $51,577.50 in attorneys' fees and $560.00 in

---

[1]      Plaintiff also brought claims for intentional infliction of mental and
emotional distress, negligent infliction of mental and emotional distress, as well as
a *Monell* claim against the City.

Case 1:14-cv-07581-RJD-PK   Document 128-1   Filed 07/01/19   Page 63 of 88 PageID
#: 912
Case 1:12-cv-06427-SAS   Document 30   Filed 10/25/13   Page 2 of 22

costs.  For the following reasons, plaintiff's motion is granted but not in the amount requested.

## I.    BACKGROUND

On August 1, 2011, plaintiff was arrested by detectives of the Brooklyn North Narcotics unit of the NYPD.[2]  Plaintiff was charged with possession of narcotics and remained in custody for approximately twenty-four hours.[3]  The charges against him were eventually dismissed.[4]  Plaintiff filed this lawsuit on August 12, 2012, alleging, *inter alia*, violations of his Fourth Amendment rights.  The case was docketed under the Court's Plan for Certain § 1983 Cases Against the City of New York ("Section 1983 Plan").

On January 31, 2013, plaintiff's counsel made a settlement demand for $40,000.[5]  A mediation session was held on February 21, 2013, during which defendants made a counteroffer of $5,000, inclusive of costs and fees.[6]  Contrary to the requirements of the Section 1983 Plan, plaintiff did not personally appear at the

---

[2]    *See* First Amended Complaint ("FAC") ¶ 10.

[3]    *See id.* ¶ 12.

[4]    *See id.* ¶ 16.

[5]    *See* 1/31/13 E-mail from plaintiff's counsel, Michael Colihan, to defendants' counsel, Tobias Zimmerman, Ex. A to the Declaration of Tobias E. Zimmerman in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees ("Zimmerman Decl.").

[6]    *See* Zimmerman Decl. ¶ 3.

2

Case 1:14-cv-07581-RJD-PK   Document 128-1   Filed 07/01/19   Page 64 of 88 PageID
#: 919
Case 1:12-cv-06427-SAS   Document 30   Filed 10/25/13   Page 3 of 22

mediation.[7]  Because of plaintiff's absence, the parties were unable to make any

progress toward settlement during that mediation session.[8]  Defendants made clear

that they were amenable to another mediation session if plaintiff would personally

attend.[9]  Plaintiff's counsel refused further mediation unless and until the City

recognized this case as "a 5 figure matter."[10]  Defendants refused to make such a

concession as a precondition to further mediation.  Plaintiff's counsel therefore

refused to return to mediation, accusing the City of bad faith.[11]

On March 22, 2013, the City served plaintiff with a Rule 68 Offer of

Judgment in the amount of $7,501.[12]  Although the offer was accepted on March

27, 2013, plaintiff did not file the Rule 68 Offer of Judgment with the Court.

Instead, plaintiff chose to negotiate a separate settlement agreement based on the

---

[7]      *See id.* ¶ 4.

[8]      *See id.*

[9]      *See id.  See also* 3/4/13 E-mail from Zimmerman to Colihan, Ex. B to
the Zimmerman Decl. ("I would be in favor of having a follow-up mediation
before the initial conference to see if we can make progress towards settlement.").

[10]     3/6/13 E-mail from Colihan to Zimmerman, Ex. C to the Zimmerman
Decl.

[11]     *See* 3/6/13 E-mail from Colihan to Zimmerman, Ex. D to the
Zimmerman Decl. ("I will have to pass on further mediation.  I don't think the City
is dealing in good faith, and frankly don't have time to waste in this fashion.").

[12]     *See* Ex. E to the Zimmerman Decl.

3

terms of the Rule 68 Offer of Judgment.[13] The parties then negotiated a settlement

agreement and submitted a stipulated Order of Dismissal, which I signed on April

9, 2013. Approximately one month later, plaintiff's counsel provided defendants

with a Statement of Services detailing the work he performed in this case.[14] In the

Statement of Services, plaintiff's counsel demanded $31,312.50 in legal fees (83.5

hours at $375 per hour) and $560 in costs.[15] Defendants offered $8,067.50 to settle

the attorneys' fees issue which consisted of 46.1 hours of compensable work at

$350 per hour, discounted by fifty percent for plaintiff's limited success, plus $560

in costs.[16] Plaintiff rejected defendants' offer and filed the instant motion for

attorneys' fees.

---

[13]     *See* 3/27/13 E-mail from Colihan to Zimmerman, Ex. F to the
Zimmerman Decl.

[14]     *See* 5/10/13 E-mail from Colihan to Zimmerman, Ex. G to the
Zimmerman Decl.

[15]     *See* 9/16/13 Statement of Services, Ex. H to the Zimmerman Decl., at
20.

[16]     *See* 6/28/13 Letter from Zimmerman to Colihan, Ex. I to the
Zimmerman Decl., at 3-4.

4

## II.     LEGAL STANDARD

### A.     Presumptively Reasonable Fee

A "prevailing party" in a civil rights action is entitled to an award of

attorneys' fees and costs.[17]  Furthermore, a prevailing party is also entitled to

reimbursement for time reasonably expended in preparing an attorneys' fee

application.[18]  A "prevailing party" is a party who achieves a "'material alteration

of the legal relationship of the parties'"[19]  "'The district court retains discretion to

determine . . . what constitutes a reasonable fee.'"[20]

---

[17]     *See* 42 U.S.C. § 1988(b) (stating that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in civil rights actions).  *See also Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) ("Although a district court typically has wide discretion in choosing whether to deny attorneys' fees, . . . this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust.").

[18]     *See Short v. Manhattan Apartments, Inc.*, No. 11 Civ. 5989, 2013 WL 2477266, at * 8 (S.D.N.Y. June 10, 2013) (citing *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees.")).

[19]     *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).

[20]     *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998), ellipsis in original).

5

        In determining the amount of a fee award, courts must calculate the

"lodestar" figure which represents the "presumptively reasonable fee."[21]  The

lodestar figure is calculated "by multiplying a reasonable hourly rate by the

number of reasonably expended hours."[22]  The Supreme Court has endorsed the

"lodestar" approach as the superior method in calculating  attorneys' fees for

several reasons.[23]

> First, a "reasonable" fee is a fee that is sufficient to induce
> a capable attorney to undertake the representation of a
> meritorious civil rights case. . . Second, the lodestar method
> yields a fee that is presumptively sufficient to achieve this
> objective. [Finally,] the lodestar figure includes most, if not
> all, of the relevant factors constituting a "reasonable"
> attorney's fee.[24]

---

[21]    *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010) (stating
that "the lodestar method produces an award that *roughly* approximates the fee that
the prevailing attorney would have received if he or she had been representing a
paying client who was billed by the hour in a comparable case) (emphasis in
original). *Accord Millea*, 658 F.3d at 166 ("Both this Court and the Supreme Court
have held that the lodestar – the product of a reasonable hourly rate and the
reasonable number of hours required by the case – creates a 'presumptively
reasonable fee.'").

[22]    *Bergerson v. New York State Office of Mental Health, Central New
York Psychiatric Center*, 652 F.3d 277, 289 (2d Cir. 2011).

[23]    *See Perdue*, 559 U.S. at 551.

[24]    *Id.* at 552 (quotation marks and citation omitted).

6

"In determining what fee is reasonable, the court takes account of

claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"[25]

"In so doing, 'the district court does not play the role of an uninformed arbiter but

may look to its own familiarity with the case and its experience generally as well

as to the evidentiary submissions and arguments of the parties.'"[26] "In reducing the

'lodestar' amount, the court may exclude the excessive and unreasonable hours

from its calculation by making an across-the-board reduction, or percentage cut, in

the amount of hours."[27]

### B.    Proportionality

There is no rule requiring proportionality between the amount of fees

requested and the damages recovered.  The Second Circuit has stated:

> While a court may, in exceptional circumstances, adjust the
> lodestar, it may not disregard it entirely.  Especially for
> claims where the financial recovery is likely to be small,
> calculating attorneys' fees as a proportion of damages runs
> directly contrary to the purpose of fee-shifting statutes:

---

[25]    *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

[26]    *Id.* (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)).

[27]    *T.S. Haulers, Inc. v. Cardinale*, No. 09 CV 0451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) (citing *Green v. City of New York*, 403 Fed. App'x 626, 630 (2d Cir. 2010) (stating that district courts are authorized "to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'") (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (internal quotation marks and citation omitted))).

7

assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded.[28]

"Reasoning that a rule calling for proportionality between the fee and the monetary amount involved in the litigation would effectively prevent plaintiffs from obtaining counsel in cases where deprivation of a constitutional right caused injury of low monetary value, [courts] have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation."[29]

## C. Degree of Success

"[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff."[30] "Hours spent on unsuccessful fee-shifting claims, like those spent on claims wholly ineligible for fee-shifting, must be excluded from the

---

[28]     *Millea*, 658 F.3d at 169 (citation omitted, emphasis in original).

[29]     *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) (citing cases). *Accord Torres v. Gristede's Operating Corp.*, 519 Fed. App'x 1, 5 (2d Cir. 2013) (citing *Kassim*, 415 F.3d at 252).

[30]     *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

reasonable hours spent on the case when calculating the lodestar."[31]  As recognized

by the Supreme Court, where

> a plaintiff has achieved only partial or limited success, the
> product of hours reasonably expended on the litigation as
> a whole times a reasonable hourly rate may be an excessive
> amount. This will be true even where the plaintiff's claims
> were interrelated, nonfrivolous, and raised in good faith.
> Congress has not authorized an award of fees whenever it
> was reasonable for a plaintiff to bring a lawsuit or
> whenever conscientious counsel tried the case with
> devotion and skill.  Again, the most critical factor is the
> degree of success obtained.[32]

The "degree of success" inquiry "is not limited to inquiring whether a plaintiff

prevailed on individual claims."[33]  "Both the quantity and quality of relief obtained,

as compared to what the plaintiff sought to achieve as evidenced in her complaint,

are key factors in determining the degree of success achieved."[34]  Accordingly, "a

district judge's authority to reduce the fee awarded to a prevailing plaintiff below

the lodestar by reason of the plaintiff's 'partial or limited success' is not restricted

---

[31]     *Millea*, 658 F.3d at 168.

[32]     *Hensley*, 461 U.S. at 436.

[33]     *Barfield*, 537 F.3d at 152.

[34]     *Id.* (quotation marks and citation omitted).

9

Case 1:14-cv-07581-RJD-PK   Document 128-1   Filed 07/01/19   Page 71 of 88 PageID
Case 1:12-cv-06427-SAS   Document 30   Filed 10/25/13   Page 10 of 22
#: 920

either to cases of multiple discrete theories or to cases in which the plaintiff won

only a nominal or technical victory."[35]

### D.   Hourly Rate

"To determine the reasonable hourly rate for each attorney, courts

must look to current market rates 'prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience, and reputation.'"[36] "A

review of precedent in the Southern District reveals that rates awarded to

experienced civil rights attorneys over the past ten years have ranged from $250 to

$600, and that rates for associates have ranged from $200 to $350, with average

awards increasing over time."[37]   In determining the presumptively reasonable

attorneys' fee award,

> the district court should, in determining what a reasonable,
> paying client would be willing to pay, consider factors
> including, but not limited to, the complexity and difficulty
> of the case, the available expertise and capacity of the
> client's other counsel (if any), the resources required to
> prosecute the case effectively (taking account of the

---

[35]   *Kassim*, 415 F.3d at 256.

[36]   *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL
1373118, at *2 (S.D.N.Y. May 8, 2007) (quoting *Gierlinger v. Gleason*, 160 F.3d
858, 882 (2d Cir. 1998)).

[37]   *Tatum v. City of New York*, No. 06 Civ. 4290, 2010 WL 334975, at *5
(S.D.N.Y. Jan. 28, 2010) (quotation marks and citation omitted). *Accord
Mugavero v. Arms Acres Inc.*, No. 03 Civ. 5724, 2010 WL 451045, at *5
(S.D.N.Y. Feb. 9, 2010).

resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.[38]

Accordingly, a reasonable hourly rate is "what a reasonable paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."[39] "The reasonable hourly rate for such calculation is determined by the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."[40] The reasonable rate is determined by "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include taking "judicial notice of the rates

---

[38]    *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162, 164 (2d Cir. 2007), *amended and superseded on denial of rehearing*, 493 F.3d 110 (2d Cir. 2007), *amended and superseded*, 522 F.3d 182, 184, 192 (2d Cir. 2008).

[39]    *Bergerson*, 652 F.3d at 289-90. *Accord Arbor Hill*, 522 F.3d at 190 ("The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.").

[40]    *Streck v. Board of Educ. of the East Greenbush Cent. Sch.. Dist.*, 408 Fed. App'x 411, 416 (2d Cir. 2010).

awarded in prior cases."[41]  The burden is on the movant to show "by satisfactory

evidence – in addition to the attorney's own affidavits – that the requested hourly

rates are the prevailing market rates."[42]

## III.   DISCUSSION

### A.   Counsel's Hourly Rate

In determining reasonable hourly rates for civil rights attorneys, this

Court has stated it is appropriate to determine whether the billing attorneys are

"more like members of a large New York City law firm than they are like members

of a nonprofit organization or a two to three-person obscure law firm."[43]  Plaintiff's

counsel, Michael Colihan, is a solo practitioner.[44]  In his fee motion, Colihan

requests $450 per hour, citing *Tatum v. City of New York* in support thereof.[45]  Yet

---

[41]     *Farbotko v. Clinton Cnty*, 433 F.3d 204, 209 (2d Cir. 2005).

[42]     *Id.*

[43]     *Wise v. Kelly*, 620 F. Supp. 2d 435, 446 (S.D.N.Y. 2008) (citing cases
awarding rates between $350-$430 per hour for experienced civil rights litigators).

[44]     The size of the law firm is a significant factor in determining the
relevant market rates. *See, e.g., Reiter v. Metropolitan Transp. Auth. of State of
New York*, No. 01 Civ. 2762, 2007 WL 2775144, at *7 (S.D.N.Y. Sept. 25, 2007)
("[T]he fact is that the large firms listed on the [National Law Journal] survey have
acquired a reputation that allows them to command high rates in the market.  Many
other firms, in particular smaller firms that may be providing equally capable
services, simply do not command anywhere near such rates . . . .").

[45]     In *Tatum*, the two charging attorneys were awarded the standard rates
they charged their clients, $400 and $450 per hour.  *See* 2010 WL 334975, at *5
(continued...)

12

Colihan has conceded that he has accepted rates of $325-$350 per hour from the City for "a number of years."[46]  Moreover, in the first Statement of Services served on the City, Colihan chose an hourly rate of $375 per hour.[47]

"A reasonable starting point for determining the hourly rate for purposes of a [presumptively reasonable fee] calculation is the attorney's customary rate."[48]  Although Colihan has not provided this Court with the actual hourly rate he charges his clients, I find the rate of $375 per hour is on par with rates charged by seasoned civil rights solo practitioners with comparable experience.  Accordingly, Colihan will be compensated for a reasonable number of hours at the rate of $375 per hour.

**B.    Number of Hours**

Colihan's time entries are presented in numbered paragraphs in the second Statement of Services, attached as Exhibit 1 to his undated Affirmation. The last page of the Statement of Services summarizes the total hours requested as

---

[45](...continued)
("Although the actual rate an attorney charges paying clients is persuasive evidence of reasonableness, compensable attorneys' fees must ultimately conform to market rates.").

[46]     Affirmation of Michael Colihan ("Colihan Aff.") ¶ 22.

[47]     *See* Statement of Services, Ex. H to the Zimmerman Decl., at 20.

[48]     *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003).

13

Case 1:14-cv-07581-RJD-PK   Document 128-1   Filed 07/01/19   Page 75 of 88 PageID
Case 1:12-cv-06427-SAS   Document 30   Filed 10/25/13   Page 14 of 22

follows: 102.4 attorney hours at $450 per hour, 3.3 paralegal hours at $125 per hour. Colihan also spent 11.3 hours on his reply memorandum of law, thus increasing his hours to 113.7 hours.[49]

A review of the Statement of Services reveals two basic categories of non-compensable time: (1) administrative work more properly performed by a paralegal, and (2) review of pleadings and documents in other cases. For example, the first category includes entries such as: "Visit to 5th floor clerk's office to order file on underlying criminal action at 120 Schermerhorn Street, Brooklyn, NY" and "Review ECF bounces." These entries describe work of an administrative nature that should have been done by a paralegal rather than an attorney charging $375 per hour. Accordingly, I am deducting 5.1 hours from Colihan's total hours (entries # 4, 5, 10, 12, 13, 14, 16, 19, 25, 26, 30, 68 and 69) but those hours will be compensated at the paralegal rate of $125 per hour.[50]

As for the second category, there are numerous entries relating to the review of pleadings and documents in unrelated cases which have settled. The first

---

[49]    *See* 9/29/13 Second Declaration of Michael Colihan in Support of This Application for Attorney's Fees ¶ 2.

[50]    In his Affirmation, Colihan asks that this time be billed at the rate of $150 per hour yet the "Paralegal rate" in the Statement is $125 per hour. *See* Affirmation of Michael Colihan ("Colihan Aff.") ¶ 28; Statement at 20. Because I find $150 per hour for administrative tasks to be excessive, paralegal work supported by detailed time entries will be compensated at the rate of $125 per hour.

14

Case 1:14-cv-07581-RJD-PK   Document 128-1   Filed 07/01/19   Page 76 of 88 PageID
Case 1:12-cv-06427-SAS   Document 80   Filed 10/25/13   Page 15 of 22
#: 730

such entry reads: "Read docket sheet, orders & stipulation of settlement in Gray v.

NYC, et al 08-cv-02210 (EDNY) where def Schilling is also a defendant settled for

$25,000.00."[51] Colihan has litigated nearly two hundred civil rights cases within

the Second Circuit, all of which but a "handful" were settled.[52]  Given his

experience, it is unclear why Colihan would need to review pleadings and

documents in a handful of other cases, even those where Detective Christopher

Schilling was named as a defendant.  Resort to outside materials seems completely

unnecessary given that this case settled at an early stage without any motion

practice.  In any event, it is highly unlikely that a reasonable client looking to

minimize the costs of his own litigation would pay for time spent by his attorney

reviewing unrelated case files.  The time entries for this type of work total 24.3

hours, all of which I am excluding as non-compensable time.  Thus, out of 113.7

total attorney hours charged, 84.3 attorney hours are included in the lodestar

calculation.  Only 5.1 paralegal hours are included as there is no supporting time

entry for the 3.3 hours listed in the Statement.   Accordingly, the lodestar amount,

before any across-the-board reduction is made, totals $32,250 [(84.3 hours x $375

per hour) + (5.1 hours x $125 per hour)].

---

[51]     Statement entry # 28.

[52]     Colihan Aff. ¶ 22 ("I have litigated over 115 civil rights matters in this
Court and an additional 80 in the US District Court for the Eastern District of New
York.").

C.    **Percentage Reduction for Limited Success, Duplication, and Excessiveness**

"There is a strong presumption that the lodestar figure represents the 'reasonable' fee, even when that figure is disproportional to the amount of damages obtained by the successful plaintiff."[53]  "Nevertheless, a court must still determine whether the plaintiff's level of success is so low as to warrant a reduction in the fee award[.]"[54]  Furthermore, a court can make a percentage reduction for claimed hours it views as excessive and unnecessary.  Here, a combined reduction of forty percent is warranted to account for plaintiff's limited success  and to eliminate excessive and redundant time charges.

According to plaintiff, his success was in no way limited by his acceptance of the $7,501 settlement, even though his original demand was for $40,000.  Plaintiff states that "[a] [settlement] of $7501.00 works out to over $312.00 per hour to be in jail, with no deduction for attorney's fees."[55]  In offering this calculation, plaintiff has implicitly conceded that the $7,501 settlement was compensation for his claims of false arrest and violation of Fourth Amendment

---

[53]    *Anderson v. City of New York*, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001) (citing *Grant v. Martinez*, 973 F.2d 96, 101-02 (2d Cir. 1992)).

[54]    *Id.*

[55]    Plaintiff's's [sic] Reply Memorandum of Law in Support of His Motion for Attorney's Fees ("Reply Mem.") at 7.

16

rights. But plaintiff brought three other claims in his First Amended Complaint: intentional infliction of emotional distress, negligent infliction of emotional distress, and a *Monell* violation. While the emotional distress claims can be seen as interrelated to the false arrest claim, the *Monell* claim is a distinct and separate claim. "Although full fees may be awarded to a partially prevailing plaintiff when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case."[56]

In addition to plaintiff's limited success, there is considerable duplication of time entries in Colihan's Statement of Services. For example, on March 12, 2013, Colihan charged 1.10 hours for the following work: "I prepared the first amended complaint to include the names of additional defendants with copies to my adversary ACC Zimmerman and the Clerk of the USDC SDNY I also reviewed and marked the file".[57] This exact entry appears verbatim on March 21, 2013.[58] In addition, entry number 84 appears verbatim as entry number 87 and

---

[56]     *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004) (citing *Hensley*, 461 U.S. at 435-37).

[57]     Statement at 14.

[58]     *See id.* at 18.

17

entry number 85 is repeated verbatim in entry number 88.[59] This sort of double-billing is especially troublesome to the Court.

Finally, an across-the-board reduction is needed to trim the fat from plaintiff's fee request.[60] "Courts in this Circuit are permitted to reduce an excessive fee request by making an across-the-board percentage [reduction] for redundant or otherwise unnecessary hours."[61] The total number of compensable attorney hours (84.3 hours) is simply too high for the amount of work expended by counsel. In this case, there were no depositions or motions. Furthermore, there was only one mediation session and one initial conference before this Court. By comparison, the Assistant Corporation Counsel assigned to this case, who was the

---

[59]    *See id.* at 15.

[60]    *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (court should "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application"); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application" courts may apply across-the-board percentage reductions); *American Camping Ass'n v. Camp Shane*, No. 06 Civ. 716, 2006 WL 1982770, at *2-*4 (S.D.N.Y. June 16, 2006) (approving significant across-the-board reduction where matter was overstaffed); *General Electric Co. v. Compagnie Euralair, S.A.*, No. 96 Civ. 884, 1997 WL 397627, at *6 (S.D.N.Y. July 3, 1997) (reducing the fee request by fifty percent for, inter alia, excessive and duplicative hours billed).

[61]    *Builders Bank v. Rockaway Equities, LLC*, No. CV 2008–3575, 2011 WL 4458851, at *9 (E.D.N.Y. Sept. 23, 2011).

only attorney billing time, spent approximately thirty-five hours on this litigation.[62]

Colihan spent an astonishing 37.5 hours on the instant fee application alone.[63]  A

percentage reduction is clearly needed to adjust for Colihan's heavy-handed time

entries.

Therefore, in my discretion, I find that an across-the-board percentage

reduction of forty percent is needed given the combination of plaintiff's limited

success and Colihan's often repetitive and excessive time charges.  Accordingly,

plaintiff is hereby awarded $18,967.50 in attorneys' fees [(84.3 hours x $375 per

hour x 60%) + (5.1 hours x $125 per hour)].

### D.   Costs

An award of costs under section 1988 "normally include[s] those

reasonable out-of-pocket expenses incurred by the attorney and which are normally

charged fee-paying clients."[64]  "The rationale for this rule is that attorney[s'] fees

---

[62]   *See* Zimmerman Decl. ¶ 14.  Plaintiff's characterization of this
statement as a "conclusory statement," Reply Mem. at 7, is misplaced.  Because
ACC Zimmerman is an officer of the Court, statements he makes in a sworn
declaration are presumed to be truthful.

[63]   Colihan charged a total of 15.9 hours on legal research for this
motion.  This seems unreasonably high for an experienced civil rights attorney like
Colihan who has filed numerous attorneys' fees motions in the past and is therefore
familiar with the law in this area.

[64]   *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278,
(continued...)

19

include expenses that are 'incidental and necessary' to the representation, provided

they are 'reasonable.'"[65] Accordingly, "[i]dentifiable, out-of-pocket disbursements

for items such as photocopying, travel, and telephone costs are generally taxable

under § 1988 and are often distinguished from nonrecoverable routine office

overhead, which must normally be absorbed within the attorney's hourly rate."[66]

Here, plaintiff is seeking $560 in costs which consists of a $350 filing

fee and a service fee of $210. These amounts appear reasonable and will be

included in plaintiff's fee award.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff is hereby awarded attorneys' fees

of $18,967.50  and costs of $560, for a total award of $19,527.50. The Clerk of the

Court is directed to close plaintiff's motion for attorneys' fees and costs (Docket

Entry # 17).

---

[64](...continued)
283 (2d Cir. 1987) (citation marks and citation omitted). *Accord Weyant*, 198 F.3d
at 316 (stating that "a reasonable fee should be awarded for time reasonably spent
in preparing and defending an application for § 1988 fees") (citing cases).

[65]     *Reichman*, 818 F.2d at 283 (quoting *Northcross v. Board of Educ.*,
611 F.2d 624, 639 (6th Cir. 1979)).

[66]     *Kuzma v. I.R.S.*, 821 F.2d 930, 933-34 (2d Cir. 1987) (citing cases).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 25, 2013

21

- Appearances -

**For Plaintiff:**

Michael Colihan, Esq.
44 Court Street, Suite 906
Brooklyn, NY 11201
(718) 488-7788

**For Defendants:**

Tobias E. Zimmerman
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 356-2661

# EXHIBIT Q

Case 1:14-cv-07581-RJD-PK    Document 128-1    Filed 07/01/19    Page 85 of 88 PageID
#: 933
Case 1:14-cv-05852-LTS    Document 134    Filed 02/02/17    Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVIN PIETILA and MIRANDA-JEAN
BENNETT-MORALES,

        Plaintiffs,

    -v-                            No. 14-cv-5852-LTS

CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------x

ORDER

        In this excessive force action brought against the City of New York and other

defendants under federal civil rights law, Plaintiff Miranda-Jean Bennett-Morales ("Plaintiff")

ultimately accepted a Rule 68 offer from the Defendant City of New York ("Defendant").  On

November 21, 2016, Mr. Michael Colihan, counsel for Plaintiff, filed a motion for attorney's

fees pursuant to 42 U.S.C. § 1988(b), seeking $8,300 in attorneys' fees at an hourly rate of $400

for 21.3 hours of work.  (Docket Entry No. 123.)  On December 21, 2016, Defendant City of

New York filed a memorandum in opposition to Mr. Colihan's request, asserting, based on

objections regarding the quality and quantity of Mr. Colihan's work, that the proper total

attorneys' fees reward is $3,500 at an hourly rate of $200 for 17.5 hours of work.  (Docket Entry

No. 130.)  On December 29, 2016, Mr. Colihan submitted a reply memorandum of law to the

Court.  (Docket Entry No. 132.)  The Court has carefully reviewed and considered all

submissions.

        This court has discretion to allow the prevailing party, other than the United

States, a reasonable attorneys' fee as part of the costs of prosecuting an action to enforce

provisions of certain sections of federal civil rights laws. 42 U.S.C. § 1988(b). "A party that

accepts a Rule 68 offer is considered a 'prevailing party' under Section 1988." Coakley v.

Webb, 2016 U.S. Dist. LEXIS 30780, at *6-7 (S.D.N.Y. Mar. 9, 2016). Courts may determine a

"presumptively reasonable fee" by calculating "the lodestar–the product of a reasonable hourly

rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R., 658

F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "To determine the

currently prevailing reasonable rate, courts look first to the lawyer's level of experience." G.B.

v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415 (S.D.N.Y. 2012) (quotation marks and

citation omitted). Courts in this district have determined that $300–450 constitutes a range of

hourly rates that is reasonable for attorneys with experience commensurate with that of Mr.

Colihan, who has practiced law for 32 years. See Spencer v. City of N.Y., 2013 U.S. Dist.

LEXIS 161693, at *15-18 (S.D.N.Y. Nov. 12, 2013).

Having carefully considered the arguments made and factual proffers by both Mr.

Colihan and the Defendant, this Court finds that the requested hourly rate of $400 is excessive in

relation to the nature of the work performed in this case by Mr. Colihan. The Court will use an

hourly rate of $350, which the Court finds appropriate for Mr. Colihan's work in the above-

captioned matter and reasonable and consistent with market rates previously determined by

courts in this district, in setting the fee award. See Spencer, 2013 U.S. Dist. LEXIS 161693, at

*15-18.

The Court has reviewed Mr. Colihan's submitted billing materials, and finds that

21.3 hours of compensable time is reasonable in light of the activity in the above-captioned

litigation.

Therefore, Plaintiff's motion is granted and Mr. Colihan is hereby awarded

attorneys' fees totaling **$7,455**, for **21.3 hours of work at the rate of $350 per hour**.

This Order resolves Docket Entry No. 123.  Defendant is directed to make prompt payment to Mr. Colihan.


SO ORDERED.


Dated: New York, New York
      February 2, 2017

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

# EXHIBIT R